1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11  JAMES P. DeFAZIO,

12          Plaintiff,
        v.                          NO. CIV. S-04-1358 LKK/GGH
13
    HOLLISTER, INC., Plan
14  Administrator; et al.,                  O R D E R

15          Defendants.

16  _____/

17        Plaintiffs James P. Defazio, Kathleen Ellis, Brenda Dimaro,

18  Hallie Lavick, and Michael McNair (plaintiffs), brought suit

19  against defendants Hollister Incorporated, the Firm of John

20  Dickinson Schneider, Inc., the Hollister Employee Share Ownership

21  Trust, Samuel Brilliant, James A. Karlovsky, James J. McCormack and

22  Richard T. Zwirner (defendants) alleging various violations under

23  the Employee Retirement Income Security Act of 1974 ("ERISA"; 29

24  U.S.C. §1001 et seq.).  Pending before the court is defendants'

25  motion to vacate Judge David Levi's January 9, 2007 order

26  reassigning the DeFazio case back to this court.

                              1

1                                  **I.**

2                              **Background**

3        The court briefly sets forth the background facts relevant to

4   the recusal order and subsequent reassignment of the pending case.

5   This court initially disqualified itself when it learned that the

6   law firm of Porter, Scott, Weiberg & Delehant (attorneys for

7   plaintiff Kathleen Ellis in the above captioned case) was

8   representing the Sacramento Public Defenders' Office in a Section

9   1983 case.  <u>See</u> Order of Recusal, September 12, 2006.  The judge's

10  wife, a public defender for the County, was a named defendant.  The

11  case, <u>Ware v. Sacramento County et. al.</u>, 06-00913 RRB, has since

12  been dismissed and the time for appeal has expired.  Soon

13  thereafter, the pending case was reassigned to this court.  <u>See</u>

14  Reassignment Order, January 9, 2007.  Defendants' now seek to

15  vacate the reassignment order.[1]

16                                 **II.**

17                              **Standard**

18       It is well established that in deciding whether recusal is

19  appropriate under § 455(a), "what matters is not the reality of

20  bias or prejudice but its appearance.  Quite simply and quite

21  universally, recusal was required whenever 'impartiality might

22  reasonably be questioned.'" <u>Liteky v. United States</u>, 510 U.S. 540,

23  _____

24       [1]  At the time defendants' filed their motion to vacate, the
    reason for this court's initial recusal had not yet been disclosed.
25  On February 7, 2007, after defendants' filed their motion, this
    court issued an order which set forth the reasons for the recusal.
26  Defendants respond to the February 7th order in their reply brief.

548 (1994)(internal citations omitted).  Under Section 455(a),
recusal is required "'if a reasonable person, knowing all the
circumstances, would expect that the judge would have actual
knowledge' of his interest or bias in the case." Sao Paulo of Fed.
Repub. v. American Tobacco Co., 535 U.S. 229, 232-33 (2002)
(quoting Liljeberg v. Health Services Acquisition Corp., 486 U.S.
847 (1988)).  In general, a judge, "once having disqualified
himself for cause, on his own motion," should not subsequently
resume full control of the proceeding. Stringer v. United States,
233 F.2d 947, 948 (9th Cir. 1956).

### III.

### Analysis

Defendants' motion to vacate is premised on the general rule
that a judge should not resume control of a case once he has
recused himself.  For the reasons set forth below, defendants'
motion will be granted.[2]

In Stringer v. United States, the trial court judge
disqualified himself for an unknown reason and then some time
later, the case was reassigned to him.  The Ninth Circuit found
this to be an incurable error:  "In our judgment, once having
disqualified himself for cause, on his own motion, it was incurable
error for the district judge to resume full control and try the
case."  233 F.2d at 948 (9th Cir. 1956).  In a footnote, however,
the Stringer court also stated that,

---

[2] Whether it should be granted is quite another matter.

> [t]here may be other instances where a judge disqualifying himself could resume direction or even decide the issues. For instance, he might be mistaken as to the identity of a party.  But the reason for resuming control should be more than a second reflection on the same facts which the trial judge considered originally disqualified him.

Id. at 948, n. 2.

Defendants argue that the court should follow Stringer's holding and not retain control of the case.  Plaintiffs, on the other hand, rely on the Stringer footnote for support and contend that resuming control is proper because the conflict of interest no longer exists.  While plaintiffs present a compelling argument, the court concludes that recusal is the more prudent course of action.

The First and Fifth Circuits also addressed the issue of whether a judge, once recused, should resume control of a case. Citing Stringer, the First Circuit held that a district court judge should not have retaken control of a case after having recused herself.  El Fenix de Puerto Rico v. The M/Y Johanny, 36 F.3d 136, 141 (1st Cir. 1994).  The court went on to state that, while "it may be arguable that this reasoning does not control the distinct question whether an improvident recusal order may be revisited by the recused judge absent a proper waiver under subsection 455(e), [the court was] aware of no such authority for such a position." Id. at 141-42.

The Fifth Circuit reached a similar conclusion in Doddy v. Oxy U.S.A., Inc., in which the judge recused herself and then determined that she need not have done so. 101 F.3d 448 (5th Cir.

4

1  1996).   In concluding that the judge should not resume control of
2  the case, Doddy addressed the Stringer footnote: "[The court]
3  doubt[s] the value of this footnote.  First, it cites no authority
4  for its conclusion.   Indeed, it seems to conflict with the
5  overwhelming body of case law that suggests that judges can do
6  nothing after recusal other than transfer their case to another
7  judge." Id. at 458.  Clearly, the First and Fifth Circuits follow
8  Stringer's holding, rather than the possibility left open in its
9  footnote.

10     While not binding on this court, other sources provide
11  additional guidance.  First, various state courts have determined
12  that once a judge recuses himself, it is improper for the judge to
13  resume control of the case.  See, e.g., Payton v. State, 937 So.2d
14  462, 465 (Miss. App. 2006) ("The State has cited to [the court] no
15  authority which contradicts the proposition that, once recused, a
16  judge should take no further action in the case."); Margulies v.
17  Margulies, 528 So.2d 957, 960 (Fla. App. 3 Dist. 1988) (citing
18  Stringer to support its contention that, "in the few cases
19  regarding this issue . . . , the rule has been followed
20  unwaveringly").

21     Secondary authority also provides support for defendants'
22  position. See, e.g., 13A Charles Alan Wright & Arthur R. Miller,
23  Federal Practice and Procedure § 3550 (3rd Ed. 2003)("If the judge
24  concludes that he is disqualified he should take no other action
25  in the case except the necessary ministerial acts to have the case
26

1    transferred to another judge.")[3]

2        In light of the guiding cases on point, it seems that once a

3 judge recuses himself, he should not resume control of the case.

4 In the case at bar, the court's initial reason for disqualification

5 is no longer present.   However, in an abundance of caution, this

6 court will follow the prudent course of action and not resume

7 control of the case.

8                    **IV. Conclusion**

9        The motion to vacate is GRANTED and the matter is REFERRED to

10 the Chief Judge for reassignment.

11        IT IS SO ORDERED.

12        DATED: March 27, 2007.

13

14

15                          LAWRENCE K. KARLTON
                         SENIOR JUDGE

16                          UNITED STATES DISTRICT COURT

17

18

19

20

21

22

23

24

25        [3] All the above conflicts with a judge's duty to decide the
case properly before the judge, and not to unreasonably burden his

26 colleagues.