UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JAMES P. DeFAZIO, et al.,

        Plaintiffs,

v.

HOLLISTER, INC.; et al.,

        Defendants.

NO. CIV. S-04-1358 WBS GGH
NO. CIV. S-05-0559 WBS GGH
NO. CIV. S-05-1726 WBS GGH
CONSOLIDATED

MEMORANDUM AND ORDER RE:
MOTION FOR PRECLUSION OF
FURTHER SOLICITATION BY
PLAINTIFFS' COUNSEL

----oo0oo----

What has provoked the motion before the court are two unsolicited letters sent recently to Hollister employees by counsel for the majority of plaintiffs, Scottlynn J. Hubbard IV ("Hubbard"). In the first letter, sent June 1, 2005, Hubbard stated that his firm "has experience representing participants and beneficiaries of the Hollister Employee Share Ownership Trust ["HolliShare"] in litigation based on a breach of a fiduciary

1

1  duty in the valuation and sale of plan assets."  The letter goes
2  on to say that the recipient "may be the victim of such a
3  breach."
4       Hubbard's solicitation also touts the experience of his
5  firm:  "As a boutique law firm with almost thirty years of
6  experience, we specialize in federal litigation and helping those
7  in need."  It concludes with a statement that his firm would be
8  available to help the recipient with any similar claims the
9  recipient "may" have and mentions how to contact the firm.
10      The first problem with this letter is that at the time
11 it was written Hubbard had experience representing just one
12 participant and beneficiary, not "participants and
13 beneficiaries," of HolliShare.  The second problem is that it
14 suggests to the reader that Hubbard's firm has almost thirty
15 years experience in handling ERISA claims similar to the ones
16 solicited in the letter.  Although his firm has almost thirty
17 years experience, that experience is in access cases under the
18 Americans with Disabilities Act, not in ERISA cases.
19      The second letter, sent April 9, 2007, advises the
20 recipient that Hubbard's firm is representing participants and
21 beneficiaries in this case against Hollister and related
22 individuals.  The biggest problem with this letter is that it
23 attached a hard copy of a document entitled "Second Amended
24 Complaint," which had not yet even been filed, and a CD-ROM
25 containing that and other documents, alleging "acts of fraud and
26 concealment against Hollister's management, which were only
27 recently discovered, and breaches of fiduciary duty that have
28 substantially reduced the value of HolliShare."

2

1       Defendants now move the court for an order precluding
2 further solicitation of Hollister employees by plaintiffs'
3 counsel.  Defendants request that the court invoke its inherent
4 powers to require that plaintiffs' counsel submit any proposed
5 solicitation to the court for approval prior to the transmittal
6 of the communication to any Hollister employee to ensure that
7 such communications do not violate California Rule of
8 Professional Conduct 1-400.

## Discussion

10       A federal court has inherent powers to do what may be
11 necessary to carry out its designated functions.  Thus, for
12 example, the Supreme Court has noted that

> Courts of justice are universally acknowledged to be
> vested, by their very creation, with power to impose
> silence, respect and decorum, in their presence, and
> submission to their lawful mandates.

16 Chambers v. NASCO, 501 U.S. 32, 43 (1991) (quoting Anderson v.
17 Dunn, 19 U.S. 204, 227 (1821)).

18       What defendants ask the court to do now does not
19 involve the decorum of the courtroom or disobedience to a court
20 order.  Instead, it involves enforcement of the standards of
21 professional conduct required of members of the State Bar of
22 California and contained in the Rules of Professional Conduct of
23 the State Bar of California.  Particularly, defendants' want the
24 court to intervene in the communications between Hubbard and
25 third parties which have the effect of neither disrupting nor
26 interfering with the orderly functioning of the court.

27       The court's inherent authority does extend to the power
28 to "control admission to its bar and to discipline attorneys who

3

appear before it." Id. at 43 (citing Ex parte Burr, 22 U.S. 529, 531 (1824)).[1] However, particularly when it comes to disciplining attorneys for acts committed outside of the actual court processes, that power should be exercised "with restraint and discretion." Id. at 44.

The State Bar has the power and ability to discipline its members for violations of the California Rules of Professional Conduct. It has the mechanisms and personnel set up specifically for doing that. It is far better equipped and qualified to exercise that function than is a federal judge who has neither engaged in the practice of law himself nor been directly subjected to the standards governing the conduct of lawyers for nearly 17 years.

It used to be unethical for lawyers to advertize at all. The very idea of touting one's own skills and abilities, or soliciting people to bring lawsuits, used to be considered unprofessional. Apparently, those ideas are now archaic. Today, there appears to be little if any distinction between what lawyers are permitted to do and what used car salesmen do to drum

---

[1] In this district, Local Rule 83-180(e) further provides that
> Every member of the Bar of this Court, and any attorney permitted to practice in this Court under subsection (b) shall become familiar with and comply with the standards of professional conduct required of members of the State Bar of California and contained in the State Bar Act, the Rules of Professional Conduct of the State Bar of California and decisions of any Court applicable thereto, which are hereby adopted as standards of professional conduct in this Court . . . . No attorney admitted to practice before this Court shall engage in any conduct which degrades or impugns the integrity of the Court or in any manner interferes with the administration of justice.

4

1  up business.  The State Bar is far better informed and equipped
2  than this court to deal with defendant's complaints.
3        What defendants ask this court to do extends far beyond
4  the purview of its responsibilities.  Under defendants' proposal
5  the court would have to proofread and correct all of Hubbard's
6  correspondence to his targeted clientele.  Presumably, in order
7  to maintain the adversary process, before approving any
8  correspondence the court would also invite a response from
9  defendants and consider their suggestions.  This the court will
10 not do.
11       IT IS THEREFORE ORDERED that defendants' motion for an
12 order precluding further solicitation of Hollister employees by
13 plaintiffs' counsel be, and the same hereby is, DENIED.
14 DATED: June 28, 2007

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE