IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES P. DEFAZIO,

       Plaintiff,                  No. CIV S-04-1358 DFL GGH

  vs.

HOLLISTER, INC., et al.,       ORDER

       Defendants.

_____/

KATHLEEN ELLIS,

       Plaintiff,

  vs.

HOLLISTER INC., et al.,

       Defendants.

_____/

BRENDA DIMARO and
HOLLIE LAVICK,
       Plaintiffs,

  vs.

HOLLISTER, INC., et al.,

       Defendants.

_____/

1

1  On October 19, 2006, the undersigned heard various discovery motions by the
2 parties. Recognizing at that hearing that a discovery plan was necessary, the undersigned tasked
3 the parties with attempting to propose a joint discovery plan. The parties submitted that
4 proposed plan in November 2006.
5  A temporary discovery stay was quickly issued by the undersigned so that a
6 discovery plan order could be finalized. The undersigned immediately commenced work on
7 fashioning a discovery plan order. At that time the undersigned observed in his draft:

> Preparation of a discovery order in these captioned actions is a daunting task. The claims are not at issue in that motions to dismiss remain pending and motions as are motions to amend the complaint(s). The roster of plaintiffs may increase as may the roster of defendants. Not all plaintiffs counsel are the same, and differing counsel may not share litigation strategies. Motions to compel discovery are outstanding and the expressed need for a protective order is apparent. The longstanding aphorism of the difficulty in hitting a moving target applies to preparation of this discovery order. Nevertheless, one must be issued else this litigation will devolve into chaos.

14 That non-finalized observation was prophetic in part. Soon, Judge Levi stayed all discovery
15 indefinitely, or at least, pending resolution of motions to dismiss. Prior to resolution of those
16 motions, the case was transferred back to the initially assigned judge (Judge Karlton) who, after
17 motions by defendants, recused himself once more because of the rule "once recused always
18 recused." Thereafter Judge Shubb was assigned the case with Judge Levi's discovery stay still in
19 effect. The continuing effect of Judge Levi's stay order became muddled, when without
20 resolution of the initial motions, plaintiffs, by stipulation, filed a Third Amended Complaint on
21 June 29 and 30 (different plaintiffs have different complaints) naming new parties (at least some
22 who had been previously dismissed) and seemingly asserting additional theories or claims (at
23 least the Third Amended Complaints are very lengthy).
24  The undersigned now notes that Judge Shubb has placed this case on calendar for
25 scheduling conference. Thus, the undersigned finds himself even back before square one in
26 terms of preparing a discovery plan order. Without knowing the parameters of discovery in

1  terms of discovery cutoff date, discovery motion cutoff date, and expert disclosure cutoff date,
2  creation of a plan for discovery would be an idle act.  The duration of discovery permitted will
3  have an influential if not controlling effect on number of interrogatories allowed, number and
4  length of depositions, phasing of discovery as requested by plaintiffs as well as the type and
5  depth of electronic discovery.
6          However, the undersigned will expeditiously issue a protective order applying to
7  this case without awaiting the scheduling conference order.
8          The undersigned is cognizant of plaintiffs' legitimate desire to get discovery under
9  way.[1]  However, this desire does not warrant the undersigned's issuance of a discovery plan at
10 this time which may well have to be soon scrapped after the scheduling conference.[2]
11 Dated: 8/29/07
                                            /s/ Gregory G. Hollows
12                                          _____
                                            UNITED STATES MAGISTRATE JUDGE
13
   defazio.ord2

---

[1] Initial disclosures have already been made for most parties.

[2] Unless ordered by Judge Shubb, the issuance of a discovery plan order will not await resolution of any motions to dismiss the Third Amended Complaint.