# Item 3

# Defendants' Appendix Of Certain Documents Referred To In The Third Amended Complaints

Certificate Number_____20873



**To all to whom these Presents Shall Come, Greeting:**

Whereas, *Articles of amendment to the Articles of Incorporation* and Restated Articles of Incorporation *duly signed and verified of*

THE FIRM OF JOHN DICKINSON SCHNEIDER, INC.

*have been filed in the Office of the Secretary of State, on the* 6th *day of* May *A.D. 19 74, as provided by "* THE BUSINESS CORPORATION ACT" *of Illinois, in force July 13, A.D. 1933.*

*Now Therefore, I,* MICHAEL J. HOWLETT, *Secretary of State, of the State of Illinois, by virtue of the powers vested in me by law, do hereby issue this certificate of amendment, and attach thereto a copy of the* and Restated Articles of Incorporation *the Articles of Incorporation of the aforesaid corporation.*

**In Testimony Whereof,** *I hereto set my hand, and cause to be affixed the Great Seal of the State of Illinois, Done at the City of Springfield this* 6th *day of* May *A.D. 19 74 and of the Independence of the United States the one hundred and* 98th.

(SEAL)

Michael J. Howlett

SECRETARY OF STATE.

FORM BCA-55

(File in Duplicate)

(Do not write in this space)
Date Paid 5-6-74
License Fee        $
Franchise Tax      $
Filing Fee         $ /00.00
Clerk  β

# ARTICLES OF AMENDMENT
## TO THE
# ARTICLES OF INCORPORATION
OF

**3145 17**

The Firm of John Dickinson Schneider, Inc.

(Exact Corporate Name)

To MICHAEL J. HOWLETT
Secretary of State
Springfield, Illinois

The undersigned corporation, for the purpose of amending its Articles of Incorporation and pursuant to the provisions of Section 55 of "The Business Corporation Act" of the State of Illinois, hereby executes the following Articles of Amendment:

ARTICLE FIRST: The name of the corporation is:

The Firm of John Dickinson Schneider, Inc.

ARTICLE SECOND: The following amendment or amendments were adopted in the manner prescribed by "The Business Corporation Act" of the State of Illinois:

The Corporation's Articles of Incorporation as previously amended and restated, were further amended and restated to read as follows:

(The attached seven consecutively numbered pages are hereby incorporated by reference.)



PAID

MAY 7 1974

(Disregard separation into classes if class voting does not apply to the amendment voted on.)

ARTICLE THIRD: The number of shares of the corporation outstanding at the time of the adoption of said amendment or amendments was_____ _____785,734_____; and the number of shares of each class entitled to vote as a class on the adoption of said amendment or amendments, and the designation of each such class were as follows:

| Class | Number of Shares |
|---|---|
| Preferred | 712,600 |
| Common | 73,134 |

(Treasury Shares   349,366)

(Disregard separation into classes if class voting does not apply to the amendment voted on.)

ARTICLE FOURTH: The number of shares voted for said amendment or amendments was_____785,199_____; and the number of shares voted against said amendment or amendments was_____0_____.

The number of shares of each class entitled to vote as a class voted for and against said amendment or amendments, respectively, was:

| Class | Number of Shares Voted | |
|---|---|---|
| | For | Against |
| Preferred | 712,600 | 0 |
| Common | 72,599 | 0 |

(Disregard these items unless the amendment restates the articles of incorporation.)

Item 1. On the date of the adoption of this amendment, restating the articles of incorporation, the corporation had 1,135,100 shares issued, itemized as follows:

| Class | Series (If Any) | Number of Shares | Par value per share or statement that shares are without par value |
|---|---|---|---|
| Preferred | None | 712,600 | $1.00 per share |
| Common | None | 422,500 | $1.00 per share |

Item 2. On the date of the adoption of this amendment restating the articles of incorporation, the corporation had a stated capital of $ 1,135,100.00 and a paid-in surplus of $ 109,840.39 or a total of $ 1,244,940.39

(Disregard this Article where this amendment contains no such provisions.)

ARTICLE FIFTH: The manner in which the exchange, reclassification, or cancellation of issued shares, or a reduction of the number of authorized shares of any class below the number of issued shares of that class, provided for in, or effected by, this amendment, is as follows:

Inapplicable

(Disregard this Paragraph where amendment does not affect stated capital or paid-in surplus.)

ARTICLE SIXTH: Paragraph 1: The manner in which said amendment or amendments effect a change in the amount of stated capital or the amount of paid-in surplus, or both, is as follows:

Inapplicable

(Disregard this Paragraph where amendment does not affect stated capital or paid-in surplus.)

Paragraph 2: The amounts of stated capital and of paid-in surplus as changed by this amendment are as follows:

|  | Before Amendment | After Amendment |
|---|---|---|
| Stated capital.......$ |  | $ |
| Paid-in surplus......$ |  | $ |

Inapplicable

IN WITNESS WHEREOF, the undersigned corporation has caused these Articles of Amendment to be executed in its name by its ____Vice____ President, and its corporate seal to be hereto affixed, attested by its ____Secretary, this ____29th____ day of ____April____, 19__74__.

The Firm of John Dickinson Schneider, Inc.

(Exact Corporate Name)

Place
(CORPORATE SEAL)
Here

By _____

Its ____Vice____ President

William E. Kuehn

ATTEST: _____

Its ____Secretary____

Richard T. Zwirner

STATE OF ____Illinois____ } ss.
COUNTY OF ____Cook____

I, _____ a Notary Public, do hereby certify that on the ____29th____ day of ____April____ 19__74__, ____William E. Kuehn____ personally appeared before me and, being first duly sworn by me, acknowledged that he signed the foregoing document in the capacity therein set forth and declared that the statements therein contained are true.

IN WITNESS WHEREOF, I have hereunto set my hand and seal the day and year before written.

Place
(NOTARIAL SEAL)
Here

_____
Notary Public

My Commission Expires Nov. 26, 1977

Form BCA-55

Box ____3644____ File ____7767____

ARTICLES OF AMENDMENT
to the
ARTICLES OF INCORPORATION
of
The Firm of
John Dickinson Schneider, Inc.

FILED

MAY 6 1974

Michael J. Howlett
Secretary of State

FILE IN DUPLICATE

Filing Fee $25.00

Filing Fee for Re-Stated Articles $100.00

(49795-SDM-3-73)

RESTATED ARTICLES OF INCORPORATION

OF

The Firm of JOHN DICKINSON SCHNEIDER, Inc.

ARTICLE ONE

The name of the Corporation is The Firm of JOHN DICKINSON SCHNEIDER, Inc. The Corporation was incorporated on October 11, 1956, under the name of The Firm of JOHN DICKINSON SCHNEIDER, Inc.

ARTICLE TWO

The address of the Corporation's registered office in Illinois is 211 East Chicago Avenue, Chicago, Illinois 60611, and the name of its registered agent at such address is Richard T. Zwirner.

ARTICLE THREE

The duration of the Corporation is perpetual.

ARTICLE FOUR

The purpose or purposes for which the Corporation is organized are:

To purchase and otherwise acquire, manufacture and otherwise produce, own and otherwise invest in, use, sell and otherwise dispose of, and generally trade and deal in, goods, wares, merchandise, other personal property and services of every kind and description;

To purchase, take, receive, subscribe for or otherwise acquire, own, hold, vote, use, employ, sell, mortgage, lend, pledge or otherwise dispose of, and otherwise use and deal in and with, shares or other interests in, or obligations of, other corporations, firms, partnerships and proprietorships;

To purchase, take, receive or otherwise acquire, own, hold, transfer or otherwise dispose of, shares of the Corporation in accordance with the Illinois Business Corporation Act and these Restated Articles of Incorporation; and

To have and exercise such other powers conferred upon corporations formed under the Illinois Business Corporation Act as are necessary and proper to carry out the above purposes.

- 1 -

## ARTICLE FIVE

I.  The aggregate number of shares which the Corporation is author-
ized to issue is 1,212,600, divided into two classes.  The designation
of each class, the number of shares of each class, and the par value, if
any, of the shares of each class, or a statement that the shares of any
class are without par value, are as follows:

| Class | Series (if any) | Number of Shares | Par value per share or statement that shares are without par value |
|-------|-----------------|------------------|----------------------------------------------------------------------|
| Common    | | 500,000 | Par value $1.00 per share |
| Preferred | | 712,600 | Par value $1.00 per share |

II.  The preferences, qualifications, limitations, restrictions
and the special or relative rights in respect of the shares of each class
are:

### A.  Dividends.

The holders of the preferred shares shall be entitled to receive
when and as declared by the Board of Directors, out of funds legally
available for that purpose, dividends at the rate of 6% of the par value
per share per year.  Such dividends shall be noncumulative and shall
be payable semi-annually on the fifth day of January and July in each
year (and the semi-annual dividend periods shall commence on the sixth
day of those months).  The Board of Directors shall not be required
to declare a dividend on the preferred shares before declaring a divi-
dend on the common shares.

### B.  Liquidation, Dissolution or Winding Up.

In the event of any voluntary or involuntary liquidation, disso-
lution or winding up of the Corporation, the holders of the preferred
shares shall be entitled to be paid the sum of $1.00 per share, plus the
amount of any dividends declared but not paid at the time of such liquid-
ation, dissolution or winding up, before any distribution or payment
shall be made to holders of common shares of the Corporation.  In
the event of any such liquidation, dissolution or winding up of the
Corporation, after payment shall have been made in full to holders of
preferred shares in accordance with this paragraph, the holders of
common shares shall be entitled to receive any and all assets remain-
ing to be paid or distributed and the holders of preferred shares shall
not be entitled to share therein.

- 2 -

## C.  Transfer Restrictions and Repurchase by the Corporation.

Except as provided in this paragraph C, shares of the Corporation shall not be transferred or transferable, directly or indirectly, to any person, firm, corporation, trust or other entity, whether by cash sale, contract, deed, gift, operation of law, sale pursuant to lien, pledge, security agreement or judicial process, or otherwise (other than by will or intestate law). No transfer or attempted transfer of any one or more shares of the Corporation, or of any interest, legal or equitable, or claimed interest in such shares, shall be effective unless and until the following conditions shall have been satisfied:

1.a.  In the event of termination, by death or for any other reason, of the employment of any shareholder of the Corporation (other than John D. Schneider), by the Corporation, Hollister Incorporated, any subsidiary of the Corporation or Hollister Incorporated, or any other corporation controlled by one or more of such corporations, the shareholder or his personal representative shall offer in writing, within 30 days after such termination of employment, to sell to the Corporation all shares of the Corporation which such shareholder owned, held or in which he had an interest, legal or equitable, or claimed an interest, at the time of such termination of employment.

b.  In all other events, any person, personal representative, firm, corporation, trust or other holder which desires or intends to transfer any one or more shares of the Corporation, or to create any interest, legal or equitable, in such shares, shall offer in writing, at least 30 days prior to such transfer or creation of an interest, to sell to the Corporation all shares of the Corporation which such holder desires or intends to transfer, or in which such holder desires or intends to create an interest.

2.  Each written offer to the Corporation shall (a) state the name of the owner or holder of the shares offered to the Corporation and the certificate number or numbers of such shares, and (b) be delivered, in person or sent by certified mail with return receipt requested, to Corporate Secretary, The Firm of John Dickinson Schneider, Inc., at 211 East Chicago Avenue, Chicago, Illinois 60611, or at such other office as the Corporate Secretary shall designate in writing to the shareholders.

3.  The Corporation shall repurchase all shares offered to it in accordance with these Restated Articles of Incorporation unless it shall notify the owner or holder of such shares in writing within 30 days after receipt by the Corporation of the written offer.  Each

- 3 -

written notice from the Corporation to the owner or holder shall (a) state which shares (if any) shall be repurchased and which shall not be repurchased, and (b) be delivered in person or sent by certified mail with return receipt requested, to the owner or holder at his last known address.

4. The effective date of repurchase of any shares by the Corporation, on the Corporation's transfer books and for all other purposes (the "Repurchase Date"), shall be the date of termination of employment of the shareholder (if applicable) or the date on which the owner or holder otherwise becomes obligated, in accordance with these Restated Articles of Incorporation, to offer such shares to the Corporation.

5. Shares shall be repurchased by the Corporation at the following prices:

a. The price of each preferred share shall be $1.00 plus the amount of any dividends declared but not paid prior to the Repurchase Date.

b. The price of each common share shall be its book value as of the end of the calendar month in which the Repurchase Date occurs, plus the amount of any dividends declared but not paid prior to the Repurchase Date. The book value of each common share shall be computed in accordance with generally accepted accounting principles, and a report by an independent certified public accountant retained by the Corporation stating such book value shall be conclusive proof thereof.

6. The aggregate price of any common shares repurchased by the Corporation shall be paid in the form of a promissory note of the Corporation payable (a) to the owner or holder of such common shares, (b) at the principal office of the Corporation, (c) in quarterly installments of principal and interest, and (d) over a period of time determined in accordance with the schedule below. The principal amount of the note shall be equal to the aggregate price of such common shares, and interest shall be paid on the unpaid principal balance at the rate of 6% per year. The note may be subordinated to other indebtedness of the Corporation, except that the note shall not be subordinated to other notes delivered in payment for common shares repurchased by the Corporation. The schedule of installments shall be as follows:

- 4 -

| If the principal amount is at least | but less than | then quarterly installments shall be paid over |
|---|---|---|
| $ 1 | $ 500 | in cash |
| 500 | 1,000 | 1 year |
| 1,000 | 2,000 | 2 years |
| 2,000 | 3,000 | 3 years |
| 3,000 | 4,000 | 4 years |
| 4,000 | 6,000 | 5 years |
| 6,000 | 8,000 | 6 years |
| 8,000 | 10,000 | 7 years |
| 10,000 | 12,000 | 8 years |
| 12,000 | 15,000 | 9 years |
| 15,000 | 100,000 | 10 years |
| 100,000 and over | | The number of years equal to the lesser of (1) the principal amount divided by $10,000, or (2) (if the owner or holder is a natural person) the life expectancy of an average man or woman the age of the owner or holder. |

7. The certificate or certificates for shares repurchased by the Corporation shall be surrendered to the Corporation within 30 days after the Repurchase Date. If not surrendered within such 30 days, the Corporation may at any time thereafter deposit the aggregate price, in the form of cash or a promissory note or both, with The First National Bank of Chicago or its successor, for the account of the owner or holder, to be delivered upon surrender of such certificate or certificates duly endorsed to the Corporation. Upon making such deposit, the certificate or certificates shall be considered surrendered to the Corporation.

8. Notwithstanding anything to the contrary in this Paragraph C:

a. The provisions of this paragraph C shall not apply to any transfer or attempted transfer by, to, or for the use of John D. Schneider, Minnie R. Schneider or any trustee designated in writing by either or both of them.

b. The failure of any person, personal representative, firm, corporation, trust or other holder to offer in writing, or to sell, shares to the Corporation in accordance with paragraph C shall not impair or otherwise affect the right of the Corporation to repurchase

- 5 -

such shares.  If at any time any person, personal representative, firm, corporation, trust or other entity has any one or more shares of the corporation, or an interest, legal or equitable, in such shares, or claims an interest in such shares, and the conditions of this paragraph C have not been satisfied, then the Corporation may, at any time within 30 days after determining that it has the right to repurchase such shares, (1) serve notice in writing upon the owner, holder or other possessor of such shares that the Corporation shall repurchase all or any part of such shares, and (2) repurchase such shares.  In such event, the Repurchase Date, price, form of payment and all other terms of such repurchase shall be the same as though such shares had been offered in writing and repurchased by the Corporation in accordance with paragraph C.1 through C.7.

c.  Under exceptional circumstances and in the discretion of the Corporation's Board of Directors, shares may be repurchased by the Corporation at such other times, upon such other terms, in such other manners, over such other periods of time, or on such other conditions as the Corporation and the owner or holder of such shares may from time to time agree.

d.  The Corporation may sell, assign or otherwise transfer its obligations under any note delivered in payment for common shares repurchased by the Corporation to the Trustees of the Hollister Incorporated Employee Share Ownership Trust on such terms as the Corporation and such Trustees may agree.  If at any time the Trustees fail to pay any installment in accordance with the terms of such note, such installment shall be paid by the Corporation.

9.  No sale, transfer or attempted transfer of more than 50% of the outstanding common shares of the Corporation by or for the use of any one or more owners or holders of common shares shall be effective unless such sale or transfer is made pursuant to a written offer by a responsible person or corporation to purchase all of the outstanding common shares of the Corporation.  The terms of such written offer shall be identical with respect to each of the Corporation's outstanding common shares and such written offer shall be irrevocable for a period of at least 120 days.

This paragraph C shall not be repealed, altered, amended or otherwise changed without the prior consent of shareholders having the right to vote at least 2/3 of the outstanding shares of each class of the Corporation's shares.

D.  Pre-emptive Rights

No shareholder of the Corporation shall by reason of his holding

purchase or subscribe to any preferred shares, common shares or shares of any other class of the Corporation whether now or hereafter issued.

### E.  Cancellation of Preferred Shares

Preferred shares redeemed or repurchased by ~~xxxxxxxxxxxxxxxxxx~~ the Corporation shall be cancelled and shall not be reissued or resold.

- 7 -