# Item 6

# Defendants' Appendix Of Certain Documents Referred To In The Third Amended Complaints

JOHN D. SCHNEIDER

CHARITABLE TRUST

Trust Agreement made July 12 , 1985, by and between
Hollister Incorporated, a corporation organized under the laws of
the State of Illinois, (hereinafter referred to as the "Donor"),
and Minnie R. Schneider and Richard T. Zwirner, both of whom now
reside in Deerfield, Illinois, (hereinafter referred to as the
"Trustees") establishing the John D. Schneider Charitable Trust.

## ARTICLE I

### ESTABLISHMENT OF TRUST

This trust, which shall be known as the JOHN D.
SCHNEIDER CHARITABLE TRUST, is created and shall be operated
exclusively for charitable, scientific, or educational purposes,
or for the prevention of cruelty to children, within the United
States or any of its possessions.

## ARTICLE II

### DONATIONS

1.    The Trustees may receive donations from the Donor or
from any other source in cash or in other property acceptable to
them.  All donations so received together with the income
therefrom, herein referred to as the trust fund, shall be held,
managed, administered, and paid out by the Trustees pursuant to

-1-

the terms of this agreement.

2.    The net income of the trust shall be distributed annually, to one or more charitable organizations to be used within the United States, for the following charitable and scientific purposes:

1.    Charitable organizations which work with handicapped/retarded children (i.e., not research) such as Lamb's Farm in Libertyville, IL

2.    Charitable organizations which engage in or fund prevention, research and cure such as the American Cancer Society.

3.    Charitable organizations which engage in or fund research in Parkinson's Disease, Alzheimer's Disease, or related central nervous system disorders, such as The United Parkinson's Foundation and the Alzheimer's' Disease and Related Disorders Associations, Inc.

4.    Such other charitable organizations which fund or are engaged in such charitable or scientific activities as are consistent with the foregoing interests or purposes or others, which in the judgment of the Trustees further the humanitarian or charitable interests which John D. Schneider

-2-

exemplified during his lifetime.

For this purpose, the term "charitable organizations" shall mean a corporation trust, or community chest, fund, or foundation, created or organized in the United States or in any possession thereof, or under the law of the United States, any state, the District of Columbia, or any possession of the United States, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual, and no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation, and which does not participate in, or intervene in (including the publishing or distributing of statements), any political campaign on behalf of any candidate for public office. Any other provisions of this agreement notwithstanding, the Trustees shall distribute the trust income for each taxable year at such time and in such manner as not to become subject to the tax on undistributed income imposed by Section 4942 of the Internal Revenue Code of 1954, or corresponding provisions of any subsequent federal tax laws.

3. In extraordinary circumstances, or upon termination of the trust, or to the extent required by law, such portion or all of the trust principal may be distributed to charitable

-3-

organizations qualifying for distributions under paragraph 2.

4.    In no event shall any distribution be made to any organization not exempt under section 501(c)(3) of the Internal Revenue Code, contributions to which are deductible under section 170 of the Internal Revenue Service Code, or such subsequent sections as may be in effect from time to time.

## ARTICLE III

### TRUSTEES' POWERS

1.    In the administration of this trust and of the trust fund, the Trustees shall have all powers and authority necessary or available to carry out the purposes of this trust and without limiting the generality of the foregoing, shall have the following powers and authority, all subject, however, to the condition that no power or authority shall be exercised by the Trustees in any manner or for any purpose whatsoever which may not be exercised by an organization which is tax exempt or by an organization donations to which are deductible from taxable income to the extent allowed by the provisions of the Internal Revenue Code and other applicable legislation and regulations as they now exist or may hereafter be amended:

(a)  To receive the income, profits, rents, and proceeds of the trust fund, and to collect and receipt for the same.

-4-

(b) To purchase, subscribe for, retain, invest, and reinvest in securities or other property wherever situated, and whether or not productive or of a wasting nature, and with out any requirement for diversification as to kind or amount. The words "securities or other property" as used in this agreement shall be deemed to include real or personal property, corporation shares, common or preferred, or any other interest in any corporation, association, investment trust, or investment company, bonds, notes, debentures, or other evidences of indebtedness or ownership, secured or unsecured, even though the same may not be legal investments for a trustee under the laws applicable hereto; but securities and other property shall not be deemed to included shares or indebtedness of the Donor unless the same is donated to this trust.

(c) To sell for cash or on credit, convert, redeem, exchange for other securities or other property, or otherwise dispose of any securities or other property at any time held by them.

(d) To alter, repair, improve, erect buildings upon, demolish, manage, partition, mortgage, lease, exchange, grant options to lease or to buy, and sell or dispose of, at public or private sale, and upon such conditions and such terms as to cash and credit as they may deem advisable, real property.

(e) To pay all administration expenses of this trust and any taxes imposed upon it, and to settle, compromise, or submit to

-5-

arbitration, any claims, mortgages, debts, or damages, due or owing to or from this trust, to commence or defend suits or legal proceedings, and to represent this trust in all suits or legal proceedings.

(f) To exercise any conversion privilege or subscription right available in connection with any securities or other property at any time held by them; to consent to the reorganization, consolidation, merger, or readjustment of the finances of any corporation, company, or association or to the sale, mortgage, pledge, or lease of the property of any corporation, company or association any of the securities of which may at any time be held by them and to do any act with reference thereto, including the exercise of options, the making of agreements, or subscriptions which may be deemed necessary or advisable in connection therewith, and to hold and retain any securities or other property which they may so acquire.

(g) To vote personally, or by general or limited proxy, any shares of stock which may be held by them at any time, and similarly to exercise personally, or by general or by limited power of attorney, any right appurtenant to any securities or other property held by them at any time.

(h) To borrow money in such amounts and upon such terms and conditions as shall be deemed advisable or proper to carry out the purpose of this trust and to pledge any securities or other

-6-

property for the repayment of any such loan.

(i)  To hold part or all of the trust fund invested.

(j) To employ suitable accountants, agents, counsel, and
custodians and to pay their reasonable expenses and compensation.

(k)  To register any securities held by them hereunder in
their own name, or, to the extent permitted by law, in the name
of a nominee with or without the addition of words indicating
that such securities are held in a fiduciary capacity and to hold
any securities unregistered or in bearer form.

(1)  To make, execute, and deliver all instruments necessary
or proper for the accomplishment of the purpose of this trust or
of any of the foregoing powers, including deeds, bills of sale,
transfers, leases, mortgages, security agreements, assignments,
conveyances, contracts, purchase agreements, waivers, releases,
and settlements.

(m)  Any other provisions of this agreement notwithstanding,
the Trustees shall not engage in any act of self-dealing as
defined in Section 4941(d( of the Internal Revenue Code of 1954,
or corresponding provisions of any subsequent federal tax laws;
nor retain any excess business holdings as defined in Section
4943(c) of the Internal Revenue Code of 1954, or corresponding
provisions of any subsequent federal tax laws; nor make any

-7-

investments in such manner as to incur tax liability under Section 4944 of the Internal Revenue Code of 1954, or corresponding provisions of any subsequent federal tax laws; nor make any taxable expenditures as defined in Section 4945(d) of the Internal Revenue Code of 1954, or corresponding provisions of any subsequent federal tax laws.

2.   The Trustees shall act by a majority of their number at any given time.  Any instrument required to be executed by this trust shall be valid if executed in the name of this trust by such a majority of the Trustees.  Or by such Trustee or Trustees who may be authorized specifically or generally to act on behalf of the Trustees.  No person shall be required to see to the application of any money, securities, or other property paid or delivered to the Trustees, or to inquire unto any action, decision, or authority of the Trustees.

## ARTICLE IV

### TRUSTEES

1.   The Trustees shall serve at the pleasure of the Board of Directors of the Donor.  Any Trustee may resign his office at any time without leave of court.  Vacancies existing in the office of Trustee, for whatever cause, shall be filled by such Board of Directors, but the Trustees may act notwithstanding the existence of any vacancy so long as there shall continue to be at least two Trustees in office.  The resignation or removal of a Trustee and

-8-

the appointment of a successor Trustee shall be made by an instrument in writing.  Every successor Trustee shall have the same powers and duties as those conferred upon the Trustees named in this agreement. The Donor may also increase or decrease the number of Trustees.

2.    No Trustee shall be required to furnish any bond or surety.  Each Trustee shall serve without compensation for his services hereunder, but all expenses of this trust or of any Trustee acting hereunder shall be paid by the Trustees from the trust fund.

3.    Upon the written request of the Donor, the Trustees shall render accounts of their transactions to the Donor at least annually, and the Donor may approve such accounts by an instrument in writing delivered to the Trustees.  In the absence of the filing in writing with the Trustees by the Donor of exceptions or objections to any such account within 60 days, the Donor shall be deemed to have approved such account; and in such case or upon the written approval of the Donor of any such account, the Trustees shall be released, relieved, and discharged with respect to all matters and things set forth in such account as though such account had been settled by the decree of court of competent jurisdiction.  No person other than the Donor may require an accounting or bring any action against the Trustees with respect to this trust.  The Trustees may at any time initiate legal action or proceedings for the settlement of their

-9-

accounts and, except as otherwise required by laws the only necessary party defendant to any such action or proceedings shall be the Donor.

4.    No Trustee shall be answerable for loss in investments made in good faith.  No Trustee shall be liable for the acts or omissions of any other Trustee, or of any accountant, agent, counsel, or custodian selected with reasonable care.  Each Trustee shall be fully protected in acting upon any instrument, certificate, or paper, believed by him to be genuine and to be signed or presented by the property person or persons, and no Trustee shall be under any duty to make any investigation or inquiry as to any statement contained in any such writing but may accept the same as conclusive evidence of the truth and accuracy of the statements therein contained.

## ARTICLE V

### AMENDMENT AND TERMINATION

1.    This agreement may be amended or modified from time to time by the Board of Directors of the Donor whenever necessary or advisable for the more convenient or efficient administration of this trust or to enable the Trustees to carry out the purpose of this trust more effectively, but no such amendment or modification shall alter the intention of the Donor that this trust be operated exclusively for religious, charitable, scientific, literary, or educational purposes, or for the

-10-

prevention of cruelty to children or animals, within the United States or any of its possessions, and in a manner which shall make this trust tax exempt and the donations to it deductible from taxable income to the extent allowed by the provisions of the Internal Revenue Code and other applicable legislation and regulations as they now exist or as they may hereafter be amended.  Every amendment or modification of this agreement shall be made in writing, shall be signed by two offices of the Donor pursuant to authority of its Board of Directors, and shall be delivered to each of the Trustees then in office.

2.    This trust shall be irrevocable, but may be terminated at any time by action of the Board of Directors of the Donor. Upon any such termination, the Trustees shall promptly distribute the entire trust fund to qualified recipients under the terms of this trust.

## ARTICLE VI

### MISCELLANEOUS

1.    This agreement is executed and delivered in the State of Illinois, the situs shall be in that state, and it shall be governed by, and construed and administered in accordance with the laws of that state.

2.    The Trustees do hereby accept this trust, and undertake to hold, manage and administer the trust fund in accordance with

-11-

the terms of this agreement.

IN WITNESS WHEREOF, this agreement has been executed in Libertyville, Illinois, by the Donor and by each of the Trustees named here.

Corporate Seal

Attest:

_____
Assistant
Secretary

Hollister Incorporated

By: _____
        President

_____
Minnie R. Schneider, Trustee

_____
Richard T. Zwirner, Trustee

-12-