IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES P. DEFAZIO,

    Plaintiff,                    No. CIV S-04-1358 DFL GGH

    vs.

HOLLISTER, INC., et al.,        <u>ORDER</u>

    Defendants.

_____/

KATHLEEN ELLIS,

    Plaintiff,

    vs.

HOLLISTER INC., et al.,

    Defendants.

_____/

BRENDA DIMARO and
HOLLIE LAVICK,
    Plaintiffs,

    vs.

HOLLISTER, INC., et al.,

    Defendants.

_____/

1

*Introduction and Summary*

The parties have agreed that a protective order should be entered in this action, primarily at the impetus of defendants who wish to protect asserted sensitive financial information. The two main points of disagreement center on whether an "attorneys eyes only" provision should be part of the order, and who should retain the produced "confidential" documents which have been agreed to be retained for a period of five years. The court has a few other concerns on its own motion.

For the reasons set forth herein, a modified "attorneys' eyes only" provision shall be part of the protective order; however, plaintiffs may be permitted to view the documents with their attorneys present. Plaintiffs shall not in any way, shape or form, memorialize, or actually/constructively possess a recorded memorialization of, any part of what they have viewed. Nor shall they verbally share any repetition or characterization of what they have viewed as "attorneys' eyes only" material. Designations of "attorneys' eyes only" material shall be kept to the minimum absolutely necessary to protect very sensitive information.

Defendants shall retain the confidential and "attorneys' eyes only" documents at the conclusion of the litigation.

This protective order shall not be binding on other courts. Further, any provisions for filing documents under seal shall include "a seal only for good cause requirement." Good cause is more than simply one party generally speculating about potential harm; rather, the specter of real and tangible harm must be presented. The court will not authorize wholesale filings under seal.

*Discussion*

It is beyond dispute that protective orders may contain an "attorney's eyes only" provision. In addition to the parties' research, the court's own research showed the existence of

\\\\\

\\\\\

hundreds of cases expressly or impliedly authorizing the use of this provision.[1] The court will spare everyone of the need to view string citations. However, the authorization to use such a provision does not mean that such a provision should be automatically part of every protective order, or that there are no downsides to inclusion of such a provision. Rather, a balancing of interests is necessary before inclusion of an "attorneys' eyes only" provision. See UCC Ueshima Coffee v. Tulley's Coffee Corp, 2007 WL 710092 (W.D. Wash. 2007).

In this case, there is no doubt that *some* of defendant Hollister's and other persons'/entities' documents are very financially sensitive or substantially invade privacy. Plaintiffs have requested tax returns, private planning information and the like primarily for the purpose of valuing privately held shares at market value in lieu of a book value (assuming that such is not a contradiction in terms). There may well be other reasons in this complex ERISA action for plaintiffs' acquiring corporate information.

If publicly disseminated, competitors of defendant entities might well be able to use *some* of this information in a way which would work significant, real harm to defendant entities. This is especially so since one of the plaintiffs (Ellis) has an employment relationship with one of Hollister's competitors. And, there is some merit to defendants' arguments that once the information is given to plaintiffs, especially the plaintiff whose current employer has an interest in the information, the mere existence of a protective order may not be enough to overcome the temptation to leak some of the information. Defendants are also correct that if very sensitive information is given out – information that substantially harms the defendant entity's business interests – there is little real remedy, after the psychic pleasure of punishment has worn off, which can effectively alleviate the prejudicial violation. Also, individual defendants, or

---

[1] The court rejects plaintiffs' arguments that California law generally governing the duties of an attorney to his client absolutely trumps the ability of a federal court to protect sensitive information in discovery, even if that protection restricts disclosure to the client plaintiffs. Nothing in California law in any event indicates that there are no exceptions to the general duty to share information with the client.

individuals per se, have legitimate privacy interest for some of the information to be disclosed. It may well be that plaintiffs themselves would like to have some of their intensely private information to be produced in this litigation the subject of an "attorneys' eyes only" provision.

On the other hand, this is not a case where the clients have no real, meaningful input to make into tactical decisions, or where their input would not be helpful in determining the bona fides of the information submitted by defendants. Moreover, the very real specter of over-designation of "attorneys' eyes only" information exists,[2] and plaintiffs should not be put in a position where they are essentially kept in the dark about the important facts of the case. One of the plaintiffs (DeFazio) is familiar with accounting concepts, and whether he actually has a "valuation" claim left, or whether other experts might be able, at a price, to review the information, the fact remains that this plaintiff can be of substantial "free" assistance to the other plaintiffs with whom he shares a common interest. Furthermore, a good bit of the information to be produced in this case, and which in all probability will be designated "attorneys' eyes only" will be historical in nature, i.e., of not much interest to a competitor who is primarily interested in the "now." Finally, the court has no reason to find at this time that plaintiffs lack the integrity to adhere to this protective order.[3]

The court warns plaintiffs that violations of the protective order may lead to a dismissal of their cases, contempt prosecutions, and other sanctions. The court warns defendants that sanctions may be imposed for unreasonable over-designation of confidential information.

The court sees no need to discuss the other requirements of the protective order set forth above.

---

[2] In this case, as in any other case, the only real "mistake" defendants' counsel can make from their clients' perspective is to disseminate a document which later turns out to be harmful to defendants; hence the informal rule, "when in doubt, designate it." Nor is the court willing to referee interminable disputes about proper designation, even assuming that plaintiffs have the resources to mount constant challenges.

[3] The court can make no finding on one plaintiff's alleged violation of state court domestic relations orders based only on argument presented in the papers.

*Conclusion*

Defendants shall within 15 days submit to the court a proposed protective order modeled on the one they previously submitted, which takes into *express* account all of the direction herein.

Dated: 9/5/07

/s/ Gregory G. Hollows

_____
UNITED STATES MAGISTRATE JUDGE

defazio.po