UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JAMES P. DeFAZIO, et al., | NOS. CIV. S-04-1358 WBS GGH |
| | S-05-0559 WBS GGH |
| Plaintiffs, | S-05-1726 WBS GGH |
| | CONSOLIDATED |
| v. | ORDER RE: MOTIONS FOR CLARIFICATION AND FOR ENTRY OF JUDGMENT |
| HOLLISTER, INC., et al., | |
| Defendants. | |

----oo0oo----

Plaintiffs move for an order clarifying this court's Order of November 1, 2007, and directing the entry of final judgment, pursuant to Federal Rule of Civil Procedure 54(b), on the claims dismissed in that Order.

The court has considered the matters raised in the motion for clarification, and finds no need to clarify its Order

1

of November 1, 2007.  Federal Rule of Civil Procedure 60(a) authorizes the court to correct "a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."  Rule 60 does not authorize the court to make corrections merely because it has changed its mind, made a legal or factual mistake, or decided to exercise its discretion in a different way since issuing a prior order.  Blanton v. Anzalone, 813 F.2d 1574, 1577 (9th Cir. 1987) (citing United States v. Griffin, 782 F.2d 1393, 1397 (7th Cir. 1986)).

With regard to plaintiffs' motion for entry of final judgment, Rule 54(b) provides in pertinent part:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

In determining whether to direct the entry of final judgment on a claim pursuant to Rule 54(b), district courts must first determine finality.  Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7 (1980).  That is, the court must decide whether either a separate claim for relief has been completely resolved in a multiple claim action or the rights and liabilities of at least one party have been completely resolved in a multiple party action.  Id.

After the court establishes that the separate claims are indeed "final," it may direct the entry of final judgment on those claims only by making an "express determination that there

is no just reason for delay." Fed. R. Civ. P. 54(b); <u>Wood v. GCC Bend, LLC</u>, 422 F.3d 873, 878 (9th Cir. 2005). In doing so, the district court exercises its discretion to determine whether the matter is "ready for appeal . . . [by] tak[ing] into account judicial administrative interests as well as the equities involved."[1] <u>Curtiss-Wright</u>, 446 U.S. at 8; see also <u>Spiegel v. Trs. of Tufts College</u>, 843 F.2d 38, 43 (1st Cir. 1988) (district court acts as a "dispatcher" exercising its discretion to decide which dispositive decision on a claim or counterclaim in a multi-claim action should be "finalized"--i.e., made appealable--and which should be withheld pending resolution of the entire controversy).

  Here, the court reached a final determination when it dismissed claims related to certain defendants' involvement in the 1999 Transaction and defendant Hollister's purported failure to produce identified documents under ERISA section 104(b). However, Rule 54(b) judgments should be limited to the "unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of litigants for an early and separate judgment as to some of the claims of the parties."

---

[1] The district court may also consider several additional factors discussed in <u>Curtiss-Wright</u>, including: "whether certification would result in unnecessary appellate review; whether the claims finally adjudicated were separate, distinct, and independent of any other claims; whether review of the adjudicated claims would be mooted by future developments in the case; whether an appellate court would have to decide the same issues more than once even if there were subsequent appeals; and whether delay in payment of the judgment . . . would inflict severe financial harm." <u>Wood</u>, 422 F.3d at 878 n.2 (citing <u>Curtiss-Wright</u>, 446 U.S. at 5-6).

3

1  Morrison-Knudsen Co., Inc. v. J.D. Archer, 655 F.2d 962, 965 (9th
2  Cir.1981).  This case does not present this unusual circumstance.
3              Plaintiffs have asserted claims against the remaining
4  defendants, similar to those claims which the court has
5  dismissed, arising out of the same facts and based on similar
6  legal theories predicated on ERISA fiduciary duties.  Once the
7  remaining claims are resolved, there is a substantial likelihood
8  that the non-prevailing parties will again appeal and thereby
9  force the Ninth Circuit to revisit facts, claims, or legal
10 theories more than once.  See Wood, 422 F.3d at 882 ("[The Ninth
11 Circuit] cannot afford the luxury of reviewing the same set of
12 facts in a routine case more than once without a seriously
13 important reason.").
14             Courts consistently uphold a policy against the
15 unnecessary expenditure of judicial resources by acknowledging
16 "that Rule 54(b) certification [should] not to be granted as a
17 matter of course, [but rather] this remedy should be reserved for
18 the infrequent harsh case because of the overload in appellate
19 courts which would otherwise result from appeals of an
20 interlocutory nature."  Curtiss-Wright, 446 U.S. at 5; see also
21 Wood, 422 F.3d at 878 n.2, 879-80 (where a similarity of legal
22 and factual issues exists between an issue decided by the court
23 and issues still pending in litigation, the district court should
24 be reluctant to enter a final judgment pursuant to Rule 54(b)).
25             Plaintiffs have also failed to establish that an
26 immediate appeal would "streamline the litigation," "narrow the
27 issues for trial," or otherwise promote an "expeditious decision"
28 in this case.  See Core-Vent Corp. v. Nobel Indus. AB, 11 F.3d

4

1482, 1484 (9th Cir.1993) (purpose of Rule 54(b) is to aid the "expeditious decision" of a case).  Plaintiffs are en route to filing their fourth amended complaint in this matter.  Not only did the third amended complaint include issues never before mentioned during the previous three years of pretrial litigation, but plaintiffs have already indicated that they are contemplating the addition of more claims in their latest draft--including another ERISA section 104(b) allegation.

In light of the ever-evolving nature of plaintiffs' claims, there are no assurances that a Ninth Circuit decision would narrow or limit the issues in a manner likely to facilitate a more expeditious disposition of these consolidated cases.[2]  See Hogan v. Consolidated Rail Corp., 961 F.2d 1021, 1025 (2d Cir. 1992) (district court abused its discretion in entering a final judgment pursuant to Rule 54(b) where there was "no indication that the case was an exceptional one or that there would be any unusual hardship in requiring [plaintiffs] to await, in accordance with normal federal practice, the disposition of the entire case before obtaining appellate review of the dismissal of

---

[2] In addition, plaintiffs haphazardly contend that entry of final judgment under Rule 54(b) would allow their dismissed claims to be "related or consolidated" with a pending Ninth Circuit case: Younkin v. Prudential Ins. Co. of Am., No. 07-35357.  (Pls.' Mot. for Clarification 8:25-28.)  However, while Younkin involves a claim under ERISA section 502(c), the principal issue is whether penalties under section 502(c) can be properly imposed upon an entity that acts as the "claims administrator" for an ERISA plan rather than as the "plan administrator."  (Defs.' Mem. in Opp'n to Pls.' Mot for Clarification Ex. A at 2-3.)  No such issue is present in this case.  Moreover, assuming arguendo that Younkin did involve similar issues, that appeal has been pending for over six months and the briefing is currently complete.  (See id. Ex. C (printout copy of Ninth Circuit Docket).)

5

1  their claims against [defendants]").

2  Because appellate review would not streamline the
3  litigation and the finalized claims are not wholly
4  severable--factually or legally--from those claims remaining to
5  be adjudicated, the court will decline to exercise its discretion
6  in order to assure that any application of Rule 54(b) effectively
7  "preserves the historic federal policy against piecemeal
8  appeals." Curtiss-Wright, 446 U.S. at 8 (quoting Sears, Roebuck
9  & Co. v. Mackey, 351 U.S. 427, 438 (1956)).

10  IT IS THEREFORE ORDERED plaintiffs' motion for
11  clarification be, and the same hereby is, DENIED;

12  AND IT IS FURTHER ORDERED that plaintiffs' motion for
13  entry of final judgment on the dismissed claims pursuant to
14  Federal Rule of Civil Procedure 54(b) be, and the same hereby is,
15  DENIED.

16  DATED:  January 7, 2008

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE