UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JAMES P. DEFAZIO, et al.,

      NOS. CIV. S-04-1358 WBS GGH
            S-05-0559 WBS GGH

      Plaintiffs,        S-05-1726 WBS GGH
                CONSOLIDATED

   v.                <u>ORDER RE: MOTIONS TO STRIKE</u>
                     <u>AND MOTION TO DISMISS</u>

HOLLISTER, INC., et al.,

      Defendants.

----oo0oo----

      Plaintiffs James P. DeFazio, Theresa Beetham, Brenda
Dimaro, Kathleen Ellis, DeLane Humphries, Hallie Lavick, Michael
McNair, Sonya Pace, Judy Seay, Nancy Russell Stanton, and Cindy
Worth brought this action alleging several claims pursuant to
pertinent sections of the Employee Retirement Income Security Act
(ERISA), 29 U.S.C. §§ 1001-1461, against defendants Hollister,
Inc. ("Hollister"), Hollister Employee Share Ownership Trust
("HolliShare"), The Firm of John Dickinson Schneider, Inc.

1

("JDS"), Samuel Brilliant, Richard I. Fremgen, Donald K. Groneberg, Charles H. Gunderson, Alan F. Herbert, James A. Karlovsky, Lori Kelleher, James J. McCormack, Charles C. Schellentrager, Howard I. Simon, Loretta L. Stempinski, Michale C. Winn, and Richard T. Zwirner.  Defendants now move to dismiss plaintiffs' claims against defendants Fremgen and Herbert as well as strike additional allegations contained within plaintiffs' Fourth Amended Complaints (Defazio Fourth Am. Compl. (FAC); Ellis FAC).[1]  In a separate motion, defendants Stempinski and Winn also move to strike relevant portions of the Defazio FAC.

I.   Factual and Procedural Background

          To avoid repetition, the court will refrain from reciting the entire factual and procedural background, which essentially remains the same as in its November 1, 2007 Order. Defazio v. Hollister, Inc., No. 04-1358, 2007 WL 3231670, at *1-2 (E.D. Cal Nov. 1, 2007).  Below, the court only highlights facts relevant to this motion as well as significant events that occurred after the November 1, 2007 Order.

          Defendant Hollister is an independently-owned corporation that develops, manufactures, and markets healthcare products.  (Defazio FAC ¶ 24.)  Plaintiffs are various

---

          [1]  With the exception of plaintiff Ellis, all plaintiffs are represented by the same counsel and stand by the substance of their Fourth Amended Complaint.  Ellis, through separate counsel, has filed her own Fourth Amended Complaint.  Both Fourth Amended Complaints are substantially similar and, for the most part, contain identical allegations.  Unlike the claims in her co-plaintiffs' Fourth Amended Complaint, however, Ellis foregoes the class action allegations and does not assert any claims against defendants Fremgen, Stempinski, and Winn.  Accordingly, when a distinction is necessary, the court will refer to the Fourth Amended Complaints as the Defazio FAC and the Ellis FAC.

1  participants and beneficiaries of defendant Hollishare, a

2  contribution pension plan designed by Hollister to provide

3  retirement benefits to Hollister employees and their

4  beneficiaries. (<u>Id.</u> at ¶ 3.)

5          In a fourteen month period during the years 2004 and

6  2005, three factions of the current makeup of plaintiffs

7  independently filed complaints alleging that defendants--various

8  Hollishare Trustees as well as members of defendant JDS and/or

9  Hollister's Board of Directors--abused their fiduciary

10 responsibilities related to the administration of Hollishare in

11 violation of ERISA. (<u>Id.</u> at ¶¶ 7-10.)  On May 24, 2006, Judge

12 Karlton consolidated the three cases in order to effectuate "the

13 most fair and efficient" manner in which to litigate the matters.

14 (May 24, 2006 Order.)  After being transferred from Judge Karlton

15 to Judge Levi and back to Judge Karlton, this case was

16 transferred to the undersigned on March 28, 2007.  (Docket No.

17 180 ("Reassignment Notice").)

18         Pursuant to a June 25, 2007 Stipulation Order (Docket

19 No. 220), plaintiffs filed their Third Amended Complaints on June

20 29 and 30, 2007.  (Defazio Third Am. Compl. (TAC); Ellis TAC.)

21 In response, defendants filed seven separate motions to dismiss

22 certain claims and/or defendants as well as strike portions of

23 plaintiffs' TACs.  <u>Defazio</u>, 2007 WL 3231670, at *2.  On November

24 1, 2007, this court granted in part and denied in part

25 defendants' motions to dismiss and strike plaintiffs' TACs.  <u>Id.</u>

26 at *12-13.  Because this dismissal was without prejudice,

27 plaintiffs subsequently filed their FACs on January 23, 2008.

28         On February 6, 2008, defendants brought the instant

1  motions seeking (1) to strike several allegations found in both

2  the Defazio and Ellis FACs pursuant to Rule 12(f) and (2) to

3  dismiss claims against Fremgen and Herbert pursuant to Federal

4  Rule of Civil Procedure 12(b)(6) for failure to state a claim

5  upon which relief may be granted.  On the same day, defendants

6  Stempinski and Winn filed a separate motion to strike portions of

7  Defazio's FAC, also pursuant to Rule 12(f).

8  II.  <u>Discussion</u>

9       A.   <u>Motions to Strike</u>

10           "Upon a motion made by a party . . . the court may

11  order stricken from any pleading any insufficient defense or any

12  redundant, immaterial, impertinent, or scandalous matter."  Fed.

13  R. Civ. P. 12(f).  A "motion to strike is appropriate to address

14  requested relief . . . which is not recoverable as a matter of

15  law."  <u>Wilkerson v. Butler</u>, 229 F.R.D. 166, 172 (E.D. Cal. 2005).

16  "[T]he function of a [Rule] 12(f) motion to strike is to avoid

17  the expenditure of time and money that must arise from litigating

18  spurious issues by dispensing with those issues prior to trial .

19  . . ."  <u>Sidney Vinstein v. A.H. Robins Co.</u>, 697 F.2d 880, 885

20  (9th Cir. 1983).  When ruling on a motion to strike, the court

21  must view the challenged pleadings in the light most favorable to

22  the pleader.  <u>See</u> <u>Pillsbury, Madison & Sutro v. Lerner</u>, 31 F.3d

23  924, 928 (9th Cir. 1994).

24           Previously dismissed allegations that failed to state a

25  claim upon which relief can be granted under any applicable legal

26  theory should be stricken from an amended complaint.  <u>See</u> <u>Davis</u>

27  <u>v. Astrue</u>, No. 06-6108, 2007 WL 2088580, at *3-4 (N.D. Cal. July

28  18, 2007) (striking portions of a second amended complaint that

1  reallege verbatim claims previously dismissed); <u>Tavake v. Alameda</u>
2  <u>County Bd. of Supervisors</u>, No. 05-0744, 2005 WL 2290308, at *2
3  (N.D. Cal. Sept. 20, 2005) (striking portions of an amended
4  complaint that incorporated by reference any matter from the
5  dismissed complaint).

6        1.   <u>Allegations Regarding the 1999 Transaction</u>

7        In their FACs, plaintiffs reassert their allegations
8  from the TACs that defendants' 1999 reconfiguration of the
9  Preferred Share Trust and the contemporaneous amendment to JDS'
10 Articles of Incorporation (the "1999 Transaction") constituted an
11 illicit attempt by defendants to entrench themselves as perpetual
12 managers over Hollister.  (Defazio FAC ¶ 42; Ellis FAC ¶ 31.)
13 The pre-amendment version of the Preferred Share Trust
14 eviscerated by the 1999 Transaction was set to expire in April of
15 2001 and purportedly distribute the majority of JDS preferred
16 stock to individual Hollister employees and beneficiaries.
17 (Defazio FAC ¶ 37; Ellis FAC ¶ 26.)  Plaintiffs aver that the
18 Hollister directors initiated the 1999 Transaction in order to
19 keep the majority of JDS preferred stock within the charge of JDS
20 and Hollister management, therein depriving the Hollishare
21 beneficiaries of the eventual control over JDS stock and negating
22 their ability to effectuate employee ownership of JDS and
23 Hollister.  (<u>See</u> Defazio FAC ¶ 40 ("Had ownership of the JDS
24 preferred shares transferred to Hollister's employees, these
25 defendants could no longer appoint themselves as directors,
26 officers, and managers of JDS and Hollister, and would lose their
27 absolute control."); <u>accord</u> Ellis FAC ¶ 29.)

28        In its November 1, 2007 Order, this court dismissed

plaintiffs' claims related to the 1999 Transaction against

defendants Herbert, Stempinski, Winn, and Zwirner[2]--all of whom

are or were Hollister directors.  (Nov. 1, 2007 Order 20:4-10.)

The court found that plaintiffs failed to bring these claims

within ERISA's applicable statute of limitations.  <u>See</u> 29 U.S.C.

§ 1113 (providing that no action may be brought against a

fiduciary more than six years after the violation or three years

after a plaintiff knew of the violation).

Cognizant of this timing dilemma, plaintiffs had argued

for application of § 1113's fraud and concealment

exception--i.e., that they should be allowed to commence suit

beyond the statute's time limitation because defendants engaged

in fraud related to the 1999 Transaction.  <u>See</u> <u>id.</u> ("<u>[E]xcept . .</u>

<u>. in the case of fraud or concealment</u>, such action may be

commenced not later than six years after the date of discovery of

such breach or violation.") (emphasis added).  Plaintiffs claimed

that Herbert, Stempinski, Winn, and Zwirner--harboring the intent

to deceive Hollister employees and beneficiaries in order to

maintain control over Hollister and JDS--made misrepresentations

to employee shareholders that the 1999 Transaction was necessary

to effectuate deceased Hollister founder John Schneider's

policies and principles in establishing an independent and

employee-owned corporation.

When allegations sound in fraud, a plaintiff must

satisfy the heightened pleading requirements of Federal Rule of

---

[2]     The Defazio FAC reasserts claims against all four of
these defendants.  As mentioned above, <u>see</u> <u>supra</u> n.2, the Ellis
FAC omits any reference to Stempinski and Winn.

Civil Procedure 9(b).  Fed. R. Civ. P. 9(b); <u>Swartz v. KPMG</u>
<u>L.L.P.</u>, 476 F.3d 756, 764 (9th Cir. 2007).  Rule 9(b)'s
specificity requirements include an account of the "time, place,
and specific content of the false representations as well as the
identities of the parties to the misrepresentations."  <u>Edwards v.</u>
<u>Marin Park, Inc.</u>, 356 F.3d 1058, 1066 (9th Cir. 2004) (citation
omitted); <u>see also</u> <u>Neubronner v. Milken</u>, 6 F.3d 666, 672 (9th
Cir. 1993) ("The complaint must specify such facts as the times,
dates, places, benefits received, and other details of the
alleged fraudulent activity.").

        The court found that plaintiffs' TACs had failed to
sufficiently allege fraud or concealment with respect to the 1999
Transaction.  <u>Defazio v. Hollister, Inc.</u>, No. 04-1358, 2007 WL
3231670, at *9-10 (E.D. Cal Nov. 1, 2007).  Specifically, the
relevant factual elements in plaintiffs' TACs were
unceremoniously scattered and disorganized throughout the
pleading so to render any actual claims sounding in fraud utterly
indiscernible.[3]  The result was a vastly incoherent pleading that

---

        [3]     For example, the Defazio TAC consisted of ninety pages
of conclusory rhetoric, overlapping dates, inconsistent
allegations, and inane historical quotations--all of which were
besieged by over 150 endnotes that made scarce attempt to
distinguish between important evidentiary support and superfluous
idiom.  Courts in this circuit have repeatedly lamented this
tendency to place "the burden [] on the reader to sort out the
statements and match them with the corresponding adverse facts to
solve the 'puzzle' of interpreting Plaintiffs' claims."  <u>Wenger</u>
<u>v. Lumisys, Inc.</u>, 2 F. Supp. 2d 1231, 1244 (N.D. Cal. 1998)
(quoting <u>In re Oak Sec. Litig.</u>, No. 96-20552, 1997 WL 448168, at
*5 (N.D. Cal. Aug. 1, 1997)); <u>see also</u> <u>Decker v. GlenFed, Inc.</u>,
42 F.3d 1541, 1554 (9th Cir. 1994) (These "puzzle-style"
complaints are an "unwelcome and wholly unnecessary strain on
defendants and the court system."); <u>Chan v. Orthologic Corp.</u>, No.
96-1514, 1998 WL 1018624, at *14 n.11 (D. Ariz. Feb. 5, 1998)
("This tactic not only makes it difficult to ascertain whether

merely grouped multiple defendants together, a far cry from Rule
9(b)'s requirement that "plaintiffs . . . differentiate their
allegations when suing more than one defendant . . . and inform
each defendant separately of the allegations surrounding his
alleged participation in the fraud." <u>Swartz</u>, 476 F.3d at 765
(citations omitted); <u>see also</u> <u>Moore v. Kayport Package Express,
Inc.</u>, 885 F.2d 531, 541 (9th Cir. 1989) (in the context of a
fraud suit involving multiple defendants, a plaintiff must, at a
minimum, "identif[y] the role of [each] defendant[] in the
alleged fraudulent scheme").

Because Rule 9(b)'s stated purpose is to assure that a
given defendant, upon reading a complaint, will be sufficiently

---

any of the allegations have more merit than the others, it also
makes the complaint dreadfully oversized . . . [and] make[s] a
mockery of Rule 9(b)."); <u>Zeid v. Kimberly</u>, 973 F. Supp. 910, 918
(N.D. Cal. 1997) ("This method of pleading imposes an unnecessary
burden on Defendants and the Court to sort out the alleged
misrepresentations and match them with the corresponding 'adverse
facts.'"); <u>May v. Borick</u>, No. 95-84-7, 1997 WL 314166, at *8
(C.D. Cal. Mar. 3, 1997) ("[The complaint's] organization
obfuscates rather than clarifies. Plaintiff's failure to address
defendants' allegedly misleading statements individually, or even
by category, and to state why each statement, or category of
statements is misleading, renders this Court's task, and the task
of the defendants, excessively difficult."); <u>Shuster v.
Symmetricom, Inc.</u>, No. 94-20024, 1997 WL 820967, at *1 (N.D. Cal.
June 25, 1997) ("The Complaint as it now stands is a rambling set
of allegations which is almost impossible to effectively review.
. . . Plaintiff sets forth lengthy quotes from various releases
by defendants' officers and a securities analyst but does not
make clear what portion of each quote constitutes a false
representation."); <u>In re Conner Peripherals, Inc.</u>, No. 95-2244,
1996 WL 193811, at *1 (N.D. Cal. Jan. 18, 1996) ("The complaint
as written requires the court to excavate for actionable claims.
. . . Judicial resources are too scarce and worthy cases too
pressing for a court to spend its time rooting around in bloated
complaints drafted by experienced lawyers for a handful of
actionable allegations."); <u>Strassman v. Fresh Choice</u>, No.
95-20017, 1995 WL 743728, at *4 (N.D. Cal. Dec. 7, 1995) ("The
FAC's deficiencies do not stem simply from its length, but rather
from its requirement that the reader find the needle in the
haystack.").

apprised of fraudulent acts upon which he or she is charged,

plaintiffs' TACs were patently unable to meet the heightened

pleading requirements associated with triggering § 1113's

exception.  See Neubronner, 6 F.3d at 671 ("'[A]llegations of

fraud [must be] specific enough to give defendants notice of the

particular misconduct which is alleged to constitute the fraud

charged so that they can defend against the charge and not just

deny that they have done anything wrong.'" (quoting Semegen v.

Weidner, 780 F.2d 727, 731 (9th Cir. 1985))).  Therefore, the

court properly dismissed plaintiffs' TACs without prejudice.  See

Sparling v. Hoffman Constr. Co., 864 F.2d 635, 640 (9th Cir.

1988) (even if the factual elements of a cause of action are

present but scattered throughout the complaint and not organized

into a statement of the claim, dismissal is proper); Silicon

Knights, Inc. v. Crystal Dynamics, Inc., 983 F. Supp. 1303, 1314

(N.D. Cal. 1997) (granting a motion to dismiss complaint for

failure to plead with particularity under Rule 9(b) "where the

alleged fraudulent statements and omissions are scattered

throughout the complaint's common factual allegations") (internal

quotations omitted).

     Contending that plaintiffs have simply re-alleged

deficient claims from their TACs, defendants now seek to strike

all allegations in the FACs related to the 1999 Transaction.

However, heeding the court's prior admonitions, plaintiffs' FACs

are considerably more succinct and legible with respect to the

1999 Transaction.  Though plaintiffs essentially reassert the

previously-dismissed fraudulent allegations, they have

effectively refined their pleadings to elucidate relevant facts

and proffer precise evidence of the purported fraudulent activity in a manner that gives defendants Stempinski, Winn, and Zwirner notice of the allegations so as to enable them to defend against the charges.  See McCoy v. Cal. Med. Review, Inc., 723 F. Supp. 1363, 1372 (N.D. Cal. 1989) (finding re-organized construction of facts in Second Amended Complaint sufficient under Rule 9(b) where they identify the allegedly fraudulent documents, provide the dates the documents were submitted, and particularly describe each defendant's part in the fraud).

Specifically, the FACs cite essential excerpts from two articles found in Hollister's 1998 and 1999 quarterly newsletters, respectively, that depict alleged misrepresentations aimed at inducing voting support from the employee shareholders prior to implementation of the 1999 Transaction.[4]  (Decl. of Scott Hubbard in Opp'n to Defs.' Mot. to Dismiss First Am. Compl. Ex. L.)  The 1998 article refers to Winn's "advi[ce that] the [proposed 1999 Transaction] will insure that [Hollister] remains employee owned, private and independent . . . as it has been for decades . . . and will include a successor entity similar in function and purpose to the [prior trust]."  (Id. (quoting Al

---

[4]    While a court does not generally consider evidence outside the pleadings in support of a motion to strike, Farm Credit Bank of Spokane, 758 F. Supp. at 1371 n. 4, it is allowed to consider materials of which it may take judicial notice.  The authenticity of the newsletters is not disputed and plaintiffs rely on them throughout their FACs.  See Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994) (finding that materials may be considered as part of the pleadings "if the complaint specifically refers to the document and if its authenticity is not questioned") overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002).  Thus, the court will take judicial notice of the newsletters and properly consider them in the scope of the instant motion.

1 | <u>Herbert Elected to the Board of Directors</u>, 1998 Hollister
2 | Highlights 2nd Qtr., Vol. 34, No. 2 at 1).)  The 1999
3 | article--authored by Stempinski, Winn, and Zwirner--thanks the
4 | employee shareholders for supporting the 1999 Transaction and
5 | recounts that "[w]hen we proposed the new Trust to our fellow
6 | employee-owners of common shares of [JDS], we advised that we
7 | believe the continuation of the independent and employee-owned
8 | nature of Hollister, and its governance in accordance with John
9 | Schneider's policies and principles, is in the best interests of
10 | all Hollister employees." (<u>Id.</u> (quoting <u>A Great Company:  An</u>
11 | <u>Enduring Company, A Message from Michael C. Winn, Loretta L.</u>
12 | <u>Stempinski, and Richard T. Zwirner</u>, 1999 Hollister Highlights 2nd
13 | Qrt/Special Ed., Vol. 35, No. 2 at 3).)

14 |         This specific evidence-together with plaintiffs'
15 | allegations--accurately identifies the time (directly prior to
16 | shareholder voting on the 1999 Transaction), place (shareholder
17 | meetings and a written proposal to the employee shareholders),
18 | specific content (explicit assertions that the 1999 Transaction
19 | would further John Schneider's policies and principles in
20 | establishing an independent and employee-owned corporation) of
21 | the false representations, as well as the identities of the
22 | parties to the alleged misrepresentations (Stempinski, Winn, and
23 | Zwirner).  <u>Edwards v. Marin Park, Inc.</u>, 356 F.3d 1058, 1066 (9th
24 | Cir. 2004).  Because plaintiffs have met Rule 9(b)'s
25 | particularity requirement with respect to Stempinksi, Winn, and
26 | Zwirner's alleged fraud, the statute of limitations may well have
27 | been tolled on plaintiffs' § 1113 claims stemming from the 1999
28 | Transaction.  Accordingly, the court will deny defendants' motion

1  to strike allegations in plaintiffs' FACs related to the 1999

2  Transaction that pertain to these three defendants.[5]

3          Nonetheless, plaintiffs have not met Rule 9(b)'s

4  pleading requirement with respect to the remaining defendants

5  listed in the FACs' § 1113 claims related to the 1999

6  Transaction--Brilliant, Herbert, Karlovsky, Kelleher, and

7  McCormack.  While plaintiffs allege that these defendants made

8  misrepresentations concerning the 1999 Transaction, these

9  allegations lack the requisite particularity and primarily assume

10 guilt based on defendants' fiduciary status.  As mentioned above,

11 Rule 9(b) does not allow a complaint to merely lump multiple

12 defendants together.  <u>Swartz v. KPMG LLP</u>, 476 F.3d 756, 765 (9th

13 Cir. 2007).  Rather, plaintiffs must differentiate their

14 allegations and inform each defendant separately of the

15 particularized allegations and specific evidence surrounding his

16 or her alleged participation in the fraud.   <u>Id.</u>

17         The FACs are devoid of specific allegations regarding

18 misrepresentations traceable to Brilliant, Karlovsky, Kelleher,

19 or McCormack, and thus allegations against them related to the

20 1999 Transaction must be stricken.  In contrast, the FACs do cite

21 to articles indicating that Herbert--who, in addition to

22 Stempinski, Winn, and Zwirner, was a member of the Hollister

23 Board of Directors during the 1999 Transaction--believes the 1999

24 Transaction upheld the principles and policies of John Schneider.

25 (Decl. of Scott Hubbard in Opp'n to Defs.' Mot. to Dismiss First

26 Am. Compl. Ex. L (<u>A Commitment to Continued Success:  A Message</u>

27 ───────────────────

28     [5]   Stempinski, Winn, and Zwirner in the Defazio FAC;
    Zwirner in the Ellis FAC.

from Alan F. Herbert, 1999 Hollister Highlights 2nd Qrt/Special
Ed., Vol. 35, No. 2 at 4).)  However, these alleged sentiments
were all expressed following the passing of the 1999 Transaction
and thus logically could not have played a role in fraudulently
inducing the employee shareholders to support Stempinski, Winn,
and Zwirner's written proposal regarding the 1999 Transaction.[6]
See Yourish v. Cal. Amplifier, 191 F.3d 983, 993 (9th Cir. 1999)
("Th[e] falsity requirement can be satisfied by pointing to
inconsistent contemporaneous statements . . . .") (citation
omitted) (emphasis added).

     Moreover, plaintiffs have failed to plead with
particularity that Brilliant, Herbert, Karlovsky, Kelleher, or
McCormack took any affirmative steps to conceal any alleged
fiduciary breaches.  See Ranke v. Sanofi-Synthelabo Inc., 436
F.3d 197, 204 (3d Cir. 2006) (stating that an ERISA fiduciary

---

     [6]   In this respect, plaintiffs' submitted evidence
ironically provides a rather exculpatory medium for Herbert.  One
article after another in the Hollister Newsletters states that
the written proposal detailing the 1999 Transaction, as well as
its subsequent solicitation, was within the sole control and
creative development of Herbert's fellow Hollister Board members-
-Stempinski, Winn, and Zwirner.  (See, e.g., Decl. of Scott
Hubbard in Opp'n to Defs.' Mot. to Dismiss First Am. Compl. Ex.
L. (Al Herbert Elected to the Board of Directors, 1998 Hollister
Highlights 2nd Qtr., Vol. 34, No. 2 at 1) ("Winn advised . . .
Shareholders that [Herbert's] appointment [to Hollister's Board
of Directors] last year allowed [Stempinski, Winn, and Zwirner]
to focus on the [1999 Transaction] under development by Loretta
Stempinski, Richard Zwirner and [Winn] . . . ."); id. (New Trust
Established, 1999 Hollister Highlights 2nd Qrt./Special Ed., Vol.
35, No. 2 at 1 ("[B]eliev[ing] that continued independence,
employee-ownership, and the adherence to the policies and
principles set forth by John Schneider would be in the best
interest of Hollister in the future", "Michael C. Winn, Loretta
L. Stempinski, and Richard T. Zwirner reduced their thoughts to a
written proposal [detailing the 1999 Transaction] which they
shared with common shareholders who own shares directly as
employees.").

must "have taken affirmative steps to hide an alleged breach of fiduciary duty from a beneficiary in order for the 'fraud or concealment' exception to apply"). "The fraud or concealment exception applies only when an ERISA fiduciary either misrepresents the significance of facts the beneficiary is aware of (fraud) or . . . hides facts so that the beneficiary never becomes aware of them (concealment)." Barker v. Am. Mobil Power Corp, 64 F.3d 1397, 1401 (9th Cir. 1995) (quoting Radiology Ctr., S.C. v. Stifel, Nicolaus & Co., 919 F.2d 1216, 1220 (7th Cir. 1990)).

Absent sufficient pleading of fraud on the parts of Brilliant, Herbert, Karlovsky, Kelleher, and McCormack, plaintiffs' § 1113 claims against these defendants fail because they were not brought within the applicable statute of limitations. Accordingly, the court will grant defendants' motion to strike allegations in plaintiffs' FACs related to the 1999 Transaction with respect to these five defendants.[7]

---

[7] The court will strike the Defazio FAC as follows: 14:18-24 (Herbert's statements); ¶ 34 (all references to Herbert, Karlovsky, and McCormack); ¶ 40 (reference to Herbert); ¶ 42 (reference to Herbert); ¶ 43 (reference to Herbert but not including article with Winn statement); ¶ 44 (in its entirety); ¶ 51 (reference to Herbert); ¶ 52 (reference to Herbert); ¶ 53 (reference to Herbert); ¶¶ 56-58 (references to Herbert); ¶ 65 (reference to Karlovsky and McCormack); ¶ 71 (second sentence only); ¶ 119 (all references to Brilliant, Karlovsky, Kelleher, and McCormack); ¶ 124 (all references in first half of sentence to Brilliant, Herbert, Karlovsky, Kelleher, and McCormack); ¶ 125 (all references to Herbert, Karlovsky, and McCormack); ¶ 132 (all references in first half of sentence to Brilliant, Herbert, Karlovsky, Kelleher, and McCormack); and ¶ 133 (all references to Herbert, Karlovsky, and McCormack).
The court will strike the Ellis FAC as follows: 10:16-21 (Herbert's statements); ¶ 23 (all references to Herbert, Karlovsky, and McCormack); ¶ 29 (reference to Herbert); ¶ 33 (in its entirety); ¶ 41 (reference to Herbert); ¶ 42 (reference to

2.    Non-1999 Transaction Claims Against Stempinski and
      Winn

Contending that the November 1, 2007 Order's dismissal
of claims against them was not restricted to events surrounding
the 1999 Transaction, Stempinski and Winn move to strike the
Defazio FAC's claims unrelated to the 1999 Transaction on two
grounds.  First, Stempinski and Winn argue that they effectively
delegated their fiduciary status to the Hollishare trustees and
therefore have no actual fiduciary relationship to Hollishare for
which they could be found liable.  Second, even if found to be
Hollishare fiduciaries, Stempinksi and Winn next argue by analogy
that because the November 1, 2007 Order dismissed the TACs'
claims against defendant Fremgen--who, like Stempinski and Winn,
was sued in his capacity as a director of JDS and
Hollister--plaintiffs likewise cannot state cognizable claims
against them in their purported fiduciary capacities.[8]

_____

Herbert); ¶ 77 (all references to Brilliant, Karlovsky, Kelleher,
and McCormack); ¶ 82 (all references in first half of sentence to
Brilliant, Herbert, Karlovsky, Kelleher, and McCormack); ¶ 83
(all references to Herbert, Karlovsky, and McCormack); ¶ 90 (all
references in first half of sentence to Brilliant, Herbert,
Karlovsky, Kelleher, and McCormack); and ¶ 91 (all references to
Herbert, Karlovsky, and McCormack).

    [8]    In their prior motions, Stempinski and Winn suggested
that neither one had any responsibility for the policies,
operations, and administration of Hollishare six years prior to
being named in this suit.  Ellis v. Hollister, Inc., No. 05-0559,
2006 WL 988529, at *8 (E.D. Cal Apr. 14, 2006).  Based partially
on this premise, Judge Karlton dismissed, with prejudice,
plaintiffs Dimaro and Lavick's claims against Stempinski (id. at
23:14-15) and Winn based on statute of limitations.  (June 27,
2006 Status (Pretrial Scheduling) Conference 10:24-25.)
    Judge Karlton initially deferred resolution of
defendants' motion to dismiss plaintiffs Dimaro and Lavick's
claims against Winn--along with defendant Herbert and former
defendant Donna Matson--therein allowing these plaintiffs

1    In their capacity as Hollister directors, Stempinski
2  and Winn contend that their core responsibilities revolved solely
3  around the appointment, removal, and monitoring of Hollishare
4  trustees.  (Defazio TAC App. Ex. A §§ 11.05, 11.07, 11.11
5  (Hollishare Employee Ownership Share Trust instrument (the
6  "Hollishare instrument")).)  In all other respects, their
7  Hollishare-related responsibilities were purportedly delegated to
8  the appointed trustees in accord with the Hollishare instrument.
9  (Id. Ex. A.)  Therefore, under the premise that the Hollister
10 directors retained only minor, post-delegation oversight
11 responsibilities, Winn and Stempinski argue that they were
12 released from any fiduciary liability with respect to Hollishare.
13 See Madden v. ITT Long Term Disability Plan for Salaried
14 Employees, 914 F.2d 1279, 1283-84 (9th Cir. 1990) (Board of
15 Director's delegee became sole fiduciary when, as expressly
16 authorized in ERISA plan, the Board designated "responsibility
17 for carrying out all phases of the Administration of the Plan")

---

19 forty-five days to conduct discovery and file another opposition
20 or concession of non-opposition.  Ellis, 2006 WL 988529, at *8.
   Because Dimaro and Lavick failed to file an opposition or request
21 an extension within the forty-five day period set forth in the
   April 12, 2006 Order, Judge Karlton subsequently granted
22 defendants' motion to dismiss the claims against Winn, Herbert,
   and Matson.  (June 27, 2006 Status (Pretrial Scheduling)
23 Conference 10:24-25.)
       However, it has come to this court's attention that
24 Winn and Stempinski were indeed directors of Hollister and thus
   were "named fiduciaries" of Hollishare, until May 11, 2001--well
25 within ERISA's six year statute of limitations.  (See Defs.' Mem.
   in Opp'n to Pls.' Mot. to Set Aside J. 2:10-15 ("[U]nder the
26 HolliShare Plan documents, members of the Board of Directors of
   Hollister [including defendants Winn and Stempinski] are
27 designated as "named fiduciaries" of Hollishare . . . [a]s such,
   defendants' statements in their memorandum filed in support of
28 their motion to dismiss were not consistent with the HolliShare
   plan documents in this respect.").)

1  (emphasis added); <u>Gelardi v. Pertec Computer Corp.</u>, 761 F.2d

2  1323, 1325 (9th Cir. 1985) (once the employer appointed a plan

3  administrator and gave it total control over the benefit plan,

4  employer was no longer a fiduciary).

5       The text of the Hollishare instrument, however,

6  explicitly refers to the Hollister directors as "named

7  fiduciaries" and sets forth that "in addition to the duties

8  [i.e., appointment, removal, and monitoring of trustees] imposed

9  on [Hollister] by this Trust, [Hollister] shall also serve as

10 [Hollishare] Administrator and shall, in such capacity, be

11 responsible for carrying out the duties of [Hollishare] and

12 compliance with all applicable law and regulations." (Defazio

13 TAC App. Ex. A, § 11.11.)

14      Given the Hollishare instrument's plain language, in

15 combination with persuasive congressional intent that the

16 definition of "fiduciary" in ERISA is "to be broadly construed,"

17 <u>Credit Managers Ass'n v. Kennesaw Life & Accident Ins. Co.</u>, 809

18 F.2d 617, 625 (9th Cir. 1987), the court finds that Hollister's

19 directors--despite delegating substantial authority to the

20 Hollishare trustees--appear to retain a substantive level of

21 fiduciary responsibility which could subject them to liability

22 for breach of that duty. <u>See</u> <u>Stewart v. Thorpe Holding Co.</u>

23 <u>Profit Sharing Plan</u>, 207 F.3d 1143, 1157 (9th Cir. 2000) (even

24 when a committee or separate entity is named as the plan

25 fiduciary, the corporate officers who continue to carry out

26 fiduciary functions are themselves fiduciaries and cannot be

27 shielded from liability); <u>Kayes v. Pac. Lumber Co.</u>, 51 F.3d 1449,

28 1459-61 (9th Cir. 1995) (rejecting the Third Circuit's approach

17

1   that relieves individual officers or directors of liability as

2   fiduciaries unless the entity that is anointed plan's fiduciary

3   officially delegates its fiduciary duties back to them).

4          Plaintiffs' second argument based on the November 1,

5   2007 Order's dismissal of claims against Fremgen is also

6   unavailing.  Specifically, the court dismissed charges against

7   Fremgen because the TACs hastily lumped all of the defendants

8   together, therein failing to identify which defendant committed

9   which alleged breach of fiduciary duty and that said defendant

10  was acting as a Hollishare fiduciary at the time he or she

11  engaged in the alleged activity.  (Nov. 1, 2007 Order

12  24:22-25:2); see also Ariz. State Carpenters Pension Trust Fund

13  v. Citibank, 125 F.3d 715, 719 (9th Cir. 1997) ("Generally, if an

14  ERISA plan expressly provides for a procedure allocating

15  fiduciary responsibilities to persons other than named

16  fiduciaries under the plan, the named fiduciary is not liable for

17  an act or omission of such person in carrying out such

18  responsibility.").  Rather, liability under ERISA can be based

19  only upon each defendant's individual fiduciary responsibilities.

20  See Pegram v. Herdrich, 530 U.S. 211, 227 (2000) (pleadings must

21  be parsed very carefully to understand what acts by each person

22  are alleged to be fiduciary in nature).

23          In the Defazio FAC, plaintiffs cure these deficiencies

24  by alleging that each director defendant (thus incorporating

25  Stempinski and Winn) committed the purported breaches while

26  explicitly acting within their capacity as "named fiduciaries" of

27  Hollishare as defined by the instrument--i.e., related to their

28  duty to appoint, remove, and monitor Hollishare trustees.  See

18

Defazio FAC ¶ 10 ("The Hollister's Board was responsible for appointing and overseeing HolliShare's trustees; and, consequently, had fiduciary responsibilities for [Hollishare]. Even so, they never monitored HolliShare's trustees' performance of its responsibilities; never supplied the trustees with critical adverse information known to them about JDS's financial condition; and never sought to remove HolliShare trustees for failing to discharge their obligations at any time.").) Accordingly, the court will deny Stempinski and Winn's motion to strike plaintiffs' non-1999 Transaction ERISA claims against them in the Defazio FAC.[9]

        3.   <u>Class Action Allegations</u>

It is well established that Federal Rule of Civil Procedure 23 places the burden on the party seeking class certification to allege and thereafter establish "numerosity," "commonality," "typicality," and "adequacy of representation." Fed. R. Civ. P. 23(a); <u>Doninger v. Pac. Nw. Bell, Inc.</u>, 564 F.2d

---

[9]    In light of Judge Karlton's previous orders, however, plaintiffs Dimaro and Lavick are precluded from pursuing any claims against defendants Winn, Stempinski, and Herbert.  (Apr. 12, 2006 Order; June 27, 2006 Status (Pretrial Scheduling) Conference.)  While plaintiffs previously filed a motion to set aside these orders under Federal Rule of Civil Procedure 60(b)(3) that motion was clearly time-barred.  Specifically, plaintiffs filed their motion to set aside the orders on September 12, 2007, evading the requirement that they bring such motion within one year of Judge Karlton's April 12, 2006 and June 27, 2006 Orders dismissing their claims.  <u>See</u> Fed. R. Civ. P. 60(c) ("A motion under [Rule 60(b)(3)] must be made . . . no more than a year after the entry of the judgment or order or the date of the proceeding."); <u>see also</u> <u>Butz v. Mendoza-Powers</u>, 474 F.3d 1193, 1195 (9th Cir. 2007) (motion to set aside judgment under Rule 60(b)(3) must be brought within one year of the judgment that is being attacked).  Thus, this court defers to Judge Karlton's orders dismissing all of Dimaro and Lavick's claims against the aforementioned defendants.

1304, 1309 (9th Cir. 1977).  Plaintiffs' class action allegations
in the Defazio FAC meet this burden.  (Defazio FAC ¶¶ 13-20.)
Defendants nonetheless argue that the Defazio FAC's class action
allegations--added for the first time in this version of the
Compaint--should be stricken because converting the matter to a
class action over three years after these consolidated cases were
initially filed "would further delay and complicate this already
protracted case."  (Defs.' Mem. in Supp. of Mot. to Dismiss
5:5-15.)

        While the court is empathetic to arguments regarding
the prolonged nature of this matter, it also recognizes that
amendments adding class action allegations "are not normally
denied solely on the ground that the new claim was offered late
in the case."  Henderson v. Nat'l R. Passenger Corp., 117 F.R.D.
620, 622 (N.D. Ill. 1987) (finding that because a stand alone
assertion of "undue delay" is unlikely to justify dismissal,
plaintiff's addition of class action allegations would be
dismissed only where defendant could show that the proposed
amendment would cause undue delay and prove futile for failure to
meet the requirements for class certification).  Moreover, though
this case's origins indeed date back over three years, this
matter regrettably is still in its early litigious stages.  See
Contract Buyers League v. F & F Inv., 48 F.R.D. 7, 14 (N.D. Ill.
1969) ("[T]he earlier the stage of the proceeding, the more
liberally should the court construe the applicability of Rule
23.").  Due to three judicial reassignments as well as four
amendments to the Complaints, and the scorched-earth litigation
tactics in this case, the parties have only recently been

1  apprised of the Scheduling Order and are not required to make
2  their initial discovery disclosures until later this month.
3  (Feb. 19, 2008 Status (Pretrial Scheduling) Order (setting an
4  April 11, 2008 due date for initial discovery disclosures)); see
5  also Siegel v. Chicken Delight, Inc., 271 F. Supp. 722, 728 (S.D.
6  Cal. 1967) (allowing plaintiffs to add class action allegations
7  because "[t]o rule otherwise at this early stage of the
8  proceedings would be to give credence and substance to factual
9  assertions on the part of the defense which have yet to make
10 their appearance on the judicial stage").

11      Where the Defazio FAC's class action allegations
12 "address each of the elements of Rule 23, relate to the subject
13 matter of the litigation, and are not redundant, immaterial, or
14 impertinent," the court must find that the allegations--viewed in
15 the light most favorable to plaintiffs--are sufficient to survive
16 a motion to strike.  Clark v. State Farm Mut. Auto. Ins. Co., 231
17 F.R.D. 405, 407 (C.D. Cal. 2005).  Whether plaintiffs will be
18 able to succeed on a motion for class certification, however, is
19 an entirely separate matter to be decided at a later date.  See
20 Rodriguez v. Cal. Highway Patrol, 89 F. Supp. 2d 1131, 1143 (N.D.
21 Cal. 2000) (declining to strike the Complaint's class allegations
22 because "the appropriateness of [the class allegations] will be
23 tested in the context of a motion for certification of the
24 class").  Accordingly, the court will deny defendants' motion to
25 strike the Defazio FAC's class action allegations.

26      4.   Allegations Based on Defendants' Statements in
27           Court Filings

28      In portions of both FACs, plaintiffs allege that

several of defendants' statements made in their court filings
throughout the course of this litigation constitute fraudulent
misrepresentations that may serve as a separate basis for
plaintiffs' ERISA claims.  For example, in paragraphs eighty-
three through eighty-six of the Defazio FAC, plaintiffs cite
to--and reproduce verbatim--large excerpts from arguments that
defendants made in past submissions of legal memoranda in an
attempt to support plaintiffs' allegations of fraud and
concealment.  (Defazio FAC ¶¶ 83-86.)

        In their opposition to defendants' motion to strike
allegations based on these statements, plaintiffs do not (and
cannot) provide the court with any support for their distorted
argument that statements from legal memoranda may substantiate
ERISA claims against defendants in the very same judicial
proceeding in which the material was submitted.  Foremost, the
statements in defendants' filings were not directed to any plan
participants and/or beneficiaries, but were instead made to this
court in the course of pending litigation.  See Lincoln Alameda
Creek v. Cooper Indus., Inc., 829 F. Supp. 325, 330 (N.D. Cal.
1992) ("The class of persons entitled to rely upon the
representation is restricted to those to whom or for whom the
misrepresentations were made.").  Thus, if defendants have indeed
submitted fraudulent filings, the proper reaction--as opposed to
a plaintiffs' improper manufacturing of additional allegations in
their FACs--may well be a Rule 11 assessment or a "fraud on the

1  court"[10] inquiry that weighs whether such misconduct "harm[s] . .

2  . the integrity of the judicial process."  <u>Alexander v.</u>

3  <u>Robertson</u>, 882 F.2d 421, 424 (9th Cir. 1989).

4      Moreover, where plaintiffs' claims arise from

5  defendants' alleged pre-litigation acts or omissions, it is

6  illogical to treat defendants' responses and representations made

7  after plaintiffs' claims were asserted as a basis for the claims

8  themselves.  Indeed, once the initial claims of fraud or

9  concealment have been made, plaintiffs can hardly maintain that

10  they are relying to their detriment on defendants' subsequent

11  statements defending against those claims.  Accordingly, the

12  court will grant defendants' motion to strike plaintiffs'

13  allegations based on defendants' statements made in court

14  filings.[11]

15      B.   <u>Motion to Dismiss Claims Against Fremgen and Herbert</u>

16      Defendants also move to dismiss plaintiffs' claims

17

18

---

19  [10]   "'Fraud upon the court' should, we believe, embrace
    only that species of fraud which does or attempts to, defile the
20  court itself, or is a fraud perpetrated by officers of the court
    so that the judicial machinery can not perform in the usual
21  manner its impartial task of adjudging cases that are presented
    for adjudication."  <u>Gumport v. China Int'l Trust & Inv. Corp.</u>,
22  926 F.2d 912, 916 (9th Cir. 1991) (citation omitted).  Here, a
    "fraud on the court" inquiry is premature.  <u>See</u> <u>Chambers v.</u>
23  <u>NASCO, Inc.</u>, 501 U.S. 32, 43 (1991) ("A court must exercise its
    inherent powers with restraint and discretion in light of their
24  potency.");  <u>Toscano v. Comm'r</u>, 441 F.2d 930, 934 (9th Cir. 1971)
    (noting that the phrase "fraud on the court" "should be read
25  narrowly, in the interest of preserving the finality of
    judgments").

26  [11]   The court will strike the Defazio FAC as follows: ¶ 81
    ("Nevertheless, the original defendants have continually
27  represented to the Court that no other market for JDS stock
    existed.");  ¶¶ 82-90, 107-08 (in their entirety).  The Court will
28  also strike paragraph fifty-six of the Ellis FAC in its entirety.

against Fremgen[12] and Herbert.   On a motion to dismiss, the court
must accept the allegations in the complaint as true and draw all
reasonable inferences in favor of the plaintiff.  Scheuer v.
Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by
Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S.
319, 322 (1972).   To survive a motion to dismiss, a plaintiff
needs to plead "only enough facts to state a claim to relief that
is plausible on its face."  Bell Atl. Corp. v. Twombly, 127 S.
Ct. 1955, 1974 (2007).   Dismissal is appropriate, however, where
the plaintiff fails to state a claim supportable by a cognizable
legal theory.   Balistreri v. Pacifica Police Dep't, 901 F.2d 696,
699 (9th Cir. 1990); see also Conley v. Gibson, 355 U.S. 41, 47
(1957) (complaint must "give the defendant fair notice of what
the plaintiff's claim is and the grounds upon which it rests")
abrogated on other grounds by Twombly, 127 S. Ct. at 1968.

Duplicating the assertions in Stempinski and Winn's
above-referenced motion to strike, defendants contend that
dismissal of Fremgen and Herbert is warranted because acts taken
in their capacity as Hollister directors cannot render them
liable for breaches of fiduciary duties in connection with
Hollishare--duties which they argue were delegated to the
Hollishare trustees.   Like Stempinski and Winn, however,
defendants overlook the allegation that, as Hollister directors,
Fremgen and Herbert remained "named fiduciaries" of Hollishare
even after the delegation.   In this capacity, Fremgen and Herbert

---

[12]    While the Defazio FAC reasserts claims against both
Fremgen and Herbert, the Ellis FAC omits any reference to
Fremgen.

24

1  retained the substantial fiduciary duty to appoint, remove, and
2  monitor Hollishare trustees as well as serve as Hollishare
3  administrators charged with the obligation to keep Hollishare
4  compliant "with all applicable law and regulations." (Defazio
5  TAC App. Ex. A, § 11.11.); see also Stewart v. Thorpe Holding Co.
6  Profit Sharing Plan, 207 F.3d 1143, 1157 (9th Cir. 2000) (even
7  when a committee or separate entity is named as the plan
8  fiduciary, the corporate officers who continue to carry out
9  fiduciary functions are themselves fiduciaries and cannot be
10 shielded from liability).

11       As discussed above, the November 1, 2007 Order
12 dismissed claims against Hollister directors not for a lack of
13 fiduciary responsibilities to Hollishare, but because plaintiffs'
14 TACs carelessly failed to identify which defendant committed
15 which alleged breach of fiduciary duty or allege that a
16 defendant, once identified, was acting as a Hollishare fiduciary
17 at the time he or she committed the breach. (Nov. 1, 2007 Order
18 24:22-25:2.).  See Pegram v. Herdrich, 530 U.S. 211, 227 (2000)
19 (pleadings must be parsed very carefully to understand what acts
20 by each person are alleged to be fiduciary in nature).  Again,
21 the Defazio FAC cures these deficiencies by alleging that each
22 director defendant (including Fremgen and Herbert) committed the
23 purported breaches while explicitly acting within their capacity
24 as a "named fiduciaries" of Hollishare.  See Defazio FAC ¶ 10
25 ("[The Hollister's Board] never monitored HolliShare's trustees'
26 performance of its responsibilities; never supplied the trustees
27 with critical adverse information known to them about JDS's
28 financial condition; and never sought to remove HolliShare

trustees for failing to discharge their obligations at any time.").)  Accordingly, the court will deny defendants' motion to dismiss plaintiffs' claims against Fremgen and Herbert.[13]

IT IS THEREFORE ORDERED that:

(1)  defendants' motion to strike plaintiffs' allegations regarding the 1999 Transaction with respect defendants Stempinski, Winn, and Zwirner be, and the same hereby is, DENIED;

(2)  defendants' motion to strike plaintiffs' allegations regarding the 1999 Transaction with respect to defendants Brilliant, Herbert, Karlovsky, Kelleher, and McCormack be, and the same hereby is, GRANTED;

(3)  defendants Stempinski and Winn's motion to strike plaintiffs' non-1999 Transaction claims in the Defazio FAC with respect to them be, and the same hereby is, DENIED;

(4)  defendants' motion to strike plaintiffs' class action allegations in the Defazio FAC be, and the same hereby is, DENIED;

(5)  defendants' motion to strike plaintiffs' allegations based on defendants' statements in the court filings of this case be, and the same hereby is, GRANTED;

(6)  defendants' motion to dismiss plaintiffs' claims against defendant Fremgen be, and the same hereby is, DENIED; and

(7)  defendants' motion to dismiss plaintiffs' non-1999 Transaction claims against defendant Herbert be, and the same

---

[13]     Because the court granted defendants' motion to strike allegations related to the 1999 Transaction against Herbert, the instant denial of defendants' motion to dismiss claims against Herbert applies only to plaintiffs' non-1999 Transaction claims.

hereby is, DENIED.

Plaintiffs are not specifically invited to amend their complaint yet a fifth time, but if they seek to do so, any fifth amended complaint shall be filed no later than 30 days from the date of this order.

DATED:  April 7, 2008

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

27