UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JAMES P. DEFAZIO, et al.,

        Plaintiffs,

  v.

HOLLISTER, INC., et al.,

        Defendants.
_____/

NOS. CIV. 04-1358 WBS GGH
05-0559 WBS GGH
05-1726 WBS GGH
CONSOLIDATED

ORDER RE: REQUEST FOR STAY OF MOTION FOR PARTIAL SUMMARY JUDGMENT

----oo0oo----

After filing their Fifth Amended Complaint, plaintiffs Jim DeFazio, Theresa Beetham, Brenda Dimaro, DeLane Humphries, Hallie Lavick, Michael McNair, Sonya Pace, Judy Seay, Nancy Russell Stanton, and Cindy Wirth (collectively "plaintiffs") filed a motion on August 15, 2008 for partial summary judgment on their prohibited transaction claims against defendants Hollister, Inc., Hollister Employee Share Ownership Trust, The Firm of John Dickinson Schneider, Inc. ("JDS"), Samuel Brilliant, Richard Fremgen, Donald Groneberg, Charles Gunderson, Alan Herbert, James

1

Karlovsky, Lori Kelleher, James McCormack, Charles Schellentrager, Howard Simon, Loretta Stempinski, Michale Winn, and Richard Zwirner pursuant to Federal Rule of Civil Procedure 56.[1]  Plaintiff Kathleen Ellis joined plaintiffs' motion for partial summary judgment on September 15, 2008.  On August 20, 2008, defendants JDS, Hollister Inc., Alan F. Herbert, and Richard I. Fremgen moved to stay consideration of plaintiffs' motion for partial summary judgment until the close of discovery pursuant to Federal Rule of Civil Procedure 56(f).

         Federal Rule of Civil Procedure 56(f) provides that, "[i]f a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order."  Fed. R. Civ. P. 56(f).  For a court to grant a Rule 56(f) request, the party requesting it "must show (1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion."  California v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998).  A court must liberally construe a Rule 56(f) request and "should continue a summary judgment motion upon a good faith showing by affidavit that the continuance is needed to obtain facts essential to

---

[1] Because of plaintiff's rescheduling of the hearing date, the motion for summary judgment was filed and re-noticed on August 26, 2008.

2

preclude summary judgment."  Id.; Visa Int'l Serv. Ass'n v. Bankcard Holders of Am., 784 F.2d 1472, 1475 (9th Cir. 1986).

The court finds that the defendants' request, along with the declaration by defense counsel L. Andrew Brehm, meets this standard.  Accordingly, pursuant to Federal Rule of Civil Procedure 56(f), the court will deny plaintiffs' motion for partial summary judgment without prejudice to its renewal following the close of discovery.  Discovery is set to conclude on January 30, 2009.  (Feb. 19, 2008 Status (Pretrial Scheduling) Order 2:20-22.)  In the interests of judicial economy, even though not all defendants named in the motion for partial summary judgment have made requests pursuant to Federal Rule of Civil Procedure 56(f), the court will deny the motion for partial summary judgment without prejudice as to all defendants.

IT IS THEREFORE ORDERED that plaintiffs' motion for partial summary judgment of the prohibited transaction claims be, and the same hereby is, DENIED without prejudice to plaintiffs' right to renew such motion after the close of discovery.

DATED:  October 6, 2008

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE