IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES P. DeFAZIO,

        Plaintiff,                No. CIV S-04-1358 WBS GGH

    vs.

HOLLISTER, INC., et al.,          ORDER

        Defendants.

_____/

On November 5, 2008, the court held a telephone conference with counsel Scottlynn Hubbard for plaintiff and Andrew Brehm and Mike Bartolic for defendants.  The parties raised two issues which had presented themselves at depositions, one of which was resolved on the phone.  The second issue was reserved pending plaintiff's letter brief, which has now been filed.

At issue is the claim of common interest privilege which was invoked at earlier depositions by plaintiff's counsel.  Evidently, individual plaintiffs may have made statements relevant to the case with other plaintiffs.  No attorney was present for the at-issue communications.  Nor do the facts suggest that any plaintiff was expressly and specifically tasked by his or her attorney to meet with other plaintiffs for the purpose of acquiring information for the attorney.  Defendants argue that this privilege cannot be invoked for communications

1

1  between co-plaintiffs where plaintiffs' counsel is not present.  At the phone conference,

2  defendants cited three cases for the proposition that the joint defense privilege does not extend to

3  this situation, and plaintiff has now submitted a letter brief citing cases in support of this

4  protection as it applies to this scenario.

5              "The joint defense and common interest doctrines are not privileges in and of

6  themselves.  Rather, they constitute exceptions to the rule on waiver where communications are

7  disclosed to third parties."  Nidec Corp. v. Victor Company of Japan, 249 F.R.D. 575, 578 (N.D.

8  Cal. 2007).  The common interest doctrine "applies where (1) the communication is made by

9  separate parties in the course of a matter of common [legal] interest; (2) the communication is

10  designed to further that effort; and (3) the privilege has not been waived."  United States v.

11  Bergonzi, 216 F.R.D. 487, 495 (N. D. Cal. 2003).  "The 'common interest' rule protects

12  communications made when a nonparty sharing the client's interests is present at a confidential

13  communication between attorney and client."  United States v. Zolin, 809 F.2d 1411, 1415 (9th

14  Cir. 1987), overruled on other grounds by United States v. Jose, 131 F.3d 1325 (9th Cir. 1997)[1];

15  United States v. Gotti, 771 F. Supp. 535, 545 (E.D. N.Y. 1991).  See also United States v.

16  Austin, 416 F.3d 1016, 1019 (9th Cir. 2005) (finding joint defense privilege inapplicable where

17  conversations between defendants made outside counsel's presence).  Furthermore, merely

18  because co-parties may reiterate statements previously confided to their attorneys does not render

19  them protected.  The statements must be confidential communications between the client and the

20  attorney.  Schachar v. American Academy of Opthalmology, 106 F.R.D. 187, 192 (N.D. Ill.

21  1985).

22              Plaintiff has provided citations to a number of cases to support his argument for

23  protection of communications between co-plaintiffs in this case.  Most of the cited cases involve

24  _____

25  [1]Zolin has a checkered history indeed.  After the panel decision was issued, the panel granted rehearing and vacated its opinion (832 F.2d 127); thereafter, the Ninth Circuit, en banc,
26  vacated the panel's order (842 F.2d 1135).  The Supreme Court granted certiorari and affirmed in part and vacated in part the original panel decision, United States v. Zolin, 491 U.S. 554 (1989).

2

1   situations where the attorneys were present during the allegedly protected communications.  See

2   United States v. Bergonzi, 216 F.R.D. 487, 496(N.D. Cal. 2003) (acknowledging that attorneys

3   and clients working together can exchange information among themselves without waiving the

4   privilege); Imperial Corporation of America v. Shields, 179 F.R.D. 286, 288 (S.D. Cal. 1998)

5   (noting communications at issue were between attorneys and creditors' committee); Avocent

6   Redmond Corp. v. Rose Electronics, Inc., 516 F.Supp.2d 1199, 1202 (W.D. Wash. 2007)

7   (involving protection of communications between attorneys and another party); In re Mortgage &

8   Realty Trust, 212 B.R. 649, 651 (Bankr. C.D. Cal. 1997) (communication at issue was between

9   individual and attorneys); Berger v. Seyfarth Shaw, 2008 WL 4681834, *1 (N.D. Cal. 2008)

10  (meeting at issue between third party, defendants and attorneys).  But see Hewlett-Packard Co. v.

11  Bausch & Lomb Inc., 115 F.R.D. 308 (N.D. Cal. 1987) (finding common interest protection

12  without discussing whether attorney present at communications); Nidec v. Victor Company of

13  Japan, 249 F.R.D. 575 (N.D. Cal. 2007) (not clear if attorney present but failing to find common

14  interest protection, and noting other courts' disagreement with Hewlett-Packard to extent that it

15  protected commercial interest rather than legal advantage).

16          Based on these aforementioned cases, the court finds that the common interest

17  privilege does not extend to communications between co-plaintiffs where counsel is not present,

18  or at the very least, where the specific conversations of the co-parties at issue was not expressly

19  directed by counsel.

20  Dated: November 18, 2008

21                                          /s/ Gregory G. Hollows
                                            _____
22                                          U.S. MAGISTRATE JUDGE

    GGH:076/Defazio1358.dep3
23

24

25

26

                                            3