UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JAMES P. DEFAZIO, et al., | NOS. CIV. 04-1358 WBS GGH |
| | 05-0559 WBS GGH |
| Plaintiffs, | 05-1726 WBS GGH |
| | CONSOLIDATED |
| v. | ORDER |
| HOLLISTER, INC., et al., | |
| Defendants. | |

----oo0oo----

Presently before the court are three motions: defendants' motion to strike expert reports, plaintiffs' counter-motion to strike expert reports, and a joint motion to dismiss defendant Howard I. Simon, who died on October 31, 2008.

I.   <u>Motions to Strike Expert Reports</u>

Defendants move to strike the expert reports of Kevin G. Long (produced by plaintiff Kathleen Ellis) and Karen L. Handorf (produced by the DeFazio/Dimaro plaintiffs) on the grounds that the reports constitute impermissible legal opinions

1

and otherwise lack relevance.[1]  (See Docket No. 433 at 2:2-8; Docket No. 410 at 1:17-11:10.)  In the event that the court denies defendants' motion, defendants alternatively request leave to designate a rebuttal expert. (Docket No. 433 at 1:10-13.)  If the court instead grants the defendants' motion, the DeFazio/Dimaro plaintiffs in opposition ask that the court grant them leave to correct their expert disclosures rather than strike the report of Karen L. Handorf entirely.  (Docket No. 419 at 12:7-16.)

Plaintiffs also counter-move to strike the report by defendants' experts Roger Grawbowski and John Levitske and the report by defendants' expert Wallace & Associates Inc.  (See Docket No. 435 at 1:9-12; Docket No. 439 at 2:4-7.)  Plaintiffs present a number of arguments for striking these expert reports, including an assertion that defendants made factual misrepresentations to their experts.  (Id. at 5:11-6:6.)

The parties' motions, aimed at excluding the expert reports from consideration by the fact finder, are of a type better suited for determination at trial.  See Pipkin v. Burlington N. & Santa Fe R.R. Co., No. 04-5591, 2005 WL 5977657, at *1 (W.D. Wash. Oct. 26, 2005) (declining to decide a motion to exclude an expert opinion when raised well in advance of trial); In re Real Estate Assocs. Ltd. P'ship Litig., No. 98-7035, 2002 WL 31027451, at *1-2 (C.D. Cal. Aug. 29, 2002) (acknowledging

---

[1] Defendants previously filed this motion before the Magistrate Judge in connection with another motion to strike pursuant to Federal Rule of Civil Procedure 26(a)(2).  The Magistrate Judge, however, declined to consider the motion because it does not involve questions of discovery. (Dec. 1, 2008 Order (Docket No. 430) 2:7-10.)

2

that exclusion could be argued at trial but holding that a motion to exclude an expert's report and testimony before trial was premature because no party had yet relied upon the report).

Accordingly, the court will deny the motions to strike expert reports without prejudice to their renewal at trial. The court will also grant defendants' request for leave to designate a rebuttal expert.

## II. Motion to Dismiss Defendant Howard I. Simon

On December 22, 2008, the parties jointly filed a motion seeking to dismiss defendant Howard I. Simon without prejudice. The motion states that the parties have been informed that Mr. Simon died on October 31, 2008. (Docket No. 434.) The parties have stipulated to the dismissal without prejudice; no party has objected. Accordingly, the court will dismiss this action against Howard I. Simon without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). See Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 687 (9th Cir. 2005) (noting that Rule 41(a) allows a dismissal of an entire action against one defendant).

IT IS THEREFORE ORDERED that the parties' motions to strike be, and the same hereby are, DENIED without prejudice to their renewal at trial.

IT IS FURTHER ORDERED that defendants are granted leave to disclose a rebuttal expert and produce a report no later than thirty days from the date of this Order. This Order does not modify the discovery completion date of March 31, 2009.

IT IS FURTHER ORDERED that the parties' joint motion to dismiss defendant Howard I. Simon without prejudice be, and the

3

1 same hereby is, GRANTED.

2 DATED:   February 4, 2009

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4