UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JAMES P. DEFAZIO, et al., | NOS. CIV. 04-1358 WBS GGH |
| Plaintiffs, | 05-0559 WBS GGH |
| | 05-1726 WBS GGH |
| v. | |
| | ORDER DENYING |
| HOLLISTER, INC., et al., | MOTION FOR RECONSIDERATION |
| Defendants. | |

----oo0oo----

Plaintiffs move for reconsideration of the Magistrate Judge's Order of January 13, 2009, regarding the production of certain documents.

On January 12, 2009, the Magistrate Judge held a telephone conference with the parties regarding a discovery dispute they described in statements filed on January 9, 2009. (Docket Nos. 440-442.) The following day, the Magistrate Judge issued his Order directing defendants to produce certain categories of corporate documents for plaintiffs' inspection. (Docket No. 443.) Plaintiffs then filed with the undersigned an "Ex Parte Application for Reconsideration (and Clarification)" of

1

that Order on January 30, 2009, which was subsequently stricken in a minute order advising plaintiffs to file their application as a noticed motion. (Id. No. 452.) Plaintiffs filed the instant motion on February 13, 2009.

Pursuant to Federal Rule of Civil Procedure 72, a party may serve and file objections to a magistrate judge's nondispositive pretrial order "within 10 days after being served with a copy" of the order. Fed. R. Civ. P. 72(a); see Cathy v. Walker, No. 08-3855, 2009 WL 250074, at *1 (C.D. Cal. Jan. 29, 2009) ("An objection to a magistrate judge's order must be done within ten days of the filing date of the order that is being challenged.") Rule 72 further provides that "[a] party may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a). Eastern District of California Local Rule 72-303(b) similarly instructs that "[r]ulings by Magistrate Judges shall be final if no reconsideration thereof is sought from the Court within ten (10) court days calculated from the date of service of the ruling on the parties."

Under Federal Rule of Civil Procedure 6 ("Computing and Extending Time"), any objection to the January 13 Order was required to be filed no later than January 28, 2009. However, neither the instant motion nor plaintiffs' previous "Ex Parte Application for Reconsideration (and Clarification)" was filed by that date. Accordingly, plaintiffs' motion for reconsideration is untimely. See, e.g., Latlip v. Schiro, No. 07-1315, 2009 WL 247913, at *1 (D. Ariz. Feb. 2, 2009) ("The absence of a timely objection precludes later assignment of error in this court or in any higher court of the non-dispositive rulings of a magistrate

judge." (citing <u>Philipps v. GMC</u>, 307 F.3d 1206, 1210 (9th Cir. 2002); <u>Simpson v. Lear Astronics Corp.</u>, 77 F.3d 1170, 1174 (9th Cir. 1996))); <u>Clinton v. Cal. Dep't. of Corr.</u>, No. 05-1600, 2008 WL 4821744, at *3 (E.D. Cal. Nov. 4, 2008) (Karlton, J.) ("To the extent this filing is requesting the court to reconsider the magistrate judge's decision denying [the plaintiff's] motions to compel, that request must be denied as untimely." (citing Eastern District of California Local Rule 72-303(b))).

IT IS THEREFORE ORDERED that plaintiffs' motion for reconsideration of the Magistrate Judge's Order of January 13, 2009 be, and the same hereby is, DENIED.[1]

DATED: March 9, 2009

/s/ William B. Shubb
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1] The hearing set for March 16, 2009 is vacated. <u>See</u> Local Rule 28-230(h).