IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES P. DeFAZIO,

      Plaintiff,                        No. CIV S-04-1358 WBS GGH

    vs.

HOLLISTER, INC., et al.,            ORDER

      Defendants.

_____/

        Previously pending on this court's law and motion calendar for March 26, 2009, were plaintiff's ex parte application for reconsideration and clarification of this court's January 13, 2009 order, filed January 30, 2009[1], and defendants' objections to physical production of various documents, filed March 9, 2009.

I. Plaintiffs' Request for Reconsideration/Clarification of January 13, 2009 Order (Dkt. #451)

        The complete terms of the summary order issued after telephone conference are as follows:

/////

---

[1] The district judge denied plaintiff's motion for reconsideration based on untimeliness. After consultations with the district judge, and in light of plaintiffs' counsel's statements, it is now known that the initial request was meant to proceed before the undersigned as a request for the undersigned to reconsider his order.

1

On January 12, 2009, the court conducted a telephone conference at the request of the parties pertaining to a discovery dispute outlined in statements filed on January 9, 2009. (Docket Nos. 440-442.) As a result of that conference, the court now issues the following summary order.

IT IS ORDERED that for the years 1974 through July 15, 1998, defendants shall produce for inspection corporate minutes only. For the period from July 15, 1998 through the present, defendants shall permit inspection in Illinois by plaintiffs of documents assembled as described in defendants' statement.[2] Plaintiffs shall designate documents they propose to copy from both groups. If defendants do not agree to production (copying) of any of these documents subject to the operative protective order, they shall advise the court of those documents for which they resist copying.[3] No documents shall be filed *in camera* until ordered by the court. The date for production (copying) of those documents, which defendants agree can be copied, shall be arranged between the parties.

Plaintiffs now seek reconsideration/clarification of that order in regard to the court's statement that defendants shall permit inspection by plaintiffs of documents assembled "as described in defendants' statement." Plaintiffs point out that defendants' statement did not include a description of the documents they intended to produce, but only four grainy photos and a short statement,

> "Attached as Exhibit A hereto are four photographs taken of the files pertaining to the requested Board, Trustees and Corporate Deferred Benefits Committees meetings for the period from 1998 to present. From these files, defendants have culled a full banker's box of documents that defendants have committed to produce (in redacted form) in response to plaintiffs' requests."

Plaintiffs' request is based on an erroneous premise, i.e., that the court heard and adjudicated a discovery dispute on the record such that the resulting order needs clarification. In

---

[2] It appears that the documents of both Hollister and JDS have been assembled and are now in the control of Hollister. (Docket No. 440, at 20 n. 8.)

[3] As discussed at the telephone conference, the court was not inclined to order copying of documents which do not directly pertain to Hollister Employee Share Ownership Trust (HESOT), HolliShare, the Firm of John Dickinson Schneider, Inc. (JDS) Preferred Share Trust, or the John D. and Minnie R. Schneider Charitable Trust, unless ordered for attorneys' eyes only.

2

this district, in order to save parties time and resources, the magistrate judges have agreed to informally discuss potential discovery disputes if the parties so desire.  However, the magistrate judge acts more in the capacity of an issue mediator and not as an adjudicator.  The undersigned does not require the parties' participation in this informal process; rather it is the parties who ask the undersigned to become informally engaged.  The parties are informed that in the event a mutual resolution cannot be forthcoming, a formal motion must be filed.  While the undersigned will often indicate his tentative views to expedite a resolution, it is ultimately up to the parties to agree.  There are times that the potential dispute is too complex for off-the-record informal discussions.  If the parties believe that one or the other has not lived up to the agreement, the potential for the initiation of formal discovery dispute proceedings always exists (assuming sufficient time).

The parties in this case asked the undersigned to hear them out informally for a potential dispute involving a record request by plaintiffs.  The above quoted order was the agreed to resolution of the parties.  The fact that plaintiffs' counsel later had afterthoughts about the resolution, or wished to complain that what had been gathered was incomplete, or that some other not-requested document(s) now appears to be very germane, is not something which can be resolved via a request for reconsideration or clarification on an informal resolution.  Plaintiffs' request is denied.

II. <u>Defendants' Objections to Physical Production of Various Documents Inspected by Plaintiffs' Counsel (Dkt. # 465)</u>

As set forth in the resolution order, the parties expressly left open the possibility that although plaintiffs were entitled to inspect every document, defendants could object to their copying.  Implicit in that order, however, was the fact that the court could reach any disagreement about copying.  Defendants are concerned that despite the existence of protective orders, plaintiffs' seeking to copy documents delving into every area of corporate business will ultimately, greatly prejudice defendants.

3

1   Defendants object to producing certain documents listed in Exhibit A in
2 compliance with this court's January 13, 2009 order. That exhibit is 89 pages. Although
3 plaintiffs have inspected and designated these documents for copying by plaintiffs, defendants
4 object to producing them in accordance with the January 13th order which directed defendants to
5 advise the court of those documents for which they resist copying. Their reasons are that these
6 documents, as indicated by the log in Exhibit A, either do not discuss HESOT or do not discuss
7 the 1999 transaction. The log lists 947 entries which refer to 947 separate documents.
8   Defendants have attached a list of subject areas that the documents listed on the
9 log are pertinent to, none of which are the categories listed above, according to defendants. See
10 docket #465 at 2-4.
11   There is no doubt, as this litigation is now proceeding on the Fifth Amended
12 Complaint, that the range of facts underlying potential theories of recovery, even within similarly
13 stated claims, have exponentially expanded. The gravamen of the litigation has always been
14 plaintiffs' claim that the shares sold by HESOT to JDS should have been sold at market and not
15 book value. Assuming the legal correctness of the assertion, the factual difficulty in the case is
16 how to define market value for shares not sold in a market. As the case has grown, it appears
17 that plaintiffs' position requires the analysis of every JDS/Hollister corporate act on the theory
18 that every corporate act over the years might have influenced market value of shares, if only there
19 had been a market. While it may be an exaggeration to say that plaintiffs' assertions amount to
20 an argument that the ERISA tail wags the corporate dog, i.e., that the first and foremost
21 responsibility of all defendants is to maximize the value of an ERISA plan regardless of other
22 corporate goals, the arguments regarding what documents need to be copied point in that
23 direction.
24   Nevertheless, the undersigned is a discovery judge, not the final arbiter on what
25 may be relevant. And as indicated above, it is very difficult to define relevance. Doubts about
26 relevance must be decided in favor of disclosure. Given the existence of protective orders, and

despite any of the court's former tentative statements regarding relevance, defendants have simply not made the case that allowing the documents at issue to be copied will likely result in significant corporate harm. Defendants shall make arrangements to allow plaintiffs to copy the documents at issue which they wish to copy.

The undersigned acknowledges that allowing plaintiffs possession of these documents at this late date is not without problems. Discovery cutoff is presently upon us; the experts have already been deposed. To what extent, if any, the trial judge will allow opinions to be changed, refined, or modified as a result of these documents remains unknown. However, given the other dates scheduled by the trial judge in this action, there is no feasible way to tinker with discovery cutoff, nor is the undersigned inclined to extend pretrial discovery in this five year old case.

*Conclusion*

Plaintiffs' Request for Reconsideration/Clarification, Docket # 451, is denied. Defendants' notice regarding copying of documents, Docket # 465, is acknowledged, but pursuant to the court's order in connection with the informal resolution of discovery disputes, defendants are ordered to permit copying pursuant to the protective order provisions in this case.

Dated: March 27, 2009

/s/ Gregory G. Hollows
_____
U.S. MAGISTRATE JUDGE

GGH:076/Defazio1358.rec