Enclosure 2

RESTATED ARTICLES OF INCORPORATION

OF

THE FIRM OF JOHN DICKINSON SCHNEIDER, INC.


ARTICLE ONE

The name of the Corporation is The Firm of John Dickinson Schneider, Inc., a close corporation.  The Corporation was incorporated on October 11, 1956, under the name of The Firm of JOHN DICKINSON SCHNEIDER, Inc. and reorganized as a close corporation under The Close Corporation Act on May 25, 1978.


ARTICLE TWO

The address of the Corporation's registered office in Illinois is One Prudential Plaza, 130 E. Randolph Street, Suite 3800, Chicago, Illinois 60601, and the name of its registered agent at such address is Richard T. Zwirner.


ARTICLE THREE

The duration of the Corporation is perpetual.


ARTICLE FOUR

The purpose or purposes for which the Corporation is organized are:

To be a close corporation;

To purchase and otherwise acquire, manufacture and otherwise produce, own and otherwise invest in, use, sell and otherwise dispose of, and generally trade and deal in, goods, wares, merchandise, other personal property and services of every kind and description;

To purchase, take, receive, subscribe for or otherwise acquire, own, hold, vote, use, employ, sell, mortgage, lend, pledge or otherwise dispose of, and otherwise use and deal in and with, shares or other interests in, or obligations of, other corporations, firms, partnerships and proprietorships;

To purchase, take, receive or otherwise acquire, own, hold, transfer or otherwise dispose of, shares of the Corporation in accordance with The Close Corporation Act, Business Corporation Act and these Restated Articles of Incorporation; and

H 02340
CONFIDENTIAL

To have and exercise such other powers conferred upon corporations formed under The Close Corporation Act and Business Corporation Act as are necessary and proper to carry out the above purposes.

## ARTICLE FIVE

I.   The aggregate number of shares which the Corporation is authorized to issue is 121,260,000, divided into two classes. The designation of each class, the number of shares of each class, and the par value, if any, of the shares of each class, or a statement that the shares of any class are without par value, are as follows:

| Class | Series (if any) | Number of Shares | Par value per share or statement that shares are without par value |
|-------|-----------------|------------------|--------------------------------------------------------------------|
| Common |  | 50,000,000 | Par value $0.01 per share |
| Preferred |  | 71,260,000 | Par value $0.01 per share |

II.   The preferences, qualifications, limitations, restrictions and the special or relative rights in respect of the shares of each class are:

A.   Dividends.

The holders of the preferred shares shall be entitled to receive when and as declared by the Board of Directors, out of funds legally available for that purpose, dividends at the rate of 12% of the par value per share per year. Such dividends shall be cumulative and shall be payable semi-annually on the fifth day of January and July in each year (and the semi-annual dividend periods shall commence on the sixth day of those months).  The Board of Directors shall not be required to declare a dividend on the preferred shares before declaring a dividend on the common shares.

B.   Liquidation, Dissolution or Winding Up.

In the event of any voluntary or involuntary liquidation, dissolution or winding up of the Corporation, the holders of the preferred shares shall be entitled to be paid the sum of $0.01 per share, plus the amount of any dividends declared but not paid at the time of such liquidation, dissolution or winding up, before any distribution or payment shall be made to holders of common shares of the Corporation.  In the event of any such liquidation, dissolution or winding up of the Corporation, after payment shall have been

- 2 -

H 02341
CONFIDENTIAL

made in full to holders of preferred shares in accordance with this paragraph, the holders of common shares shall be entitled to receive any and all assets remaining to be paid or distributed and the holders of preferred shares shall not be entitled to share therein.

C.   Restriction of Classes of Persons Entitled to Hold Shares.

Subject to the exception set forth in paragraph E below, the following are the only classes of persons entitled to be holders of shares of any class: holders of shares of the Corporation as of May 5, 1978; directors and officers of the Corporation or of Hollister Incorporated who (in the opinion of the Corporation's Board of Directors) have performed substantial and continuing services for the Corporation or Hollister Incorporated; employees of the Corporation, of Hollister Incorporated or of any other corporation controlled by one or more of such corporations; and any deferred benefit plan maintained for the exclusive benefit of such directors, officers or employees.

D.   Transfer Restrictions and Repurchase by the Corporation.

Except as provided in this paragraph D and subject to the restriction set forth in paragraph C above, shares of the Corporation shall not be transferred, directly or indirectly, to any person, firm, corporation, trust, entity or other holder, whether by cash sale, contract, deed, gift, operation of law, sale pursuant to lien, pledge, security agreement or judicial process, or otherwise.  No transfer or attempted transfer of any one or more shares of the Corporation, or of any interest, legal or equitable, or claimed interest in such shares, shall be effective unless and until the following conditions shall have been satisfied:

1.   Option to Repurchase.

a.   In the event of termination, by death or for any other reason, of the employment of any shareholder of the Corporation (other than John D. Schneider) by the Corporation, Hollister Incorporated, any subsidiary of the Corporation or Hollister Incorporated, or any other corporation controlled by one or more of such corporations, or in the event any non-employee shareholder ceases for any reason to be a director or officer of the Corporation or Hollister Incorporated, the Corporation shall have the option to repurchase any and all shares which such person owned, held or in which he or she had an interest, legal or equitable, or claimed an interest, at the time of such termination of employment.

- 3 -

H 02342
CONFIDENTIAL

b.    The Corporation shall repurchase pursuant to its option all of such person's shares at the price and in the manner set forth in subparagraphs 3 and 4 of this paragraph D unless the Corporation delivers a written notice to such person or his or her personal representative (within 30 days after the date of termination of employment or cessation of a non-employee's status as director or officer) setting forth the Corporation's election not to exercise its option to repurchase any or all of the shares held by such person. The written notice (if any) to such person or his or her personal representative of an election by the Corporation not to exercise its option to repurchase shall: (1) state which shares shall not be repurchased by the Corporation and which shares, if any, shall be repurchased, and (2) be delivered in person or sent by certified mail with return receipt requested, to such person or his or her personal representative at his or her last known address.

c.    The effective date of exercise of any such option (i.e., if the Corporation does not deliver the written notice provided for above) and the effective date of the repurchase (on the Corporation's share transfer records and for all other purposes) shall be the date of termination of employment or cessation of a non-employee's status as director or officer (hereinafter the "Repurchase Date").

2.    Right of First Refusal.

a.    If any owner, person, personal representative, firm, corporation, trust, entity or other holder desires or intends to transfer any one or more shares of the Corporation, or to create any interest, legal or equitable, in such shares, such holder shall first offer in writing, at least 30 days prior to such transfer or creation of an interest, to sell to the Corporation all shares of the Corporation which such holder desires or intends to transfer, or in which such holder desires or intends to create an interest, at the price and in the manner set forth in subparagraphs 3 and 4 of this paragraph D.

b.    Each written offer to the Corporation shall: (1) state the name of the holder of the shares offered to the Corporation and the certificate number or numbers of such shares, and (2) be delivered in person or sent by certified mail with return receipt requested, to Corporate Secretary, The Firm of John Dickinson Schneider, Inc., at 2000 Hollister Drive, Libertyville, Illinois 60048, or at such other office as the Corporate Secretary shall designate in writing to the shareholders.

- 4 -

H 02343
CONFIDENTIAL

c.    The Corporation shall repurchase all shares covered by the written offer at the price and in the manner set forth in subparagraphs 3 and 4 of this paragraph D unless the Corporation delivers a written notice to such holder (within 30 days after receipt of the written offer) setting forth the Corporation's election not to exercise its right to repurchase any or all of the shares covered by the written offer.   The written notice (if any) from the Corporation to the holder of an election by the Corporation not to exercise its right of repurchase shall: (1) state which shares shall not be repurchased by the Corporation and which shares, if any, shall be repurchased, and (2) be delivered in person or sent by certified mail with return receipt requested to the holder at his or her last known address.

d.    The effective date of exercise of any such right of first refusal (i.e., if the Corporation does not deliver the written notice provided for above) and the effective date of the repurchase (on the Corporation's share transfer records and for all other purposes) shall be the date on which the holder first becomes obligated, in accordance with these Restated Articles of Incorporation, to offer such shares to the Corporation (hereinafter the "Repurchase Date").

3.    Repurchase Price.

All shares repurchased by the Corporation pursuant to the provisions of subparagraphs 1 or 2 of this paragraph D shall be repurchased at the following prices:

a.    The price of each preferred share shall be $0.01 plus the amount of any dividends declared but not paid prior to the Repurchase Date.

b.    The price of each common share shall be its book value as of the end of the calendar month in which the Repurchase Date occurs, plus the amount of any dividends declared but not paid prior to the Repurchase Date.   The book value of each common share shall be the book value as reflected on the books of the Corporation and a report by an independent certified public accountant retained by the Corporation stating such book value shall be conclusive proof thereof, regardless of whether the accountant's opinion is qualified.

4.    Payment for Repurchased Common Shares.

a.    The aggregate price of any common shares repurchased by the Corporation shall be paid as follows: The greater of the first $250,000 or 10% of the aggre-

- 5 -

H 02344
CONFIDENTIAL

gate price shall be paid in cash and the balance shall be paid in the form of a promissory note of the Corporation payable (1) to the holder of such common shares, (2) at the principal office of the Corporation, (3) in equal quarterly installments of principal (plus interest), and (4) over a period of ten years, or, if the principal amount is $135,000 or less, over such lesser number of years determined by dividing the principal amount of the note by $15,000 and, in the case of a partial year, rounding up to the next full year, i.e., a promissory note in the amount of $120,001 to $135,000 will be payable over nine years, $105,001 to $120,000 over eight years, and so on.

The principal amount of the note shall be equal to such balance of the aggregate price of such common shares, and interest shall be paid on the unpaid principal balance at the rate per year determined below. The note shall be subordinated to other indebtedness of the Corporation, except that the note shall not be subordinated to other notes delivered in payment for common shares repurchased by the Corporation.

b.     The interest rate on any such subordinated promissory note shall be determined by taking the yield average for industrial bonds of Baa rated issuers for the month in which the Repurchase Date occurs as quoted in Moody's Bond Record published by Moody's Investors Service, Inc. (hereinafter the "yield average").  If for any reason Moody's Bond Record is discontinued, the Corporation's Board of Directors shall specify a substitute yield average set forth in another publication which yield average the Board in its sole and unlimited discretion deems comparable to the yield average in Moody's Bond Record.  Notwithstanding the result of the foregoing interest rate determination, no note shall bear interest at a rate less than 8% per year or at a rate more than 12% per year.

5.     Transfer of More than 50% of Common Shares.

Subject to the restriction set forth in paragraph C above, no sale, transfer or attempted transfer of more than 50% of the outstanding common shares of the Corporation by or for the use of any one or more holders of common shares shall be effective unless such sale or transfer is made pursuant to a written offer by a responsible person or corporation to purchase all of the outstanding common shares of the Corporation.  The terms of such written offer shall be identical with respect to each of the Corporation's outstanding common shares and such written offer shall be irrevocable for a period of at least 120 days.

- 6 -

H 02345
CONFIDENTIAL

6.   <u>Enforcement of Repurchase Provisions</u>.

a.   The failure of any owner, person, personal representative, firm, corporation, trust, entity or other holder to offer in writing, or to sell, shares to the Corporation in accordance with this paragraph D shall not impair or otherwise affect the right of the Corporation to repurchase such shares. If at any time any owner, person, personal representative, firm, corporation, trust, entity or other holder has any one or more shares of the Corporation, or an interest, legal or equitable, in such shares, or claims an interest in such shares, and the conditions of this paragraph D have not been satisfied, then the Corporation may, at any time within 30 days after determining that it has the right to repurchase such shares: (1) serve notice in writing upon the owner, holder or other possessor of such shares that the Corporation shall repurchase all or any part of such shares, and (2) repurchase such shares. In such event, the Repurchase Date, price, form of payment and all other terms of such repurchase shall be the same as though such shares had been repurchased by the Corporation in accordance with subparagraphs 1, 2, 3 and 4 of this paragraph D.

b.   The certificate or certificates for shares repurchased by the Corporation shall be surrendered to the Corporation within 30 days after the Repurchase Date. If not surrendered within such 30 days, the Corporation may, at its sole option and at any time thereafter, deposit the aggregate price, in the form of cash or a promissory note or both, with The First National Bank of Chicago or its successor, for the account of the holder, to be delivered upon surrender of such certificate or certificates duly endorsed to the Corporation. Upon making such deposit, the certificate or certificates shall be considered surrendered to the Corporation.

c.   Upon discovery by the Corporation of any event which results in a breach of the restriction set forth in paragraph C above or in a breach of the transfer restrictions or the Corporation's rights of repurchase in this paragraph D, the Corporation shall promptly notify all of the shareholders in writing of such event and of the shareholders' rights under subparagraph (b) of Section 9 of The Close Corporation Act. If such breach has not been cured within 90 days after notifying the shareholders, the Corporation shall commence an appropriate proceeding in accordance with Section 9 of The Close Corporation Act in the Circuit Court of Cook County within such 90 day period. In any such proceeding, the Court shall be requested to issue all orders necessary to prevent the Corporation from

- 7 -

H 02346
CONFIDENTIAL

losing its status as a close corporation by enjoining or setting aside any act or threatened act on the part of any holder of the shares or other person or entity which would be inconsistent with any of the restrictions, provisions or conditions of these Restated Articles of Incorporation.

    7.    <u>Other</u>.

Notwithstanding anything to the contrary in this paragraph D:

    a.    Under exceptional circumstances and in the discretion of the Corporation's Board of Directors, shares may be repurchased by the Corporation at such other times, upon such other terms, in such other manners, over such other periods of time, or on such other conditions as the Corporation and the owner or holder of such shares may from time to time agree.

    b.    The Corporation may sell, assign or otherwise transfer its obligations under any note delivered in payment for common shares repurchased by the Corporation to the Trustees of the Hollister Employee Share Ownership Trust on such terms as the Corporation and such Trustees may agree.  If at any time the Trustees fail to pay any installment in accordance with the terms of such note, such installment shall be paid by the Corporation.

E.    <u>Mr. and Mrs. Schneider</u>.

Notwithstanding anything to the contrary in paragraphs C and D above, the provisions of those paragraphs shall not apply to any transfer or attempted transfer by, to or for the use of John D. Schneider, Minnie R. Schneider or any trustee designated in writing by either or both of them.

F.    <u>Pre-emptive Rights</u>.

No shareholder of the Corporation shall by reason of his or her holding shares of any class have any pre-emptive or preferential right to purchase or subscribe to any preferred shares, common shares or shares of any other class of the Corporation whether now or hereafter issued.

G.    <u>Cancellation of Preferred Shares</u>.

Preferred shares redeemed or repurchased by the Corporation shall be cancelled and shall not be reissued or resold.

III.    The provisions of Paragraphs II.C. and II.D. of this ARTICLE FIVE shall not be repealed, altered, amended or otherwise

- 8 -

H 02347
CONFIDENTIAL

changed without the prior consent of shareholders having the right to vote at least 2/3 of the outstanding shares of each class of the Corporation's shares.

### ARTICLE SIX

No director of the Corporation shall be personally liable to the Corporation or its shareholders for monetary damages for breach of fiduciary duty as a director, except for liability (1) for any breach of the director's duty of loyalty to the Corporation or its shareholders, (2) for acts or omissions not in good faith or that involve intentional misconduct or a knowing violation of law, (3) under Section 8.65 of the Business Corporation Act, or (4) for any transaction from which the director derived an improper personal benefit.  If, after adoption by the shareholders of this ARTICLE SIX, the Business Corporation Act is amended to permit the further elimination or limitation of the personal liability of directors, then the liability of the directors of the Corporation shall be eliminated or limited to the fullest extent permitted by the Business Corporation Act as so amended.  This ARTICLE SIX shall not eliminate or limit the liability of a director of the Corporation for any breach of fiduciary duty occurring before January 28, 1999.  The right set forth in this ARTICLE SIX is in addition to any indemnification or other rights eliminating or limiting the personal liability of directors to which a director may be entitled by any by-law, agreement, vote of shareholders or disinterested directors, or otherwise.

Any repeal or modification of the foregoing paragraph by the shareholders of the Corporation shall not adversely affect any right or protection of the directors of the Corporation with respect to any act or omission occurring prior to the time of such repeal or modification.

- 9 -

H 02348
CONFIDENTIAL