Enclosure 5

## CONSENT

By signing this CONSENT and agreement to direct transfer dated _____

\_\_\_, _____ ("Consent"),

      (i)    _____ (the "Employee/Beneficiary" or "Grantor" and an "employee/beneficiary" or a "grantor") (1) transfers irrevocably the Property (as defined below) in trust to the trustee (the "TRUSTEE") of The Firm of John Dickinson Schneider, Inc. Preferred Share Trust April 21, 1999 (the "New Trust"), subject only to the condition precedent set forth in Section 2.d. hereof; (2) agrees to become a Grantor (as that term is defined in Paragraph A of ARTICLE FIRST of the New Trust) of the New Trust; and (3) agrees to all other provisions of this Consent;

      (ii)    TRUSTEE acknowledges and accepts the transfer in trust of the Property;

      (iii)    The trustees ("Trustees") of the John D. Schneider Preferred Share Trust dated April 21, 1977 (the "Trust") acknowledge and accept Employee/Beneficiary's direction to transfer preferred shares directly to the TRUSTEE on April 21, 2001; and

      (iv)    The Firm of John Dickinson Schneider, Inc., an Illinois corporation ("JDS Inc"), acknowledges such direction:

H 02406
CONFIDENTIAL

WHEREAS Employee/Beneficiary is an employee of Hollister Incorporated, an Illinois corporation, or Hollister Limited (Canada), an Ontario corporation (together, "Hollister"), who owns directly common shares of JDS Inc;

WHEREAS John Dickinson Schneider ("John Schneider") formed the Trust and transferred to it 617,500 preferred shares of JDS Inc (par value $1.00 per share);

WHEREAS JDS Inc declared a split of its preferred shares effective May 12, 1978, resulting in 61,750,000 preferred shares (par value $.01 per share) (the "preferred shares"), all of which continue to be held by the Trustees;

WHEREAS the Trust provides that it will terminate on April 21, 2001;

WHEREAS the Trust provides in Paragraph B.1 of ARTICLE FIFTH that, at its termination, the Trustees "shall distribute all shares of JDS Inc which form part of the trust estate to such persons as (1) are then living, (2) are then employees of Hollister, (3) then hold common shares of JDS Inc, and (4) agree in writing to abide by the same policies and principles as are imposed upon the Trustees as provided in ARTICLE SIXTH" of the Trust;

WHEREAS the Trustees have determined that delivery of this Consent shall satisfy the condition that an employee/beneficiary "agree in writing to abide by the same policies and principles as are imposed upon the Trustees as provided in ARTICLE SIXTH" of the Trust;

- 2 -

H 02407
CONFIDENTIAL

WHEREAS Employee/Beneficiary has received and reviewed a letter (including all enclosures) dated February 17, 1999 ("Letter") from Michael C. Winn, Loretta L. Stempinski and Richard T. Zwirner, which proposes that Employee/Beneficiary transfer to the New Trust any and all right or rights which he has now or may have at any time in the future, to any preferred shares otherwise distributable to him by the Trustees (collectively, the "Property");

WHEREAS Employee/Beneficiary has had an opportunity to consult with legal, financial and/or tax advisers and has had an opportunity to ask questions concerning the Letter at a meeting of the employee/beneficiaries and has received answers to all of his questions;

WHEREAS the Trust does not provide for distribution of any other portion of the trust estate to Employee/Beneficiary or any other employee/beneficiary;

WHEREAS Employee/Beneficiary desires to sign and deliver this Consent to satisfy one of the preconditions to distribution of preferred shares by the Trust; and

WHEREAS Employee/Beneficiary desires to join other employee/beneficiaries and become a grantor of the New Trust and transfer the Property to the New Trust;

WHEREAS Employee/Beneficiary understands that by signing and delivering this Consent to the TRUSTEE, this Consent and the transfer of the Property shall be irrevocable and that, thereafter, Employee/Beneficiary will not be able to change his mind and withdraw this Consent or recover the Property, subject only to the condition precedent set forth in Section 2.d. hereof;

- 3 -

H 02408
CONFIDENTIAL

WHEREAS the Trustees do not know now whether Employee/Beneficiary would be entitled to receive any preferred shares on April 21, 2001, nor the exact number of preferred shares which Employee/Beneficiary would be entitled to receive and, therefore, Employee/Beneficiary understands that he is transferring the Property based on an estimated number of preferred shares which may be distributable to him on April 21, 2001 in accordance with Paragraph B.1 of ARTICLE FIFTH of the Trust and gives this Consent as if he had knowledge of the exact number of preferred shares which he would be entitled to receive;

WHEREAS Employee/Beneficiary understands that the Trustees will transfer directly to the TRUSTEE any preferred shares which he would otherwise be entitled to receive on April 21, 2001;

WHEREAS direct transfers of preferred shares on behalf of other grantors will be made in part in reliance upon and in consideration of Grantor's delivery of this Consent;

WHEREAS direct transfer of preferred shares by Grantor will be made in part in reliance upon and in consideration of the delivery of similar consents to direct transfer by other grantors; and

WHEREAS an employee/beneficiary who has not as of April 21, 2001 signed and returned to the Trustees a counterpart of either this Consent or the Agreement to Vote referenced in the Letter will not receive any distribution of preferred shares from the Trustees;

- 4 -

H 02409
CONFIDENTIAL

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and for other good and valuable consideration, the receipt of which is acknowledged, the parties agree as follows:

1.    Employee/Beneficiary's Contingent Right to Preferred Shares, Agreement and Release.

a.    Employee/Beneficiary has been informed and acknowledges that he has a contingent right to receive a portion of the preferred shares, subject to his satisfying conditions set forth in Paragraph B.1 of ARTICLE FIFTH of the Trust.

b.    Any direct transfer from the Trust of preferred shares made hereafter to the TRUSTEE constitutes full and complete satisfaction by the Trustees of the requirement set forth in the Trust for distribution of preferred shares. Employee/Beneficiary authorizes the TRUSTEE on his behalf to review and approve accounts of the Trustees showing all of their dealings with preferred shares from April 21, 1999 (the date of the New Trust) to April 21, 2001 (the date of termination of the Trust), and to sign any release of claims against the Trustees and each of them, and each of their heirs, executors, administrators and personal representatives.

c.    Employee/Beneficiary releases and discharges the Trustees and each of them, and each of their heirs, executors, administrators and personal representatives, from

- 5 -

H 02410
CONFIDENTIAL

all actions, suits, claims, accounts and demands for or in respect of all the shares, securities, moneys and other property which now are or at any time were subject to the Trust, or the income thereof, or any part thereof, or for or on account of any matter or thing made, done, permitted, omitted or neglected by the Trustees or any of them concerning the administration of the Trust, or for or on account of any other thing in any way related to the preferred shares. Employee/Beneficiary represents and warrants to the Trustees and their respective heirs, executors, administrators and personal representatives that he has not executed or done or knowingly suffered or been party or privy to any deed or agreement or thing, other than this Consent, whereby his interest in or portion of the preferred shares held by the Trustees are or may be in any manner encumbered or affected or whereby he is disentitled to share in the distribution of preferred shares by the Trustees. The provisions of this Section 1.c. shall survive the termination of this Agreement.

2.   Employee/Beneficiary's Consent to Become a Grantor, Assignment of the Property, and Direction to Transfer Preferred Shares.

a.   Employee/Beneficiary consents to join as a grantor in the New Trust, subject only to the agreement of the TRUSTEE to administer the New Trust and this Consent according to their terms. Grantor assigns and transfers irrevocably all right, title and interest in the Property to the TRUSTEE. For the convenience of the parties, Grantor directs that the Trustees transfer directly to the TRUSTEE his entire right, title and interest in and to preferred shares.

- 6 -

H 02411
CONFIDENTIAL

b.   Grantor represents and warrants that his transfer of the Property to the TRUSTEE is (1) made in reliance upon and in part consideration for (i) the transfer or transfers by each of the other grantors (as that term is defined in Paragraph A of ARTICLE FIRST of the New Trust) of their contingent rights to preferred shares under the provisions of the Trust, and (ii) the other promises, agreements and value set forth or inherent in the provisions of the New Trust; and (2) a voluntary act and transfer in trust made to the TRUSTEE without any inducement, influence or action by JDS Inc or Hollister.

c.   Subject only to Section 2.d. below, Grantor's assignment and transfer of the Property to the TRUSTEE is irrevocable.

d.   This Consent and the other consents delivered by other grantors, and any other document executed in connection herewith, are subject to the condition precedent that any and all action required to amend the Restated Articles of Incorporation of JDS Inc ("Restated Articles") to permit the TRUSTEE to hold preferred shares is approved at the 1999 annual meeting of shareholders of JDS Inc (presently scheduled for April 30, 1999) including any continuations, extensions or reschedulings thereof ("Shareholders Meeting"). Neither this Consent nor any other consent nor any provision of the New Trust or any other document executed in connection herewith, shall be binding upon Grantor if such action is not approved at the Shareholders Meeting.

- 7 -

H 02412
CONFIDENTIAL

3.     TRUSTEE Acknowledges Transfer of Property. The TRUSTEE acknowledges and accepts Grantor's assignment and transfer irrevocably of the Property, subject only to the condition precedent in Section 2.d. above.

4.     Trustees Acknowledge Direction to Transfer Preferred Shares to the TRUSTEE. If the Restated Articles are amended as required at the Shareholders Meeting, and if Grantor is on April 21, 2001 then living and an employee of Hollister who holds common shares of JDS Inc, and has not filed any claim, lawsuit, motion or other objection to the delivery of this Consent as a precondition to distribution of preferred shares by the Trustees and distribution is not pre-vented by any rule of law in the judgment of the Trustees, the Trustees shall transfer directly to the TRUSTEE the number of preferred shares to which Grantor would otherwise be entitled, such number determined in accordance with Paragraph B.1 of ARTICLE FIFTH of the Trust.

5.     JDS Inc Acknowledges Direction to Transfer Preferred Shares to the TRUSTEE.

a.     JDS Inc acknowledges the existence of The Firm of John Dickinson Schneider, Inc. Preferred Share Trust April 21, 1999 and Grantor's direction to transfer any preferred shares to the TRUSTEE, subject only to the condition precedent in Section 2.d. above.

b.     Grantor does hereby irrevocably constitute and appoint the Trustees as his attorney and agent to take such actions as are necessary to cause the transfer of any pre-

- 8 -

H 02413
CONFIDENTIAL

ferred shares which are the subject of Grantor's assignment to the TRUSTEE on the share transfer records of JDS Inc, with full power of substitution in the premises.

6.    Enforceability of this Agreement.  Grantor understands that, if there is a breach by him or another grantor of any duty under this or a counterpart of this Agreement, the other grantors may sustain irreparable injury and may not have an adequate remedy at law.  As a result, in the event of any such breach, any grantor or successor thereof, the TRUSTEE or JDS Inc, may, in addition to any other remedies available, bring an action or actions for injunction, specific performance or both, and have entered a temporary restraining order, preliminary or permanent injunction, or other order compelling specific performance.  No failure or delay by any other grantor, or successor thereof, in exercising any right, power or privilege under this Section 6 shall operate as a waiver thereof nor shall any single or partial exercise thereof preclude any other or further exercise of any right, power or privilege hereunder.

7.    Non-Assignment and Binding Effect.  No rights of the Grantor under this Consent or the Trust are assignable by him.  This Consent shall be binding upon the parties hereto and their personal representatives or successors, as well as the other grantors and their personal representatives.

8.    Controlling Law.  The validity and provisions of this Consent shall be governed by and shall be administered, interpreted and construed in accordance with the laws of the State of Illinois, excluding its choice of law rules.  In the event of any litigation arising out of, in connection with or in any way related to this Consent, (1) such litigation must be commenced only

- 9 -

H 02414
CONFIDENTIAL

in and submitted only to the jurisdiction of the Chancery Division of the Circuit Court of Cook County, Illinois, and (2) each party to this Consent hereby consents to the personal jurisdiction over him of the Chancery Division of the Circuit Court of Cook County, Illinois. If any one or more provisions of this Consent is or are declared invalid or unenforceable by a court, then the remainder of the provisions of this Consent shall be interpreted and construed so as to continue and further the purposes of the Consent.

9.    Entire Agreement. This Consent and the New Trust constitute the entire agreement among the parties hereto with respect to the subject matter hereof and supersede any and all prior understandings and/or agreements of the parties. This Consent is intended to be construed consistent with the New Trust.

10.    Gender. When used in this Consent, depending upon the identity of the Employee/Beneficiary, the word "he" or "his" may mean instead the word "she" or "her".

11.    Counterparts. This Consent may be executed in four counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same document.

IN WITNESS WHEREOF, the parties hereto have signed and delivered this Consent as of the date first above written.

- 10 -

H 02415
CONFIDENTIAL

Witnessed by:                                    Employee/Beneficiary or Grantor


_____

                                                 Signature


_____

                                                 Printed Name



                                                 Accepted by the undersigned John D.
                                                 Schneider Preferred Share Trust dated April
                                                 21, 1977


                                                 _____

                                                 Michael C. Winn, Trustee


                                                 _____

                                                 Loretta L. Stempinski, Trustee


                                                 _____

                                                 Richard T. Zwirner, Trustee




- 11 -


H 02416
CONFIDENTIAL

Accepted by the undersigned The Firm of
John D. Schneider Inc. Preferred Share Trust
April 21, 1999


_____
Michael C. Winn, Trustee


_____
Loretta L. Stempinski, Trustee


_____
Richard T. Zwirner, Trustee


_____
Alan F. Herbert, Trustee


_____
Donna J. Matson, Trustee


Acknowledged by The Firm of John
Dickinson Schneider, Inc.


By: _____
    Michael C. Winn, President

Dated: _____ ___, _____

- 12 -

H 02417
CONFIDENTIAL