*James P. DeFazio v. Hollister Incorporated et al.*
*Kathleen Ellis v. Hollister Incorporated et al.*
*Brenda Dimaro et al. v. Hollister Incorporated et al.*
Master Case No.: CIV.S-04-1358 WBS GGH
(Consolidated)

**Item 6**

of the

**Appendix of Documents Submitted In Support Of Defendants'
Motions For Summary Adjudication On Various Claims**

Notice of the April 30, 1999 Annual Meeting of the
Shareholders of The Firm of John Dickinson Schneider, Inc.

The Firm of John Dickinson Schneider, Inc.

2000 Hollister Drive · Libertyville, Illinois 60048                    847.680.1000

April 9, 1999

## NOTICE OF ANNUAL MEETING OF SHAREHOLDERS OF
## THE FIRM OF JOHN DICKINSON SCHNEIDER, INC.

Notice is hereby given that the Annual Meeting of Shareholders of The Firm of John Dickinson Schneider, Inc., an Illinois close corporation (the "Corporation"), has been called by the Board of Directors of the Corporation and will be held in the Conference Center of Hollister Incorporated at 2000 Hollister Drive, Libertyville, Illinois on April 30, 1999 at 9:00 a.m. for the purposes of amending the Corporation's Restated Articles of Incorporation, electing directors and transacting such other business as may properly come before the meeting.

### PROPOSED AMENDMENTS TO RESTATED ARTICLES OF INCORPORATION

The proposed amendments to the Corporation's Restated Articles of Incorporation ("Restated Articles") are attached hereto as Exhibit A.

### Background

The Corporation has two classes of stock, Preferred Shares and Common Shares. There are outstanding 61,750,000 Preferred Shares and 1,939,413 Common Shares. All of the Preferred Shares are owned by the John D. Schneider Preferred Share Trust dated April 21, 1977 ("John Schneider Trust"). Three members of the Corporation's Board of Directors have also served as the Trustee of the John Schneider Trust since 1981, namely Michael C. Winn ("Winn"), Loretta L. Stempinski ("Stempinski") and Richard T. Zwirner ("Zwirner"). Approximately 69% of the Common Shares are owned by the tax-qualified retirement (profit

The Firm of John Dickinson Schneider, Inc.

sharing) plan of Hollister Incorporated ("Hollister") known as the Hollister Employee Share Ownership Trust ("HolliShare"), and the Trustees of HolliShare vote its Common Shares. There are three HolliShare Trustees, namely James J. McCormack ("McCormack"), James A. Karlovsky ("Karlovsky") and Zwirner. McCormack is Senior Vice President and Chief Financial Officer of Hollister and has been an employee since 1981; Karlovsky is Vice President Human Resources of Hollister and has been an employee since 1989. Another approximately 7% of the Common Shares are owned by the Hollister Foreign Employee Share Ownership Trust and other benefit plans. The balance, or approximately 24% of the Common Shares, are owned directly by 91 individuals who are corporate directors, officers, managers and other key employees of Hollister. A substantial percentage of the directly owned Common Shares are owned by the directors and officers of the Corporation and Hollister.

Each Preferred Share and each Common Share is entitled to one vote. Directors of the Corporation are elected by the two classes voting together. Because the Preferred Shares constitute approximately 97% of the total votes, the John Schneider Trust controls the composition of the Board of Directors of the Corporation and, through it, the composition of the Board of Directors of Hollister. Voting is required by the two classes of stock separately on other important proposals, meaning that there must be a majority or supermajority of each of the Preferred Shares and the Common Shares voting in favor of a proposal in order for it to pass. For example, the proposed amendments to the Corporation's Restated Articles require, and a merger, a sale of all the assets or a liquidation would require, approval of each of the two classes of stock voting separately by a vote of 66-2/3% of the outstanding shares of each class.

Each Preferred Share has a stated value of $0.01 per share. The Corporation pays dividends on the Preferred Shares at the rate of 12% per year of the stated value. Dividends on all the outstanding Preferred Shares total $74,100 per year.

John D. Schneider ("Schneider"), one of the founders of the Corporation and Hollister, had previously reorganized the Corporation in a manner which allowed Hollister employees to own the Common Shares (i.e., the equity) of the Corporation while he retained the Preferred Shares. On April 21, 1977, he placed all the Preferred Shares in the John Schneider Trust. For the period of 24 years ending April 21, 2001, the Preferred Shares are to be voted by its Trustee, after which they are to be distributed in accordance with the John Schneider Trust to those employees of Hollister who own Common Shares of the Corporation and agree in writing to vote them in accordance with the policies and principles of the John Schneider Trust (the "Employee/Beneficiaries"). The purpose of the 12% dividend on the Preferred Shares was to give Schneider and his wife, Minnie R. Schneider, a return on their investment in the Corporation and to provide cash to the Trustee to pay any expenses.

Schneider was actively engaged in the printing business and then in Hollister's business for approximately 50 years until his retirement as the principal officer of Hollister in 1972. Schneider deeply appreciated the contributions made by Hollister's employees to its business success and firmly believed that these contributions were enhanced by the close identification of the employees with the interests of Hollister. He expressed his appreciation and this firm belief in the form of the John Schneider Trust. He determined that the key to this success was the concept of employee common share ownership and governance in accordance with the policies and principles set forth in the John Schneider Trust.

There were several purposes for establishing the John Schneider Trust. One was to see that the companies were maintained as independent and employee owned companies. A second purpose was to see that the companies continue to be governed, managed and operated in accordance with the basic policies and principles (the "Policies/Principles") which he had developed over his 50 years in business. The John Schneider Trust mandates that its Trustee always vote the Preferred Shares in a manner which insures continued implementation of these Policies/Principles. A third purpose was that control of the companies remain concentrated in Schneider's hands (as Trustee) and later in the hands of a few individuals (as Trustee) whose motivation and intentions he trusted and in whose competency he believed.

Winn, Stempinski and Zwirner as individuals believe that it is desirable to establish a new trust, perpetual in duration, which would own the Preferred Shares of the Corporation, to be known as The Firm of John Dickinson Schneider, Inc. Preferred Share Trust April 21, 1999 (the "New Trust"). They communicated their proposal to establish the New Trust to all potential Employee/Beneficiaries in the form of a letter dated February 17, 1999 with a set of enclosures (the "Proposal"). The New Trust would maintain the independent and employee owned nature of the companies and would continue their governance in accordance with the Policies/Principles. There would be five individual trustees and, effective June 1, 2001, three of them would not be involved in the management of the business and two of them would be directors or officers of Hollister. Winn and Stempinski do not intend to continue as directors of the Corporation or of Hollister after May 2001. The initial trustees in 2001 would be Winn, Stempinski, Zwirner, Alan F. Herbert, a director of the Corporation and Hollister and Hollister's President and Chief Operating Officer ("Herbert"), and Donna J. Matson (Carpenter), a retired Hollister manager.

Winn, Stempinski and Zwirner as individuals requested each Employee/Beneficiary to join with them and commit in writing (the "Consent") to give all Preferred Shares which he or she may be entitled to receive in 2001 to the New Trust. They believe that continuation of the independent and employee owned nature of the companies, and their governance in accordance with Schneider's Policies/Principles, would be in the best interests of all shareholders and employees of Hollister. Winn, Stempinski and Zwirner have been joined by seven other individual shareholders who also recommend the Proposal, namely Herbert, McCormack, James P. O'Connor, William D. Sauerland, Denis R. Chevaleau, Jerome A. Saxon and Karlovsky.

If an Employee/Beneficiary chooses not to give his Preferred Shares to the New Trust, his alternative would be, as an employee holding Common Shares of the Corporation on April 21, 2001, to receive his proportionate number of the Preferred Shares subject to a written agreement (the "Agreement to Vote") to vote them in accordance with the Policies/Principles. He would then hold and vote his Preferred Shares and receive the 12% dividends thereon. Under the Corporation's share transfer restrictions and repurchase provisions, the Corporation would have the right to repurchase them at their par value of $.01 per share upon termination of his employment.

The Employee/Beneficiaries all received the Proposal and its enclosed copies of the proposed amendments to the Restated Articles and the forms of Consent and Agreement to Vote. Any other common shareholder may examine copies of the Proposal and its enclosures by contacting the Corporation's Secretary, Dian J. Thielitz, who will arrange to make them available for review. All potential Employee/Beneficiaries have chosen between the Consent and the Agreement to Vote and, without exception, all have completed and returned the Consent. Thus, all of the Employee/Beneficiaries who are identifiable at this time have approved the Proposal.

- 5 -

To effectuate the Proposal, Winn, Stempinski and Zwirner have proposed certain amendments to the Corporation's Restated Articles. The proposed amendments include the following substantive changes:

Addition of New Trust as a Permissible Holder of Shares of the Corporation

The Board of Directors is recommending inclusion of the New Trust among the permissible classes of persons and entities entitled to hold shares.

*Under the existing Restated Articles (ARTICLE FIVE, Paragraph II.C.)*, only the enumerated classes of persons and entities are permissible holders of the Corporation's shares. The currently enumerated permissible holders are limited to (1) holders of shares of the Corporation as of May 5, 1978; (2) directors and officers of the Corporation or of Hollister who have performed substantial and continuing services for the Corporation or Hollister; (3) employees of the Corporation, of Hollister or of any other corporation controlled by one or more of such corporations; (4) any deferred benefit plan maintained for the exclusive benefit of such directors, officers or employees; and (5) Schneider and his wife and any trust created by, to or for the use of either of them.

*Under the proposed amendment (ARTICLE FIVE, Paragraph II.C.)*, the New Trust would be a permissible shareholder of the Corporation. This is because (1) the New Trust is committed to maintaining the Corporation as an independent and employee owned company governed by the Policies/Principles, and (2) the Board of Directors believes that governance of the Corporation in accordance with the Policies/Principles (i) has enhanced the Corporation's financial performance and Common Share value and has benefited the employees in other ways, and (ii) is expected to continue do so in the future.

Exception to the Transfer Restrictions/Repurchase Provisions for Transfers of Preferred Shares

The Board of Directors is recommending the addition of an exception to the Corporation's repurchase provisions which would permit transfers of Preferred Shares pursuant to the Agreement to Vote and to the New Trust pursuant to the Consent.

*Under the existing Restated Articles (ARTICLE FIVE, Paragraph II.D.1. and 2.),* any transfer of the Corporation's shares to any natural person or trust is subject to the Corporation's option to repurchase and right of first refusal set forth in the Restated Articles.

*Under the proposed amendment (ARTICLE FIVE, Paragraph II.H.),* (1) it is clarified that the Restated Articles permit the transfer of Preferred Shares by the John Schneider Trust to Employee/Beneficiaries who sign the Agreement to Vote without the transfer being subject to the repurchase provisions; and (2) the transfer of Preferred Shares at the request of Employee/Beneficiaries who sign the Consent from the John Schneider Trust to the New Trust are exempted from the repurchase provisions. This would apply to the subsequent Employee/Beneficiaries who have already signed the Consent and to any transfers of shares (or rights to shares) of the Corporation to the New Trust by future shareholders.

Limiting Common Share Ownership by a Natural Person to 10% of the Class

The Board of Directors recommends providing further assurance that the Corporation remains independent and employee owned and not controlled by any single common shareholder who is a natural person. The Common Share ownership of any such shareholder would be limited to 10% of the outstanding Common Shares. In addition, the Board of Directors is proposing to add a mechanism to the Restated Articles to enforce such limit.

*Under the existing Restated Articles,* there is no provision limiting the number of shares that a shareholder may own at any given time.

- 7 -

*Under the proposed amendment (ARTICLE FIVE, Paragraph II.D.8.)*, the Corporation would be required to repurchase the smallest number of Common Shares as are necessary as of any year end to reduce a natural person's Common Share ownership below 10% of the outstanding Common Shares. The repurchase date would be December 31 and the repurchase price and the manner of payment would be the same as for Common Shares repurchased on termination of employment. The ownership limit would not apply to (1) indirect ownership through a tax-qualified retirement plan sponsored by the Corporation, Hollister or any of their subsidiaries, such as HolliShare, or (2) ownership because of acting as a fiduciary of the New Trust or HolliShare or any other plan sponsored by any of such corporations for the benefit of their employees, whether or not tax-qualified. In addition, any natural person would be prohibited from accepting, purchasing or in any other manner acquiring Common Shares of the Corporation at any time during any year if such acquisition would result in that person's owning more than 10% of the outstanding Common Shares. The 10% ownership limit would not apply to grants of Common Shares (or other contingent rights to shares) prior to their vesting or exercise or fulfillment of their contingencies.

<u>Deletion of Provisions Applicable to Schneider and His Wife</u>

The Board of Directors is recommending amendment of the Restated Articles to eliminate references to John D. Schneider and his wife and to trusts created by, to or for the use of them.

*Under the existing Restated Articles (ARTICLE FIVE, Paragraphs II.C., II.D.1.a. and II.E.)*, Mr. and Mrs. Schneider and their trusts are entitled to hold shares of the Corporation and their transfers are exempt from the transfer restrictions and repurchase provisions.

*Under the proposed amendment (ARTICLE FIVE, Paragraphs II.C., II.D.1.a. and II.E.),* these provisions would be deleted as Mr. and Mrs. Schneider are deceased and the provisions are now obsolete.

\*       \*       \*

The Board of Directors recommends the adoption of the Amendments set forth in Exhibit A.

## DIRECTORS

The Board of Directors has nominated Richard I. Fremgen ("Fremgen"), Alan F. Herbert, Loretta L. Stempinski, Michael C. Winn and Richard T. Zwirner for election as directors of the Corporation to serve until the next annual meeting of shareholders or until their successors shall have been elected and qualified.

## SHAREHOLDER VOTE REQUIRED FOR APPROVAL OF PROPOSED AMENDMENTS OF RESTATED ARTICLES OF INCORPORATION

Under the Corporation's Restated Articles and the Illinois Business Corporation Act of 1983 as amended, approval of the amendments to the Restated Articles requires the affirmative vote of at least two-thirds of the outstanding shares of each class of the Corporation's shares. The Trustee of the John Schneider Trust, which holds all of the outstanding Preferred Shares, will vote such shares in favor of the proposed amendments. In addition, the Trustees of HolliShare, which holds approximately 69% of the outstanding Common Shares, have indicated that they intend to vote such shares in favor of the proposed amendments.

## SHAREHOLDER VOTE REQUIRED FOR ELECTION OF DIRECTORS

Under the Corporation's By-laws, directors are elected by the cumulative vote of the holders of Preferred Shares and Common Shares with the two classes voting together. The

- 9 -

The Firm of John Dickinson Schneider, Inc.

Trustee of the John Schneider Trust will vote such shares in favor of electing Fremgen, Herbert, Stempinski, Winn and Zwirner as directors.


## PROXY

The Board of Directors has fixed April 9, 1999 as the record date for determination of shareholders entitled to notice of, and to vote at, the annual meeting. Whether or not you expect to attend the meeting, please sign and return the enclosed proxy in the accompanying envelope. The giving of such proxy will not affect your right to vote in person if you attend the meeting.


Dated: April 9, 1999

Dian J. Thielitz
Secretary

**EXHIBIT A**

## PROPOSED AMENDMENTS TO
## THE FIRM OF JOHN DICKINSON SCHNEIDER, INC.
## RESTATED ARTICLES OF INCORPORATION

**NOTE: PROPOSED NEW LANGUAGE IS UNDERLINED; LANGUAGE PROPOSED TO BE DELETED IS LINED OUT.**

ARTICLE FIVE, Paragraph II.C.  Restriction of Classes of Persons Entitled to Hold Shares.

Subject to the exception set forth in Paragraph E below, t The following are the only classes of persons entitled to be holders of shares of any class: holders of shares of the Corporation as of May 5, 1978; directors and officers of the Corporation or of Hollister Incorporated who (in the opinion of the Corporation's Board of Directors) have performed substantial and continuing services for the Corporation or Hollister Incorporated; employees of the Corporation, of Hollister Incorporated or of any other corporation controlled by one or more of such corporations; and any deferred benefit plan maintained for the exclusive benefit of such directors, officers or employees; and The Firm of John Dickinson Schneider, Inc. Preferred Share Trust April 21, 1999.

ARTICLE FIVE, Paragraph II.D.1. Option to Repurchase.

a.      In the event of termination, by death or for any other reason, of the employment of any shareholder of the Corporation (other than John D. Schneider) by the Corporation, Hollister Incorporated, any subsidiary of the Corporation or Hollister Incorporated, or any other corporation controlled by one or more of such corporations, or in the event any non-employee shareholder ceases for any reason to be a director or officer of the Corporation or Hollister Incorporated, the Corporation shall have the option to repurchase any and all shares which such person owned, held or in which he or she had an interest, legal or equitable, or claimed an interest, at the time of such termination of employment.

*   *   *

ARTICLE FIVE, Paragraph II.D.8.  Common Share Ownership Limit of 10%.

a.      No natural person shall own directly or indirectly or both as of December 31 of any year (excluding only (i) indirect ownership through a non-discriminatory tax-qualified retirement plan sponsored by the Corporation, Hollister Incorporated or any of their subsidiaries, and (ii) ownership attributable to such person solely because of his acting as a fiduciary of The Firm of John Dickinson Schneider, Inc. Preferred Share Trust April 21, 1999, the Hollister Employee Share Ownership Trust or any other plan sponsored by any of such

corporations for the benefit of employees, whether or not tax-qualified) more than 10% of the Corporation's outstanding common shares (the "ownership limit"). No natural person shall accept, purchase or in any other manner acquire at any time during any year common shares of the Corporation (excluding only acquisitions related to such indirect ownership and such fiduciary ownership) if such acquisition would result in that person's owning common shares exceeding the ownership limit. Notwithstanding the foregoing, the ownership limit shall not apply to grants of common shares or options or other contingent rights to purchase or receive common shares of the Corporation prior to their vesting or exercise or fulfillment of their contingencies.

b.        As to any natural person who may own more than 10% of the outstanding common shares of the Corporation as of December 31 of any year, the Corporation shall repurchase the smallest number of common shares as are necessary to reduce the ownership of such person below 10% of the then outstanding common shares. The Repurchase Date shall be such December 31; the repurchase price shall be determined as set forth in Subparagraph 3 of this Paragraph D; and the aggregate repurchase price shall be paid in the manner set forth in Subparagraph 4 of this Paragraph D.

ARTICLE FIVE, Paragraph II.E. ~~Mr. and Mrs. Schneider~~. [Intentionally Left Blank]

~~Notwithstanding anything to the contrary in Paragraphs C and D above, the provisions of those Paragraphs shall not apply to any transfer or attempted transfer by, to or for the use of John D. Schneider, Minnie R. Schneider or any trustee designated in writing by either or both of them.~~

ARTICLE FIVE, Paragraph II.H. Exception to Transfer Restrictions.

Notwithstanding the transfer restrictions and repurchase provisions set forth in Paragraph D, the Corporation is directed to enter into and perform its obligations under the documents entitled "Agreement to Vote" and "Consent" by and among various of the John D. Schneider Preferred Share Trust dated April 21, 1977, the employee/beneficiaries thereof and The Firm of John Dickinson Schneider, Inc. Preferred Share Trust April 21, 1999.