IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES P. DeFAZIO,

      Plaintiff,                      No. CIV S-04-1358 WBS GGH

    vs.

HOLLISTER, INC., et al.,            ORDER

      Defendants.

_____/

BACKGROUND

        On May 11, 2009, this court directed plaintiffs to identify confidential documents which they planned to file in support of their motion and/or opposition to defendants' motion for summary judgment. On May 18, 2009, plaintiffs submitted their list of documents supporting their motion for partial summary judgment, as well as a request to identify other confidential documents on May 26, 2009, when they filed their opposition to defendants' motion for summary judgment. Plaintiffs in fact filed an identification of such documents supporting their opposition on May 26, 2009. Therefore, defendants will be permitted to submit a statement explaining the confidentiality of documents identified in plaintiffs' statement (dkt. # 525), within **five days** of this order.

\\\\\\

1

DISCUSSION

As to plaintiff's documents identified in their May 18th statement, the court has considered defendants' assertions of confidentiality filed on May 26, 2009 (dkt. # 510). Pursuant to the standard set forth in the order directing these filings, Pintos v. Pacific Creditors Ass'n., __F.3d__, 2009 WL 1151800 (9th Cir. April 30, 2009), the court now rules on defendants' designations.[1] This recently issued Ninth Circuit opinion requires "compelling reasons" (as opposed to good cause) for sealing, if the sealing is to be performed in connection with a dispositive motion or trial.

I. Documents Reflecting Personal Financial Information Pertaining to Various Individuals (Exs. L, G)

Defendants request confidentiality of these exhibits because they disclose personal financial information of multiple individuals. Exhibit L reveals the number of JDS common shares owned by each of ten individuals, information regarding stock grants to some of these individuals, value of these individual holdings, a calculation of the number of shares each individual would receive on termination of the 1977 trust, and balance of each individual grantor's account in the Hollister Employee Share Ownership Trust as of December 31, 1998. This exhibit reveals information concerning Winn's personal ownership of JDS shares. Exhibit G is a computation performed to determine whether JDS should adopt a method in offering common shares to employees, with alternatives.

The existence and extent of a federal right to financial privacy, outside of specific statutory protection, see the Right to Financial Privacy Act, 12 U.S.C. § 3401 et. seq., is much debated. See various approaches discussed in Denius v. Dunlop, 209 F.3d 944 (7th Cir. 2000). However, no circuit has taken an absolutist approach to the issue. Some financial matters of a type that would reveal highly personal information should be protected. However, one cannot

---

[1] Defendants removed their confidential designation as to the following exhibits identified by plaintiffs: D, E, I, J, N, AA, CC, DD. Defs.' Stmt. at 3.

simply assert that a document encompasses personal or company financial information, and therefore the need for privacy is "compelling." If such were the case, every federal case involving financial matters, and there are many, would no longer be a public litigation. All such cases would have to be tried in the court vault. The undersigned will shield from public scrutiny only those documents shown to be of a *highly* personal nature, i.e., revealing complete or critical details about one's financial status which would be adversely affected by disclosure.

Defendants have not shown a compelling reason why individuals' financial information should not be disclosed. Therefore, these documents shall not be filed under seal.

II. <u>Board Meeting Minutes Reflecting Confidential Information of JDS, Hollister, and/or Their Employees (Ex. A)</u>

Defendants contend that this information pertains to the internal workings of this privately held company and providing it to the public would affect Hollister's competitive advantage as many of its competitors are publicly held companies or units of public companies who may gain a competitive advantage by having information such as sales, earnings and compensation arrangements. Furthermore, much of the information has been disclosed only to employees who have a need to know and they are subject to confidentiality agreements. Finally, defendants assert that some of the information would invade the individual's personal right of financial privacy.

In regard to projected sales and net earnings as set forth in Hollister's Annual Plan and Strategic Plan, a confidential designation will not be permitted.

Defendants have similarly failed to show that identities of individuals who were excluded from the opportunity to purchase JDS common shares during an annual offering should not be revealed. However it might result in sowing seeds of discord among employees, this decision was made by defendants and it should not be kept from the public.

The guaranty of a loan procured by a Hollister employee due to financial issues is another matter, however, in that it will reveal highly individualistic information, and has the

potential to cause great embarrassment to one person only.  This information will remain confidential and plaintiffs shall file it under seal.

The specifics of a restricted stock grant program offered to one executive are not likely to cause great embarrassment despite the fact that only one individual was involved. Therefore, this information will not be filed under seal.

The provisions applicable to participation in a benefit program by a principal of a company acquired by Hollister do not warrant sealing.  This request is denied.

Authorization of restricted stock grants to an attorney who recently joined Hollister is similarly uncompelling information.

Defendants have also failed to show compelling reasons why benefits accorded to Zwirner as compensation for ineligibility to participate in Hollister and payment of interest to Winn due to a delay in effectuating a re-purchase of common shares to him should be sealed.

In regard to operation of benefit plans for employees of Hollister's foreign subsidiaries and levels of contributions made to one of the plans, defendants have continued to fail to meet the standard required by Ninth Circuit law.  These documents will not be sealed.

III. Previously Privileged Attorney-Client Communications (Exs. H, T, U, V, W, X, Y, BB)

Defendants concede that the attorney client privilege was waived when they asserted the advice of counsel defense; however, they posit that just because the privilege is waived in regard to plaintiffs does not mean that these documents should be available for the whole world to examine.  Federal litigation is a public affair, unless and until compelling reasons are shown.  A document otherwise privileged whose privilege has been waived should not be a "secret" document.  This request is denied.

IV. Internal Memo By JDS's Auditor Pursuant to Subpoena by Plaintiffs (Ex. M)

This memo was written by JDS's auditor to another employee at his firm, Deloitte & Touche.  Defendants argue that because it reflects internal deliberations by an entity that is not

a party to this action, it should be designated confidential. The court does not find these reasons to be compelling. This request is denied.

CONCLUSION

Accordingly, IT IS ORDERED THAT:

1. Within five days of this order, defendants shall file and serve compelling reasons for requiring plaintiffs' listed documents (dkt. # 525) to be filed under seal.

2. Plaintiffs' April 27, 2009 request to file certain documents under seal, (dkt. # 481), is granted in part and denied in part, for the reasons stated herein.

Dated: 05/27/09

/s/ Gregory G. Hollows
_____
U.S. MAGISTRATE JUDGE

GGH:076
DeFazio1358.conf.wpd