UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JAMES P. DEFAZIO, et al., | NOS. CIV. 04-1358 WBS GGH |
| | 05-0559 WBS GGH |
| Plaintiffs, | 05-1726 WBS GGH |
| | CONSOLIDATED |
| v. | MEMORANDUM AND ORDER RE: MOTION FOR RECONSIDERATION |
| HOLLISTER, INC., et al., | |
| Defendants. | |

----oo0oo----

On June 29, 2009, the court issued an Order in the above-titled action ("June 29 Order") granting in part and denying in part the parties' various cross motions for summary judgment. Thereafter, on August 24, 2009, plaintiffs filed a motion for reconsideration requesting that the court review and set aside several findings of the June 29 Order.[1] Although "[m]otions for reconsideration are disfavored," Tucker v. Garcia,

---

[1] Plaintiff Kathleen Ellis--the only plaintiff who is represented by separate counsel--joined the motion for reconsideration on August 26, 2009. (Docket No. 566.)

1

No. 03-5594, 2009 WL 2448595, at *1 (E.D. Cal. Aug. 10, 2009) (Ishii, C.J.), plaintiffs have identified two Ninth Circuit decisions issued after June 29, 2009, that they argue changed the law as applied in the June 29 Order.  See Dixon v. Wallowa County, 336 F.3d 1013, 1022 (9th Cir. 2003) (noting that an intervening change in the law is a valid basis for reconsideration).  The court will address each decision in turn.[2]

      A. Harris v. Amgen, Inc.

          Plaintiffs contend that the Ninth Circuit's decision in Harris v. Amgen, Inc., 573 F.3d 728 (9th Cir. 2009), issued on July 14, 2009, undermines this court's holding that plaintiffs failed to demonstrate that they had Article III standing to seek make-whole monetary relief pursuant to 29 U.S.C. § 1132(a)(2) for their claims related to the 1999 Transaction.  In Harris, the Ninth Circuit rejected the argument that a former participant in a defined contribution plan could not show redressability solely because any recovery would go to the plan as a whole and administrators had discretion in allocating plan assets.  573 F.3d at 735.  Noting the distinction between defined benefit plans such as pensions and defined contribution plans, the Ninth Circuit explained that "'the redressability problem that arises in defined benefit plans does not exist with respect to defined contribution plans' because in defined contribution plans a successful suit leads to restoration of individual accounts." Id. (quoting In re Mut. Funds Inv. Litig., 529 F.3d 207, 218 (4th

---

[2] The factual and procedural background of this case remains substantially the same as in the court's June 29 Order. (See June 29 Order (Docket No. 559) 2:8-13:11.)

2

Cir. 2008)).  The Ninth Circuit therefore held that "there is no lack of redressability merely because a plaintiff's recovery under Section 502(a)(2) [29 U.S.C. § 1132(a)(2)] might first go to the defined contribution plan rather than directly to the plaintiff."  Id. at 736.

The Harris decision does not affect this court's grant of summary judgment in favor of defendants regarding plaintiffs' lack of standing to seek relief under § 1132(a)(2).  In its June 29 Order, the court did not hold that plaintiffs lacked Article III standing solely because any recovery involving the 1999 Transaction would accrue to the HolliShare plan as a whole or because plaintiffs had already received their final distributions from HolliShare.  Rather, the court recognized that plaintiffs could have standing but held that they had failed to set forth facts showing at least a genuine issue of material fact regarding whether the value or composition of HolliShare's assets would have been any different during the time that plaintiffs still had HolliShare accounts in the absence of the alleged fiduciary breaches related to the 1999 Transaction.  (June 29 Order 55:17-59:11.)

As presented at summary judgment, plaintiffs' request for make-whole monetary relief was chiefly premised on a set of assumptions and conjecture about how third-parties, whose behavior was not governed by ERISA, would have responded if HolliShare trustees had not voted in favor of the 1999 Transaction.  Since the benefits to plaintiffs from the recovery in this case thus depends upon the conduct of actors who retain independent discretion, the court held that plaintiffs had failed

3

to carry their burden at summary judgment of supporting their contention that make-whole monetary relief would redress the alleged fiduciary breaches.

Accordingly, because the Ninth Circuit's holding in <u>Harris</u> that former participants in defined contribution plans generally have Article III standing to pursue claims under § 1132(a)(2) does not alter the court's analysis of plaintiffs' standing in this case, the court will deny plaintiffs' request to reconsider the June 29 Order in light of that decision.[3]

B.  <u>Johnson v. Couturier</u>

Plaintiffs next contend that the court's rejection of their argument that ERISA preempts the stock restrictions contained in the JDS Articles and the mid-80s buy back agreements has been implicitly overruled by the Ninth Circuit's opinion in <u>Johnson v. Couturier</u>, 572 F.3d 1067 (9th Cir. 2009), issued on July 27, 2009. In <u>Johnson</u>, the Ninth Circuit held that ERISA preempted section 317 of the California Corporations Code as applied to certain indemnity agreements between the defendant ERISA fiduciaries and the corporation of which they were directors. 572 F.3d at 1078. The Ninth Circuit explained that section 317 was preempted because it authorized indemnity agreements that effectively limited the liability of fiduciaries when they violated the ERISA fiduciary standard of care. <u>Id.</u> There was thus no question in <u>Johnson</u> that a particular state law

---

[3] This court also held that plaintiffs lacked constitutional standing to seek equitable relief pursuant to 29 U.S.C. § 1132(a)(3). (June 29 Order 59:12-60:24.) Since <u>Harris</u> only addressed claims under § 1132(a)(2), plaintiffs have not identified any possible change in the law affecting that portion of the court's Order.

4

conflicted with provisions of ERISA.

In contrast, in its June 29 Order, this court rejected plaintiffs' preemption argument because they failed to identify any provision of law or state action having the effect of law that conflicts with the terms of ERISA. (June 29 Order 48:27-49:22.) Instead, plaintiffs argued that the JDS stock restrictions and the mid-80s buy-back agreements qualified as state law because those instruments are purportedly enforceable under Illinois law, and ERISA therefore preempts the provisions of those instruments in conflict with ERISA. In <u>Associated General Contractors of America v. Metropolitan Water District of Southern California</u>, 159 F.3d 1178, 1183 n.2 (9th Cir. 1998), however, the Ninth Circuit expressly rejected that contention, holding that there is "no merit in [the] argument that simply because a contract is legal and enforceable it has the effect of law of a state." The Ninth Circuit's holding in <u>Johnson</u> did not purport to overrule its earlier holding in <u>Associated General Contractors</u>, and therefore <u>Johnson</u> did not effect an intervening change in the law as applied in the June 29 Order. Accordingly, the court will deny plaintiffs' request that the court reconsider the June 29 Order on that basis.

All of plaintiffs' remaining arguments in support of their motion for reconsideration simply restate their original positions opposing summary judgment or otherwise fail to raise new issues or identify errors that would justify reconsideration of the court's Order. See <u>Carroll v. Nakatani</u>, 342 F.3d 934, 945 (9th Cir. 2003) ("'[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district

5

court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" (quoting Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000))); Vaughn v. Giurbino, No. 06-1019, 2009 WL 382979, at *1 (E.D. Cal. Feb. 13, 2009) (O'Neill, J.) ("'A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'" (quoting United States v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001)).

    IT IS THEREFORE ORDERED that plaintiffs' motion for reconsideration be, and the same hereby is, DENIED.

DATED:  September 2, 2009

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE