UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JAMES P. DEFAZIO, et al.,

NOS. CIV. 04-1358 WBS GGH
05-0559 WBS GGH
05-1726 WBS GGH
CONSOLIDATED

            Plaintiffs,

        v.

FINAL PRETRIAL ORDER

HOLLISTER, INC., et al.,

            Defendant.

_____/

----oo0oo----

A Final Pretrial Conference was held in this matter, pursuant to the provisions of Rule 16(d) of the Federal Rules of Civil Procedure and Local Rule 16-282, on October 19, 2009.  Lyn Hubbard, III and Scottlyn Hubbard, IV, appeared as counsel for plaintiffs James P. DeFazio, Theresa Beetham, Brenda DiMaro, DeLane Humphries, Hallie Lavick, Michael McNair, Sonya Pace, Judy Seay, Nancy Russell Stanton, and Cindy Worth and Daniel

1

Wilcoxen, Russell Porter, and Martin Jensen appeared as counsel for plaintiff Kathleen Ellis.  James Adducci, Marshall Blankenship, James Ducayet, William Gould, Jr., and Michael Roche appeared as counsel for some or all defendants Hollister, Inc. ("Hollister"), Hollister Employee Share Ownership Trust ("HolliShare"), The Firm of John Dickinson Schneider, Inc. ("JDS"), Samuel Brilliant, Richard I. Fremgen, Donald K. Groneberg, Charles H. Gunderson, Alan F. Herbert, James A. Karlovsky, Lori Kelleher, James J. McCormack, Charles C. Schellentrager, Loretta L. Stempinski, Michael C. Winn, and Richard T. Zwirner.  Following the hearing, the court enters this Final Pretrial Order:

I.    Jurisdiction-Venue

Jurisdiction is predicated upon 29 U.S.C. § 1132(e)(1) (Employment Retirement Income and Security Act (ERISA)).  Venue is undisputed and is hereby found to be proper.

II.    Jury-Nonjury

The parties agree that the action will be tried by the court without a jury.

III.    Findings and Conclusions

No later than ten court days before trial, counsel for plaintiffs shall lodge and serve the Findings of Fact and Conclusions of Law that plaintiffs propose be entered at the conclusion of the trial pursuant to Federal Rule of Civil Procedure 52 and Local Rule 52-290.  No later than five court days before trial, counsel for defendants shall lodge and serve the Findings of Fact and Conclusions of Law that defendants propose be entered.

## IV.  Trial Briefs

No later than ten court days before the trial date, counsel for each party shall file trial briefs, pursuant to Local Rule 16-285.  Because this action is to be tried to the court sitting without a jury, motions in limine are not appropriate.  However, counsel may alert the court to any legal issues they anticipate will need to be addressed in their respective trial briefs.  No later than five court days before trial, the parties may file responses to the other side's trial briefs.

## V.  Remaining Claims

In its June 26, 2009 Order, the Court granted partial summary judgment in favor of defendants with respect to plaintiffs' claims related to the 1978, 1980, and 1984 amendments to the JDS Articles; non-29 U.S.C § 1105(a)(3) claims related to the 1999 amendments; DiMaro's, Humphries', and Seay's non-29 U.S.C. § 1105(a)(3) claims related to the valuations of individual accounts using the book value method; Ellis's claims related to the valuations of her account using the book value method; and the dismissal of Gunderson as a defendant; and plaintiffs' claims related to the 1999 Transaction.

No later than October 20, 2009, plaintiff shall file an amended statement of the remaining claims that identifies, for each claim, 1) the statutory or common law basis for the claim; 2) the elements plaintiff must prove in order to prevail on the claim; 3) the plaintiff or plaintiffs asserting the claim; and 4) the defendant or defendants that the claim is asserted against.

VI.   <u>Witnesses</u>

(A)   Plaintiffs anticipate calling the witnesses identified at Exhibit "A" attached hereto.

(B)   Defendants anticipate calling the witnesses identified at Exhibit "B" attached hereto.

(C)   Except for retained experts, each party may call any witness designated by any other party.

(D)   No other witnesses will be permitted to testify at trial unless:

(1)   all parties stipulate that the witness may testify;

(2)   the party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not have been reasonably anticipated at the time of the Pretrial Conference; or

(3)   the witness was discovered after the Pretrial Conference.

(E)   Testimony of a witness not designated in this Order, which is offered under paragraph VII(D)(3), above, upon the grounds that the witness was discovered after the Pretrial Conference, will not be permitted unless:

(1)   the testimony of the witness could not reasonably have been discovered prior to the Pretrial Conference;

(2)   the court and opposing counsel were promptly notified upon discovery of the testimony; and

(3)   counsel proffered the witness for deposition if time permitted or provided all opposing counsel a reasonable

summary of the testimony if time did not permit a deposition.

VII. <u>Exhibits</u>

(A)  Plaintiffs intend to offer the exhibits identified at Exhibit "C" attached hereto.

(B)  Defendants intend to offer the exhibits identified at Exhibit "D" attached hereto.

(C)  Each party may offer any exhibit designated by any other party.

(D)  No other exhibits will be received in evidence unless:

(1)  all parties stipulate that the exhibit may be received in evidence;

(2)  the party offering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not have been reasonably anticipated at the time of the Pretrial Conference; or

(3)  the exhibit was discovered after the Pretrial Conference.

(E)  An exhibit not designated in this Order, which is offered under paragraph VII(D)(3), above, upon the grounds that the exhibit was discovered after the Pretrial Conference, will not be received in evidence unless:

(1)  the exhibit could not reasonably have been discovered prior to the Pretrial Conference;

(2)  the court and opposing counsel were promptly notified upon discovery of the exhibit; and

(3)  counsel provided copies of the exhibit to all opposing counsel if physically possible or made the exhibit

reasonably available for inspection by all opposing counsel if copying was not physically possible.

(F)   Each party shall exchange copies of all exhibits identified in this Order, or make them reasonably available for inspection by all other parties, no later than seven calendar days before the trial date.  Any and all objections to such exhibits shall be filed and served not later than four calendar days before the trial date.

(G)   The attorney for each party is directed to appear before trial and present an original (and if physically possible one copy) of each exhibit to Deputy Clerk Karen Kirksey Smith at 8:30 a.m. on the date of trial.

(H)   Each exhibit which has been designated in this Order and presented on the morning of the date of trial shall be pre-marked by counsel.  Plaintiffs' exhibits shall bear numbers; defendant's exhibits shall bear letters.  If no objection has been made to such exhibit pursuant to paragraph VII(F) above, such exhibit will require no further foundation and will be received in evidence upon the motion of any party at trial.

VIII. Further Discovery and Motions

No further discovery will be permitted except by the express stipulation of all parties or upon order of the court and upon a showing of manifest injustice.  Id.

IX.  Use of Depositions or Interrogatories

No later than twenty calendar days before the trial date, counsel for each party shall file and serve a statement designating all answers to interrogatories and all portions of depositions intended to be offered or read into evidence, with

the exception of portions to be used only for impeachment or rebuttal.  No later than ten calendar days before the trial date, counsel for any other party may file and serve a counter-designation of other portions of the same depositions intended to be offered or read into evidence and may file evidentiary objections to any other parties' designation.  No later than seven calendar days before the trial date, the parties may file evidentiary objections to any other party's counter-designation.

### X.    Date and Length of Trial

The trial is set for January 12, 2010 at 9:00 a.m. in Courtroom No. 5.  The court estimates that trial will last approximately ten to fifteen days.

On or before October 20, 2009, the parties shall file a Joint Statement regarding the status of plaintiffs' pending appeals.  If the plaintiffs' appeals are still pending as of October 20, 2009, the trial date of January 12, 2010 will be vacated and a trial date will be reset once the Ninth Circuit has disposed of plaintiffs' appeals.

### XI.    Daubert Procedure

Any challenges based on Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) and Kumho Tire Co. v. Carmichael, 119 S. Ct. 1167 (1999) will be raised and resolved just prior to when the challenged expert will be called to give testimony.  Any challenged expert shall be present for such a challenge, and shall be available for questioning.

### XII. Objections to Pretrial Order

Any objections or suggested modifications to this Pretrial Order shall be filed and served within five court days

from the file-stamped date of this Order.  All references herein to the date of this Order shall refer to the date the tentative order is filed and not to the date any amended order is filed. If no objections or modifications are made, this Order will become final without further order of the Court and shall control the subsequent course of the action, pursuant to Rule 16(e) of the Federal Rules of Civil Procedure.

DATED: October 22, 2009

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

**Exhibit "A": Plaintiffs' Witnesses**

1      Theresa Beetham, c/o Scott Hubbard, Law Offices of Lynn Hubbard, 12 Williamsburg Lane, Chico, CA 95926, Tel: (530) 895-3252

2.     James P. DeFazio, c/o Scott Hubbard, Law Offices of Lynn Hubbard, 12 Williamsburg Lane, Chico, CA 95926, Tel: (530) 895-3252

3.     Brenda DiMaro c/o Scott Hubbard, Law Offices of Lynn Hubbard, 12 Williamsburg Lane, Chico, CA 95926, Tel: (530) 895-3252

4.     Kathleen Ellis c/o Russell Porter and Martin Jensen, Porter Scott, 350 University Ave., Suite 200, Sacramento, CA 95825, (916) 929-1481 and Daniel Wilcoxen, Wilcoxen Callahan, et al., 2114 K Street, Sacramento, CA 95816, Tel: (916) 442-2777

5.     DeLane Humphries c/o Scott Hubbard, Law Offices of Lynn Hubbard, 12 Williamsburg Lane, Chico, CA 95926, Tel: (530) 895-3252

6.     Hallie Lavick c/o Scott Hubbard, Law Offices of Lynn Hubbard, 12 Williamsburg Lane, Chico, CA 95926, Tel: (530) 895-3252

7.     Michael McNair c/o Scott Hubbard, Law Offices of Lynn Hubbard, 12 Williamsburg Lane, Chico, CA 95926, Tel: (530) 895-3252

8.     Sonya Pace c/o Scott Hubbard, Law Offices of Lynn Hubbard, 12 Williamsburg Lane, Chico, CA 95926, Tel: (530) 895-3252

9.     Nancy Russell Stanton c/o Scott Hubbard, Law Offices of Lynn Hubbard, 12 Williamsburg Lane, Chico, CA 95926, Tel: (530) 895-3252

10.    Judy Seay c/o Scott Hubbard, Law Offices of Lynn Hubbard, 12 Williamsburg Lane, Chico, CA 95926, Tel: (530) 895-3252

11.    Cindy Wirth c/o Scott Hubbard, Law Offices of Lynn Hubbard, 12 Williamsburg Lane, Chico, CA 95926, Tel: (530) 895-3252

12.    Samuel Brilliant c/o counsel for Defendants, Wilke Fleury, et al., 400 Capitol Mall, 22nd Floor, Sacramento, CA 95814, Tel: (916) 441-2430

13.    Richard Fremgen c/o counsel for Defendants, Wilke Fleury, et al., 400 Capitol Mall, 22nd Floor, Sacramento, CA 95814, Tel: (916) 441-2430

14.    Charles Gunderson c/o counsel for Defendants, Wilke Fleury, et al., 400 Capitol Mall, 22nd Floor, Sacramento, CA 95814, Tel: (916) 441-2430

15.    Allen F. Herbert c/o counsel for Defendants, Wilke Fleury, et

al., 400 Capitol Mall, 22nd Floor, Sacramento, CA 95814, Tel: (916) 441-2430

16. James Karlovsky c/o counsel for Defendants, Wilke Fleury, et al., 400 Capitol Mall, 22nd Floor, Sacramento, CA 95814, Tel: (916) 441-2430

17. Lori Kelleher c/o counsel for Defendants, Wilke Fleury, et al., 400 Capitol Mall, 22nd Floor, Sacramento, CA 95814, Tel: (916) 441-2430

18. James McCormack c/o counsel for Defendants, Wilke Fleury, et al., 400 Capitol Mall, 22nd Floor, Sacramento, CA 95814, Tel: (916) 441-2430

19. Charles C. Schellentrager c/o counsel for Defendants, Wilke Fleury, et al., 400 Capitol Mall, 22nd Floor, Sacramento, CA 95814, Tel: (916) 441-2430

20. Loretta Stempinski, c/o counsel for Defendants, Wilke Fleury, et al., 400 Capitol Mall, 22nd Floor, Sacramento, CA 95814, Tel: (916) 441-2430

21. Dian Thielitz c/o counsel for Defendants, Wilke Fleury, et al., 400 Capitol Mall, 22nd Floor, Sacramento, CA 95814, Tel: (916) 441-2430

22. Michael Winn c/o counsel for Defendants, Wilke Fleury, et al., 400 Capitol Mall, 22nd Floor, Sacramento, CA 95814, Tel: (916) 441-2430

23. Richard Zwirner c/o counsel for Defendants, Wilke Fleury, et al., 400 Capitol Mall, 22nd Floor, Sacramento, CA 95814, Tel: (916) 441-2430

## EXPERT WITNESSES

24. Kevin Long, Chang, Ruthenberg & Long,  620 Coolidge Drive, Suite 350, Folsom, CA 95630-3184, Tel: (916) 357-5660 — Plaintiff Ellis' expert witness regarding ERISA violations

25. John Korschot, Stern Brothers Valuation Advisors, 1044 Main Street, Suite 501, Kansas City, MO 64105, Tel: (816) — Plaintiff Ellis' expert witness regarding valuation of HolliShare

26. Karen Handorf, Cohen, Milstein, Sellers & Toll, PLLC, 1100 New York Avenue, N.W.,Suite 500, West Tower, Washington, D.C. 20005 Tel: (202) 408-4600 — Plaintiff DeFazio's expert witness regarding ERISA violations

27. Dr. Shannon Pratt, Shannon Pratt Valuations, 6443 SW Beaverton Hillsdale Way, Portland, OR 97221, Tel: (503) 459-4700 — Plaintiff DeFazio's expert witness regarding valuation of HolliShare

28. David Ackerman, Morgan Lewis, 77 West Wacker Drive, Chicago, IL 60601-5094, Tel: (312) 324-1170 — Defendants' rebuttal expert witness regarding ERISA violations

29. Roger Grabowski, Duff & Phelps, LLC, 311 S Wacker Drive, Chicago, IL 60606, Tel: (312) 697-4600 — Defendants' expert witness regarding valuation of HolliShare

30. Robert G. Wallace, Wallace & Associates, 711 University Avenue, Sacramento, CA 95825, Tel: (916) 648-9838 — Defendants' expert witness regarding valuation of HolliShare.

**Exhibit "B": Defendant's Witnesses**

Richard T. Zwirner, Esq.
c/o Hollister Incorporated
2000 Hollister Drive
Libertyville, Illinois 60048-3781
(847) 680-1000

James A. Karlovsky
1609 Starling Court
Carlsbad, California 92009

Loretta L. Stempinski
16800 South Pineview Drive
Homer Glen, Illinois 60491
(815) 462-1917

James J. McCormack
815 Interlaken Drive
Libertyville, IL 60048
(847) 367-0604

George Maliekel
c/o Hollister Incorporated
2000 Hollister Drive
Libertyville, Illinois 60048-3781
(847) 680-1000

Thomas Engels
c/o Hollister Incorporated
2000 Hollister Drive
Libertyville, Illinois 60048-3781
(847) 680-1000

Linda Blackwell
c/o Hollister Incorporated
2000 Hollister Drive
Libertyville, Illinois 60048-3781
(847) 680-1000

Peggy A. Brown
c/o Hollister Incorporated
2000 Hollister Drive
Libertyville, Illinois 60048-3781
(847) 680-1000

Lillian A. Brown
P. O. Box 1621
Santa Rosa Beach, FL 32459
(850) 267-3188

Anna E. Clements
c/o Hollister Incorporated
2000 Hollister Drive
Libertyville, Illinois 60048-3781
(847) 680-1000

Bruce W. Vance
325 Cherrywood Road
Buffalo Grove, Illinois 60089
(847) 459-8127

Deborah A. Houser
15168 Forest View Lane
South Holland, IL 60473
(708) 596-2671

Rodger J. Grabowski
Duff & Phelps
311 South Wacker Drive, Suite 4200
Chicago, Illinois 60606
Expert Witness

Robert G. Wallace
Wallace & Associates, Inc.
711 University Avenue
Sacramento, California 95825
916-648-9838
Expert Witness

**Witnesses That Defendants May Elect To Call At Trial**

Alan F. Herbert
c/o Hollister Incorporated
2000 Hollister Drive
Libertyville, Illinois 60048-3781
(847) 680-1000

Michael C. Winn
675 Arbor Drive
Lake Bluff, Illinois 60044
(847) 235-5095

Jerome Saxon, Esq.
c/o Hollister Incorporated
2000 Hollister Drive
Libertyville, Illinois 60048-3781
(847) 680-1000

Richard I. Fremgen
4 Rising Sun Trail
Sherman, Connecticut 06784-2623
(860) 354-5724

Samuel P. Brilliant
c/o Hollister Incorporated
2000 Hollister Drive
Libertyville, Illinois 60048-3781
(847) 680-1000

Lori J. Kelleher
c/o Hollister Incorporated
2000 Hollister Drive
Libertyville, Illinois 60048-3781
(847) 680-1000

Donald K. Groneberg
96 Canyon View Drive
Sheridan, Wyoming 82801
(307) 673-9696

Dian J. Thielitz
c/o Hollister Incorporated
2000 Hollister Drive
Libertyville, Illinois 60048-3781
(847) 680-1000

Charles C. Schellentrager
719 Charlemagne Drive
Northbrook, Illinois 60062
(847) 272-9238

William D. Sauerland
c/o Hollister Incorporated
2000 Hollister Drive
Libertyville, Illinois 60048-3781
(847) 680-1000

Donna J. Matson
3310 Highland Drive
Island lake, Illinois 60042

Nancy Perkovich, Esq.
Perkovich Law Office
3425 American River Dr # A
Sacramento, California 95864
(916) 973-1122

David Ackerman, Esq.
Morgan, Lewis & Bockius LLP
77 West Wacker Drive
Chicago, Illinois 60601-5094
312-324-1000
[Expert Witness]

James P. O'Connor
28501 Seminole Court
Mundelein, Illinois 60060
(847) 566-5643

Peggy Cullen
c/o Deloitte & Touche LLP
111 S. Wacker Drive
Chicago, Illinois 60606-4301
(312) 486-1000

Theresa E. Beetham
7407 Keen Way North
Seattle, Washington 98103

Kathleen J. Ellis
2420 Konvalin Oaks Lane
Sacramento, California 95608
(916) 485-4160

James P. DeFazio
349 Wyndgate Road
Sacramento, California 95864
(916) 972-7129

Brenda J. Dimaro
261 Montego Way
Ponte Vedra Beach, Florida 32082
Phone number unknown

DeLane B. Humphries
70 Village Walk Lane
Ponte Vedra Beach, Florida 32082
(904) 285-1647

Hallie Lavick
3707 Glendale Terrace
Minneapolis, Minnesota 55410
Phone number unknown

Michael L. McNair
205 Oakhurst Drive
North Augusta, South Carolina 29860
(803) 278-1773

Sonya Pace
7690 Hendrix Ave.
Pensacola, FL   32514
Phone number unknown

Judy Seay
1908 Heritage Park Drive
Oklahoma City, OK 73120
Phone number unknown

Nancy Russell Stanton
260 Avenida Vista Montana 24C
San Clemente, California 92372

Cynthia Wirth
309 East Rand Road, #142
Arlington Heights Illinois 60004

**Exhibit "C": Plaintiffs' Exhibits**

1.  The Transition Complete: Mike Winn Retires, Hollister Highlights, Vol. 37, No. 2 (2nd Qtr. 2001) (KE 0287-0307);

2.  Correspondence dated May 28, 1997 from Kathleen Ellis to the Plan Administrator (KE 2689-2690);

3.  Correspondence dated August 19, 1997 from Hollister/HolliShare (KE 2693-2695);

4.  1999 Edition of HolliShare Highlights (H 00409-423);

5.  Excerpt from the 1998 Edition of HolliShare Highlights (H 01984-1985; H 01990);

6.  Correspondence dated February 17, 1999 from Michael Winn, Loretta Stempinski and Richard Zwirner to the Employee-shareholder Beneficiaries of the 1977 Trust, and enclosures 1 through 6 (H 02267- H 02302);

7.  JDS Board Minutes from 1980 to 2007 (H 02422- H 02462);

8.  JDS Articles of Incorporation 1974 Amendment, JDS Articles of Incorporation 1978 Amendment, JDS Articles of Incorporation 1999 Amendment (H 02125-2136; H 02163-2188; RZ 004218-4226);

9.  Hollister Employee Share Ownership Trust and Amendments (H 03073-3369);

10. JDS Stock Transaction Report (H 10844-10907);

11. Arnold & Porter Billing Records (HESOT 00165-228);

12. Arnold & Porter Opinion Letter (April 5, 1999) (HESOT 02912-2965; (HESOT 00096-108; HESOT 04520-4573);

13. Special Report by Deloitte & Touche regarding valuation issues (DT 515-520);

14. Draft Minutes and Final Minutes for HolliShare Trustees (JM 00075-214; MIN 2013-2275);

15. Memorandum dated January 6, 1998 to Richard Zwirner from James McCormack (JM 00305; JM 00318);

16

16.  Memorandum dated December 20, 1997 to James McCormack from J.P. O'Connor (JM 00301-304);

17.  Minutes of the Meeting of HESOT Trustees dated April 14, 1975 (MIN 4415- MIN 4416);

18.  Minutes of the Meeting of HESOT Trustees dated September 9, 1983 (MIN 4699);

19.  Minutes of the Meeting of HESOT Trustees dated February 20, 1974  (MIN 3898- MIN 3899);

20.  Minutes of the Meeting of HESOT Trustees dated January 23, 2001 (MIN 3424);

21.  Minutes of the Meeting of HESOT Trustees dated February 15, 1999  (MIN 3379- MIN 3380);

22.  Minutes of the Meeting of HESOT Trustees dated April 28, 1999 (MIN 2267- MIN 2276);

23.  HESOT Trustees Meeting Agenda dated February 1, 1999 (MIN 2121);

24.  Minutes of the Meeting of HESOT Trustees dated February 1, 1999 (MIN 2103- MIN 2107);

25.  Minutes of the Meeting of HESOT Trustees dated February 15, 1999  (MIN 2056- MIN 2085);

26.  Minutes of the Meeting of HESOT Trustees dated May 8, 1980 (MIN 4618- MIN 4623);

27.  Memorandum to Michael Winn and Loretta Stempinski from Richard Zwirner dated May 24, 1996 (RZ 0000176- 183);

28.  Attorneys Michaels/Kettler memorandum to Richard Zwirner dated October 16, 1996 (RZ 0000187- 193);

29.  Michael Winn memorandum on Conclusion of Schneider 1977 Trust (RZ 0000287- 292);

30.  Conference Call Minutes dated December 2, 1997 (RZ 0000358);

31. Correspondence/diagram prepared by Michael Winn in 1997 (RZ 0000356);

32. Attorney Kettler memorandum to Michaels dated July 29, 1996 regarding Hollister Incorporated — Planning for 2001 (RZ 0000515-518);

33. SRZ Team Views dated December 30, 1998 regarding the Proposed New Trust (RZ 0000641-659);

34. Michael Winn's draft of special edition of HolliShare Highlights dated May 10, 1999 (RZ 0000831-835; RZ 0000843-844);

35. Attorney Kettler memorandum to Richard Zwirner dated May 14, 1999 regarding statute of limitations (RZ 0000887-888);

36. Richard Zwirner's draft of special edition of HolliShare Highlights dated May 17, 1999 (RZ 0000905-909; RZ 000918-919);

37. Discussion of FESOT and HESOT inclusion (RZ 0001908-1916);

38. Outline on tax treatment of Preferred Share Trust (RZ 0004033-4051);

39. Attorney Kettler memorandum to Richard Zwirner as follow-up to January 27, 1999 Presentation (RZ 0004499-4501);

40. Undated memos listing principles of HolliShare and ERISA (RZ 0004516-4519);

41. Analysis of Proposed Amendments to the Restated Articles of Incorporation of The Firm of JDS, Inc. (RZ 0004770-4840);

42. Trustees' Analysis of the Proposal (RZ 0004841-4859);

43. Richard Zwirner memorandum to attorney Richard E. Michaels, dated November 29, 1997 (RZ 0005177-5178);

44. Calculations applying First Union appraisal to JDS common shares owned by Michael Winn (RZ 0005235-5236);

45. ABN-AMRO Report provided to James J. McCormack dated July 1998 (RZ 0005508-5537);

46. Income Statement and Balance Sheet for the Firm of JDS, Inc. and Subsidiaries (RZ 0005538-5557);

47. Capitalization Report dated July 30, 1998 (RZ 0005736-5742);

48. Schuyler, Roche & Zwirner Profit Sharing Form 5500 dated October 15, 2007;

49. Annual Return/report of Employee Benefit Plan Form 5500 for year 2000;

50. Hollister Articles of Incorporation dated January 20, 1959;

51. Notice of April 30, 1999 Annual Meeting of the Shareholders of JDS;

52. Compendium of the deliberations of the HolliShare Trustees culminating in the vote of HolliShare's JDS common shares at the JDS April 30, 1999 Annual Shareholders Meeting;

53. Documents produced by Kathleen Ellis (bates-stamped KE 0001-KE 2875);

54. Documents produced by Hollister, Inc. (bates-stamped H 00407-H 22638);

55. Documents produced by Hollister, Inc. (bates-stamped H 14435 A-H 18679 A);

56. Documents produced by Richard Zwirner (bates-stamped RZ 0000001- RZ 007311);

57. Documents produced by James McCormack (bates-stamped JM 00001- JM 00393);

58. Documents produced by James Karlovsky (bates-stamped K 00001- K 01229);

59. Corporate and Trustee Minutes produced by Defendants (bates-stamped MIN 00001- MIN 04994);

19

60. Sacramento County Superior Court Family Law Division Order dated January 23, 2002 regarding disbursement of funds;

61. 1998 JDS and Hollister Board Minutes produced by Defendants (not bates-stamped);

62. Documents produced by Department of Labor in response to Freedom of Information Act;

63. Documents produced by Arnold & Porter (bates-stamped HESOT 0001-5123);

64. Documents produced by Skadden Arps, et al. (bates-stamped SASMF 0001-2658);

65. Expert Witness Report and rebuttal report prepared by John Korschot of Stern Brothers Valuation Advisors;

66. Expert Witness Report prepared by Kevin Long of Chang, Ruthenberg & Long;

67. Expert Witness Report and rebuttal report prepared by Dr. Shannon Pratt of Shannon Pratt Valuations; and

68. Expert Witness Report and rebuttal report prepared by Karen Handorf of Cohen, Milstein, Sellers & Toll, PLLC.

**Exhibit "D": Defendants' Exhibits**

1.  Hollister Employee Share Ownership Trust ("HolliShare"), a tax-qualified profit sharing plan, effective February 27, 2002 (H01360-H01417)

2.  HolliShare Trust, dated December 26, 1973 (HO3073-HO3115)

3.  HolliShare Trust Amendment and Restatement, dated January 1, 1976 (HO3116-HO3160)

4.  First Amendment to the HolliShare Trust dated December 5, 1977 (HO3161-HO3164)

5.  Second Amendment to the HolliShare Trust dated June 29, 1979 (HO3165-HO3166)

6.  Third Amendment to the HolliShare Trust dated August 22, 1983 (HO3167-HO3170)

7.  Fourth Amendment to the HolliShare Trust dated August 22, 1983 (HO3171-HO3173)

8.  Fifth Amendment to the HolliShare Trust dated October 24, 1985  (HO3174)

9.  Sixth Amendment to the HolliShare Trust dated November 4, 1985  (HO3175-HO3200)

10. Seventh Amendment to the HolliShare Trust dated June 26, 1987  (HO3201-HO3212)

11. Eighth Amendment to the HolliShare Trust dated December 22, 1989 (HO3213-HO3217)

12. Restatement of HolliShare Trust dated December 28, 1994, effective as of January 1, 1989 (HO3218-HO3278)

13. First Amendment to the January 1, 1989 Restated HolliShare Trust, dated December 23, 1996 (HO3279-HO3296)

14. Second Amendment to the January 1, 1989 Restated HolliShare Trust, dated January 28, 1999 (HO3297-HO3309)

15. Restatement of HolliShare Trust effective January 1, 1997 (HO3310-HO3369)

16.    Summary Plan Description – Issued June 1, 1990 (H03370–H03421)

17.    Summary Plan Description – Issued January 1, 1993 (H03422–H03473)

18.    Summary Plan Description – Issued January 1, 1994 (H03474–H03527)

19.    Summary Plan Description – Issued January 1, 1995 (H03528–H03577)

20.    Summary Plan Description – Issued January 1, 1998 (H03578–H03628)

21.    Summary Plan Description – Issued January 1, 2003 (H03629–H03679)

22.    Summary Plan Description – Issued January 1, 2006 (H03680–H03780)

23.    IRS Determination letter regarding HolliShare dated December 20, 1973 (H02499– H02507)

24.    IRS Determination letter regarding HolliShare dated March 13, 1974 (H02514–H02517)

25.    IRS Determination letter regarding HolliShare dated August 11, 1976 (H02600–H02603)

26.    IRS Determination letter regarding HolliShare dated November 18, 1977 (H02605–H02606)

27.    IRS Determination letter regarding HolliShare dated September 18, 1979 (H02625–H02630)

28.    IRS Determination letter regarding HolliShare dated June 26, 1986 (H02733–H02734)

29.    IRS Determination letter regarding HolliShare dated December 9, 1987 (H02743–H02747)

30.    IRS Determination letter regarding HolliShare dated September 11, 1995 (H02801–H02802)

31.  IRS Determination letter regarding HolliShare dated October 28, 2002 (H02807-H02808)

32.  February 6, 1984 letter from Carol Petersen to Anna Lucas of the IRS (H02646-H02650; or H02664-H02668)

33.  The original JDS By-Laws (H22647-H22658)

34.  Amendments to the JDS By-Laws (H22075-H22140)

35.  1956 JDS Articles of Incorporation, dated October 11, 1956 (H22150-H22154)

36.  1966 JDS Articles of Incorporation, dated November 17, 1966 (H22142-H22149)

37.  1972 JDS Articles of Incorporation, dated January 5, 1972 (H01639-H01650)

38.  1974 JDS Articles of Incorporation, dated May 6, 1974 (H02125-H02136)

39.  Restated Articles of Incorporation of The Firm of John Dickinson Schneider, Inc., dated May 25, 1978 (H02137-H02162)

40.  Amendment to JDS Restated Articles of Incorporation, dated November 21, 1980 (H02189-H02193)

41.  Amendment to JDS Restated Articles of Incorporation, dated August 3, 1988 (H02194-H02194, and Dkt. No. 486-5, Pages 55-56, filed April 30, 2009)

42.  Amendment to JDS Restated Articles of Incorporation dated August 13, 1984 (H02195-H02202)

43.  Amendment to the JDS Restated Articles of Incorporation dated March 19, 1999 (Dkt. 486-5, Pages 41-47)

44.  Amendment to the JDS Restated Articles of Incorporation dated June 14, 1999 (Dkt. 15-3, Pages 48-54)

45.  Exemplar of a certificate for JDS Common Shares (MIN 04264)

46. Table reflecting JDS shares outstanding (preferred shares, common shares and common shares owned by HolliShare) – 1974 to 2006 (derived from ¶14 of the Declaration of Richard T. Zwirner in Support of Defendants' Motions for Summary Adjudication, Dkt. 494, filed April 30, 2009)

47. JDS Financial Statements for the fiscal year ended December 31, 1967  (H21738 – H21742)

48. JDS Financial Statements for the fiscal year ended December 31, 1968 (H21730–H21737)

49. JDS Financial Statements for the fiscal year ended December 31, 1969 (H21724–H21729)

50. JDS Financial Statements for the fiscal year ended December 31, 1970 (H21717 – H21723)

51. JDS Financial Statements for the fiscal years ended December 31, 1971 and 1970 (H21709–H21716)

52. JDS Financial Statements for the fiscal years ended December 31, 1972 and 1971 (H21755–H21764)

53. JDS Financial Statements for the fiscal years ended December 31, 1973 and 1972 (H21744 – H21754)

54. JDS Financial Statements for the fiscal years ended December 31, 1974 and 1973 (H21744 - H21754)

55. JDS Financial Statements for the fiscal years ended December 31, 1975 and 1974 (H21776 - H21786)

56. JDS Financial Statements for the fiscal years ended December 31, 1976 and 1975 (H21765 - H21775)

57. JDS Financial Statements for the fiscal years ended December 31, 1977 and 1976 (H21687 – H21697)

58. JDS Financial Statements for the fiscal years ended December 31, 1978 and 1977 (H21676–H21686)

59. JDS Financial Statements for the fiscal years ended December 31, 1979 and 1978 (H21665–H21675)

60. JDS Financial Statements for the fiscal years ended December 31, 1991 and 1990 (H02834–H02849]

24

61. JDS Financial Statements for the fiscal years ended December 31, 1992 and 1991 (H02850-H02866)

62. JDS Financial Statements for the fiscal years ended December 31, 1994 and 1993 (H02867-H02882)

63. JDS Financial Statements for the fiscal years ended December 31, 1996 and 1995 (H02883-H02891)

64. JDS Financial Statements for the fiscal years ended December 31, 1997 and 1996 (H02892-H02908)

65. JDS Financial Statements for the fiscal years ended December 31, 1999 and 1998 (H02909-H02928)

66. JDS Financial Statements for the fiscal years ended December 31, 2000 and 2001 (H02929-H02947)

67. JDS Financial Statements for the fiscal years ended December 31, 2002 and 2001 (H02948-H02969)

68. JDS Financial Statements for the fiscal years ended December 31, 2003 and 2002 (H02970-H02991)

69. JDS Financial Statements for the fiscal years ended December 31, 2004 and 2003 (H02992-H03015)

70. JDS Financial Statements for the fiscal years ended December 31, 2005 and 2004 (H03016-H03043)

71. JDS Financial Statements for the fiscal years ended December 31, 2006 and 2005 (H03044-H03072)

72. JDS Financial Statements for the fiscal years ended December 31, 2007 and 2006 (H13168-H13200)

73. JDS Financial Statements for the fiscal years ended December 31, 2008 and 2007 (H22155-H22189)

74. Hollister Employee Share Ownership Trust Financial Statement for the Years Ended December 31, 1991 and 1990 (H11019-H11030)

25

75.   HolliShare Financial Statements for Years Ended December 31, 1992 and 1991 (included supplemental schedules for year ended December 31, 1992 and Independent Auditors Report) (H19082 – H19093)

76.   HolliShare Financial Statements for Years Ended December 31, 1993 and 1992 (included supplemental schedules for year ended December 31, 1993 and Independent Auditors Report) (H19072 – H19081)

77.   HolliShare Financial Statement for Years Ended December 31, 1994 and 1993 (H14280-H14290)

78.   HolliShare Financial Statement for Years Ended December 31, 1995 and 1994 (H14291-H14301)

79.   HolliShare Financial Statement for Years Ended December 31, 1996 and 1995 (H14302-H14312)

80.   HolliShare Financial Statements for Year Ended December 31, 1996 and 1995 (included supplemental schedules for year ended December 31, 1996 and Independent Auditors Report) (H14302-H14312)

81.   HolliShare Financial Statements for Years Ended December 31, 1997 and 1996 (included supplemental schedules for year ended December 31, 1997 and Independent Auditors Report) (H14426 – H14434)

82.   HolliShare Financial Statements for Year Ended December 31, 1998 and 1997 (included supplemental schedules for year ended December 31, 1998 and Independent Auditors Report) (H14417 – H14425)

83.   HolliShare Financial Statements for Years Ended December 31, 1999 and 1998 (included supplemental schedules for year ended December 31, 1999 and Independent Auditors Report) (H14408 – H14416)

84.   HolliShare Financial Statements for Years Ended December 31, 2000 and 1999 (included supplemental schedules for year ended December 31, 2000 and Independent Auditors Report) (H14399 – H14407)

26

85.  HolliShare Financial Statements for Years Ended December 31, 2001 and 2000 (included supplemental schedules for year ended December 31, 2001 and Independent Auditors Report) (H14890 – H14398)

86.  HolliShare Financial Statements for Years Ended December 31, 2002 and 2001 (included supplemental schedules for year ended December 31, 2002 and Independent Auditors Report) (H14380 – H14389)

87.  HolliShare Financial Statements for Years Ended December 31, 2003 and 2002 (included supplemental schedules for year ended December 31, 2003 and Independent Auditors Report) (H14370 – H14379)

88.  HolliShare Financial Statements for Years Ended December 31, 2004 and 2003 (included supplemental schedules for the year ended December 31, 2004 and Independent Auditors Report) (H14356 – H14369)

89.  HolliShare Financial Statements for Years Ended December 31, 2005 and 2004 (including supplemental schedules for the year ended December 31, 2005 Independent Auditors Report) (H14338 – H14355)

90.  HolliShare Financial Statements for Years Ended December 31, 2006 and 2005 (including supplemental schedules for year ended December 31, 2006 and Independent Auditors Report) (H14264-H14279)

91.  Sales and Redemptions by JDS of JDS Common Shares – 1990 through 2007 (H10844- H10907)

92.  April 15, 1998 letter from Jean Bracken of the U.S. Department of Labor to Dian Thielitz (1833-1839)

93.  Investigation Report by the Department of Labor, 1998, acquired through the Freedom of Information Act

94.  June 9, 2001 letter from Kenneth Bazar of the Department of Labor to James McCormack (1840)

95.  A May 21, 2009 letter from Dian J. Thielitz to a recently-retired production line worker at Hollister's Stuarts Draft, Virginia plant, reflecting that person's final HolliShare account balance (redacted to expunge identifying information) (H22205-H22209)

27

96.   A June 9, 2009 letter from Bruce W. (Bud) Vance, a retired Hollister employee, to Sheila Johnson of Hollister, thanking Hollister for enabling him to enjoy a comfortable retirement (H22210)

97.   The original HolliShare Financial Statements for fiscal years ended December 31, 1990 and 1989 with qualified opinion, from Deloitte & Touche rejecting the use of book value, dated March 23, 1991 (H22245-H22256)

98.   The original HolliShare Financial Statements for fiscal years ended December 31, 1991 and 1990 with qualified opinion, from Deloitte & Touche rejecting the use of book value, dated March 23, 1992 (H22275- H22284)

99.   HolliShare Form 5500 for 1991, as originally filed on August 5, 1992 (H22211- H22223)

100.  A letter from the Department of Labor rejecting Hollister's From 5500, Dated March 4, 1993 (H22296- H22298)

101.  A fax to Robert A. Michalak from Marcus Aron at the Department of Labor, regarding presentation of participant loans, dated May 24, 1993 (H22273- H22274)

102.  The revised HolliShare Financial Statements for fiscal years ended December 31, 1990 and 1989 with unqualified opinion, from Deloitte & Touche accepting the use of book value, dated May 25, 1993 (H22224- H22234)

103.  The Revised HolliShare Financial Statements for fiscal years ended December 31, 1991 and 1990 with unqualified opinion, from Deloitte & Touche accepting the use of book value, dated May 25, 1993 (H22224- H22234)

104.  A letter to the Department of Labor from Hollister Re: Notice of Rejection of the HESOT Annual Report, Includes Amended Form 5500, with Schedule of Loans to Participants, dated June 10, 1993 (H22257- H22262)

105.  A letter to Hollister from the Department of Labor withdrawing previous rejection letter, dated June 15, 1993 (H22299- H22303)

106.  Statement of the December 31, 2008 balance of the HolliShare account of Linda Blackwell (H22304)

107. Statement of the December 31, 2008 balance of the HolliShare account of Peggy Brown (H22305)

108. Statement of the December 31, 2008 balance of the HolliShare account balance of Anna E. Clements (H22306)

109. Statement of the December 31, 2008 balance of the HolliShare account balance of Thomas Engels (H22307)

110. Statement of the final account balance of the HolliShare account of Lillian A. Brown (H22308)

111. HolliShare account statements and other documents related to growth of the balance of Lillian A. Brown's HolliShare account (H22311-H22338)

112. Statement of the final balance of the HolliShare account of Deborah A. Houser (H22309)

113. Statement of the final balance of the HolliShare account of Bruce W. (Bud) Vance (H22310)

114. Final statement of the HolliShare account balance of plaintiff Teresa Beetham (H02210)

115. IRS Form 1099 reflecting the distribution of the HolliShare account balance to plaintiff Teresa Beetham (H02211)

116. Final statement of the HolliShare account balance of plaintiff Brenda Dimaro (Exhibit 7, Deposition of Brenda Joan Dimaro, Taken March 9, 2009)

117. Summary of the history of the balance of the HolliShare account of plaintiff Brenda Dimaro (H01636)

118. Summary of the history of the balance of the HolliShare account of Donna Matson

119. Final statement of the HolliShare account balance of plaintiff Kathleen Ellis
I don't think we have this, it's not in summation, and was not used at her deposition.  The latest statement I can find is for 2000

120. IRS Form 1099 reflecting the distribution of the HolliShare account balance to plaintiff Kathleen Ellis (ELL-POD 01634)

121. Summary of the history of the balance of the HolliShare account of plaintiff Kathleen Ellis (H01632-H01634)

122. Final statement of the HolliShare account balance of plaintiff DeLane B. Humphries (H02212)

123. IRS Form 1099, reflecting the distribution to DeLane B. Humphries of the balance of her HolliShare account (H02213)

124. Final Statement of the HolliShare account balance of plaintiff Hallie Lavick (copy provided to plaintiffs' counsel under cover of November 22, 2006 letter)

125. Summary of the history of the balance of the HolliShare account of plaintiff Hallie Lavick (H01635)

126. Final Statement of the HolliShare account balance of plaintiff Michael McNair (Exhibit 6, Deposition of Michael Lloyd McNair, Taken March 11, 2009)

127. IRS Form 1099, reflecting the distribution to Michael McNair of the balance of his HolliShare account (Exhibit 7, Deposition of Michael Lloyd McNair, Taken March 11, 2009)

128. Final Statement of the HolliShare account balance of plaintiff Sonya Pace (H02214)

129. IRS Form 1099, reflecting the distribution to Sonya Pace of the balance of her HolliShare account (H02215)

130. Final Statement of the HolliShare account balance of plaintiff Judy Seay (H02216)

131. IRS Form 1099, reflecting the distribution to Judy Seay of the balance of her HolliShare account (H02217)

132. Final Statement of the HolliShare account balance of plaintiff Nancy Russell Stanton (H02218)

133. IRS Form 1099 reflecting the distribution of the HolliShare account balance to Nancy Russell Stanton (H02219)

134. Final Statement of the HolliShare account balance of plaintiff Cindy Wirth (Exhibit 4, Deposition of Cynthia Wirth, Taken April 17, 2009)

135. IRS Form 1099 reflecting the distribution to Cindy Wirth of the balance of her HolliShare account (copy provided to plaintiffs' counsel under cover of November 22, 2006 letter)

136. Final Statement of the balance of the HolliShare "alternate payee" account of plaintiff James DeFazio (H16937)

137. Estate tax returns of Franklin D. Walker, reflecting the valuation of JDS common shares held at the date of his death at the book value of those shares (H22639-H22646)

138. Estate tax returns of Minnie R. Schneider reflecting the valuation of JDS common shares held at the date of her death at the book value of those shares (RZ 07312-RZ 07317)

139. Photographs of the Hollister office space, sales convention booth and employees in the 1950s and 1960s (H22339-H22341; H22659)

140. The book, *Small is Beautiful,* published in 1973 (H22342-H22638)

141. Table reflecting the annual percentage increase in the year-end book value of JDS common shares, and comparison with market indices (excerpted from Dkt. No. 399, Page 21, filed September 26, 2008)

142. Ex. 123A - John D. Schneider Preferred Share Trust (H02093-H02123)

Ex. 123B – John D. Schneider Preferred Share Trust (H02219-H02254)

Ex. 123C – John D. Schneider Preferred Share Trust (RZ0001101-RZ0001134)

143. Transcript regarding the execution of the 1977 Trust on April 21, 1977 (RZ 07119-RZ 07197)

144. Transcript regarding an amendment to the 1977 Trust made on June 29, 1977 (RZ 07198-RZ 07229)

145. Transcript regarding an amendment to the 1977 Trust made on December 5, 1978 (RZ 07230-RZ 07266)

146. Transcript regarding an amendment to the 1977 Trust made on August 29, 1979 (RZ 07267-RZ 07286)

31

147. Transcript regarding an amendment to the 1977 Trust made on March 7, 1980 (RZ 07287-RZ 07311)

148. The Firm of John Dickinson Schneider, Inc. Preferred Share Trust April 21, 1999 (H02349-H02389, or H10946-H11002, with signatures)

149. John D. and Minnie R. Schneider Charitable Trust (H02255-H02266)

150. Resolution by the JDS Board dated April 6, 1999 reflecting the commitment of JDS to purchase common shares from HolliShare for cash on a rolling three year basis, and attesting to JDS's ability to make the anticipated purchases (RZ 0004866)

151. Resolution by the JDS Board dated December 20, 2002 reflecting the commitment of JDS to purchase common shares from HolliShare for cash on a rolling three year basis, and attesting to JDS's ability to make the anticipated purchases (MIN 00832-MIN 00833)

152. Resolution by the JDS Board dated December 23, 2003 reflecting the commitment of JDS to purchase common shares from HolliShare for cash on a rolling three year basis, and attesting to JDS's ability to make the anticipated purchases (MIN 00939-MIN 00941)

153. Resolution by the JDS Board of Directors dated April 6, 1999 reflecting the commitment of JDS to purchase common shares from HolliShare for cash on a rolling three year basis, and attesting to JDS's ability to make the anticipated purchases all in cash (RZ 0004866)

154. Resolution by the JDS Board of Directors dated December 20, 2002 reflecting the commitment of JDS to purchase common shares from HolliShare for cash on a rolling three year basis, and attesting to JDS's ability to make the anticipated purchases all in cash (MIN 00832-MIN 00833)

155. Resolution by the JDS Board of Directors dated December 23, 2003 reflecting the commitment of JDS to purchase common shares from HolliShare for cash on a rolling three year basis, and attesting to JDS's ability to make the anticipated purchases all in cash (MIN 00939-MIN 00941)

156. Resolution by the JDS Board of Directors dated December 23, 2004 reflecting the commitment of JDS to purchase common shares from HolliShare for cash on a rolling three year basis, and attesting to JDS's ability to make the anticipated purchases all in cash (MIN 00354-MIN 00355)

157. Resolution by the JDS Board of Directors dated December 23, 2005 reflecting the commitment of JDS to purchase common shares from HolliShare for cash on a rolling three year basis, and attesting to JDS's ability to make the anticipated purchases all in cash (MIN 00985-MIN 00987)

158. Notice of April 30, 1999 Annual Meeting of the Shareholders of JDS (Dkt. No. 488, Pages 2-13, filed April 30, 2009)

159. Minutes of the Annual Meeting of JDS Shareholders – April 30, 1999 (H14464-H14466)

160. Second Quarter 1999 Special Edition of *Hollister Highlights* (Dkt. No. 555-6, Pages 2-13, filed June 14, 2009)

161. Summary Annual Report for HolliShare – 1976 (H01651-H01659)

162. *HolliShare Highlights* 1977 (H01660-H01675)

163. *HolliShare Highlights* 1978 (H01676-H01691)

164. *HolliShare Highlights* 1979 (H01692-H01708)

165. *HolliShare Highlights* 1980 (H01709-H01723)

166. *HolliShare Highlights* 1981 (H01724-H01737)

167. *HolliShare Highlights* 1982 (H01739-H01751)

168. *HolliShare Highlights* 1983 (H01752-H01769)

169. *HolliShare Highlights* 1984 (H01770-H01787)

170. *HolliShare Highlights* 1985 (H01788-H01805)

171. *HolliShare Highlights* 1986 (H01806-H01819)

172. *HolliShare Highlights* 1987 (H01820-H01833)

173. *HolliShare Highlights* 1988 (H01834-H01848)

174. *HolliShare Highlights* 1989 (H01849-H01863)

175. *HolliShare Highlights* 1990 (H01864-H01878)

176. *HolliShare Highlights* 1991 (H01879-H01893)

177. *HolliShare Highlights* 1992 (H01894-H01908)

178. *HolliShare Highlights* 1993 (H01909-H01923)

179. *HolliShare Highlights* 1994 (H01924-H01938)

180. *HolliShare Highlights* 1995 (H01939-H01953)

181. *HolliShare Highlights* 1996 (H01954-H01968)

182. *HolliShare Highlights* 1997 (H01969-H01983)

183. *HolliShare Highlights* 1998 (H01984-H01998)

184. *HolliShare Highlights* 1999 (H01999-H02013)

185. *HolliShare Highlights* 2000 (H02014-H02028)

186. *HolliShare Highlights* 2001 (H02029-H02043)

187. *HolliShare Highlights* 2002 (H02044-H02058)

188. *HolliShare Highlights* 2003 (H02059-H02073)

189. *HolliShare Highlights* 2004 (H02074-H02088)

190. *HolliShare Highlights* 2005 (H02819-H02833)

191. *HolliShare Highlights* 2006 (H14312A-H14324A)

192. *HolliShare Highlights* 2007 (H14325-H14337)

193. *HolliShare Highlights* 2008 (H22190-H22204)

194. Memorandum dated April 8, 1999 regarding the establishment of the Corporate Deferred Benefits Committee (MIN02323-26)

34

195. Report of the activity of the Corporate Deferred Benefit Committee – 2000 (MIN00046)

196. Report to the Hollister Board of Directors of the Corporate Deferred Benefit Committee for the 2002 Plan Year (MIN00842-54)

197. Memorandum dated February 23, 2004 to the Board of Directors regarding the Annual Report of the Corporate Deferred Benefits Committee, and the accompanying Annual Report for the 2003 Plan Year (MIN00315-327)

198. Memorandum dated February 22, 2005 to the Hollister Board of Directors regarding the Annual Report of the Corporate Deferred Benefits Committee, and the accompanying Annual Report for the 2004 Plan Year (MIN00677-87)

199. Memorandum dated February 28, 2006 to the Hollister Board of Directors from the Corporate Deferred Benefit Committee regarding the Annual Report to the Board of Directors, and the accompanying Annual Report for the 2005 Plan Year (MIN00991-1006)

200. Memorandum dated February 13, 2007 to the Board of Directors regarding the Annual Report of the Corporate Deferred Benefits Committee, and the accompanying Annual Report for the 2006 Plan Year (MIN01463-81)

201. Hollister Product Catalogue.(H13534-13669

202. DeFazio/Dimaro Plaintiffs' Fifth Amended Complaint  (Dkt. No. 368, filed July 22, 2008) [to be used as necessary for purposes of impeachment or in selected instances as possible admissions]

203. Ellis's Fourth Amended Complaint (Dkt. No. 314, filed January 23, 2008) [to be used as necessary for purposes of impeachment or in selected instances as possible admissions]

204. Beetham's Response to Defendant's Request for Admission of Facts [for impeachment, and/or with respect to those responses specified in Exhibit F to Defendants' Pretrial Statement]

205. Beetham's Responses to Defendants' Interrogatories [for impeachment, and/or with respect to those responses specified in Exhibit F to Defendants' Pretrial Statement]

206. DeFazio's Response to Defendant's Request for Admission of Facts [for impeachment, and/or with respect to those responses specified in Exhibit F to Defendants' Pretrial Statement]

207. DeFazio's Responses to Defendants' Interrogatories [for impeachment, and/or with respect to those responses specified in Exhibit F to Defendants' Pretrial Statement]

208. Dimaro's Response to Defendant's Request for Admission of Facts [for impeachment, and/or with respect to those responses specified in Exhibit F to Defendants' Pretrial Statement]

209. Dimaro's Responses to Defendants' Interrogatories [for impeachment, and/or with respect to those responses specified in Exhibit F to Defendants' Pretrial Statement]

210. Ellis's Response to Defendant's Request for Admission of Facts [for impeachment, and/or with respect to those responses specified in Exhibit F to Defendants' Pretrial Statement]

211. Ellis's Responses to Defendants' Interrogatories [for impeachment, and/or with respect to those responses specified in Exhibit F to Defendants' Pretrial Statement]

212. Humphries' Response to Defendant's Request for Admission of Facts [for impeachment, and/or with respect to those responses specified in Exhibit F to Defendants' Pretrial Statement]

213. Humphries' Responses to Defendants' Interrogatories [for impeachment, and/or with respect to those responses specified in Exhibit F to Defendants' Pretrial Statement]

214. Lavick's Response to Defendant's Request for Admission of Facts [for impeachment, and/or with respect to those responses specified in Exhibit F to Defendants' Pretrial Statement]

215. Lavick's Responses to Defendants' Interrogatories [for impeachment, and/or with respect to those responses specified in Exhibit F to Defendants' Pretrial Statement]

216. McNair's Response to Defendant's Request for Admission of Facts [for impeachment, and/or with respect to those responses specified in Exhibit F to Defendants' Pretrial Statement]

217. McNair's Responses to Defendants' Interrogatories [for impeachment, and/or with respect to those responses specified in Exhibit F to Defendants' Pretrial Statement]

218. Pace's Response to Defendant's Request for Admission of Facts [for impeachment, and/or with respect to those responses specified in Exhibit F to Defendants' Pretrial Statement]

219. Pace's Responses to Defendants' Interrogatories [for impeachment, and/or with respect to those responses specified in Exhibit F to Defendants' Pretrial Statement]

220. Seay's Response to Defendant's Request for Admission of Facts [for impeachment, and/or with respect to those responses specified in Exhibit F to Defendants' Pretrial Statement]

221. Seay's Responses to Defendants' Interrogatories [for impeachment, and/or with respect to those responses specified in Exhibit F to Defendants' Pretrial Statement]

222. Stanton's Response to Defendant's Request for Admission of Facts [for impeachment, and/or with respect to those responses specified in Exhibit F to Defendants' Pretrial Statement]

223. Stanton's Responses to Defendants' Interrogatories [for impeachment, and/or with respect to those responses specified in Exhibit F to Defendants' Pretrial Statement]

224. Wirth's Response to Defendant's Request for Admission of Facts [for impeachment, and/or with respect to those responses specified in Exhibit F to Defendants' Pretrial Statement]

225. Wirth's Responses to Defendants' Interrogatories [for impeachment, and/or with respect to those responses specified in Exhibit F to Defendants' Pretrial Statement]

226. Report by Roger Grabowski and John Levitske of Duff & Phelps dated September 19, 2008 (with corrections, November 25, 2008)

227. Rebuttal Report by Roger Grabowski and John Levitske of Duff & Phelps (Corrected) dated October 17, 2008 (with corrections, November 25, 2008

228. Report of Robert G. Wallace, dated September 19, 2008

229. Report of David Ackerman and Louis L. Joseph, dated March 13, 2009

230. March 1, 1999 Judgment Of Dissolution entered in the proceeding styled *In re Marriage of Petitioner Kathleen J. Ellis and Respondent James P. DeFazio*, Sacramento County Superior Court Case No. 98FL00560 ("the Divorce Proceeding"). (ELL-POD00479 -- ELL-POD00497)

231. Transcript of the August 26, 1999 hearing the Divorce Proceeding (ELL-POD00031 -- ELL-POD00042)

232. February 18, 2000 Qualified Domestic Relations Order in the case entitled *In re Marriage of Petitioner Kathleen J. Ellis and Respondent James P. DeFazio*, Sacramento County Superior Court Case No. 98FL00560. (H00801-H00806, or H00489-H00494, or H00477-H00482, or Document 524-4, Pages 2-6)

233. Judgment on Reserved Issues dated July 27, 2000 (ELL-POD02389 -- ELL-POD02408)

234. December 26, 2000 Qualified Domestic Relations Order. (H01052-H01055)

235. Declaration of Kathleen Ellis dated January 11, 2001, filed in the case entitled *In re Marriage of Petitioner Kathleen J. Ellis and Respondent James P. DeFazio*, Sacramento County Superior Court Case No. 98FL00560 (0782-0786)

236. June 1, 2001 Qualified Domestic Relations Order in the case entitled *In re Marriage of Petitioner Kathleen J. Ellis and Respondent James P. DeFazio,* Sacramento County Superior Court Case No. 98FL00560. (Dkt. No. 372-7, filed August 4, 2008)

237. March 29, 2002 Stipulated Qualified Domestic Relations Order in the case entitled *In re Marriage of Petitioner Kathleen J. Ellis and Respondent James P. DeFazio*, Sacramento County Superior Court Case No. 98FL00560. (H01582-H01587)

238. August 5, 2002 Qualified Domestic Relations Order in the case entitled *In re Marriage of Petitioner Kathleen J. Ellis and Respondent James P. DeFazio*, Sacramento County Superior Court Case No. 98FL00560 (KE00139-KE00141)

239. Declaration of Kathleen Ellis dated August 26, 2002, filed in the case entitled *In re Marriage of Petitioner Kathleen J. Ellis and Respondent James P. DeFazio*, Sacramento County Superior Court Case No. 98FL00560 (1195-1198)

240. "Ruling on Submitted Matter" entered On October 16, 2002 in the case entitled *In re Marriage of Petitioner Kathleen J. Ellis and Respondent James P. DeFazio*, Sacramento County Superior Court Case No. 98FL00560 (ELL-POD-00221)

241. Order Correcting Division Of Retirement Benefits Of Stipulated "Qualified Domestic Relations Order" entered March 29, 2002 entered in the Divorce Proceeding on or about December 18, 2002. (H00983-H00988)

242. April 2, 2003 Qualified Domestic Relations Order in the case entitled *In re Marriage of Petitioner Kathleen J. Ellis and Respondent James P. DeFazio*, Sacramento County Superior Court Case No. 98FL00560. (H01483-H01488)

243. The "Qualified Domestic Relations Order" entered in the Divorce Proceeding on or about May 4, 2004. (ELL-POD 01003 -- ELL-POD 01006)

244. The Complaint filed by DeFazio on May 13, 2004 in Case No. CIV.S-04-0934 LKK PAN, United States District Court for the Eastern District of California. (H00840-H00841)

245. The Motion For Leave Of Court To Intervene For Interpleader Purposes filed by Hollister in the Divorce Proceeding on or about June 18, 2004. (Dkt. No. 530-3, Pages 2-13, filed May 26, 2009)

246. Declaration of James M. Crawford, Jr., ERISA Counsel, filed in the Divorce Proceeding on or about June 30, 2004 (ELL-POD 00979 -- ELL-POD 00983)

39

247. June 30, 2004 Qualified Domestic Relations Order in the case entitled *In re Marriage of Petitioner Kathleen J. Ellis and Respondent James P. DeFazio,* Sacramento County Superior Court Case No. 98FL00560 (H00819-H00825)

248. Declaration of Kathleen Ellis dated July 12, 2004, filed in the case entitled *In re Marriage of Petitioner Kathleen J. Ellis and Respondent James P. DeFazio,* Sacramento County Superior Court Case No. 98FL00560.  (1811-1814)

249. July 20, 2004 Order Granting Leave To Intervene For Interpleader Purposes entered in the Divorce Proceeding (Bates 1963-1964)

250. The Findings And Order After Hearing entered in the Divorce Proceeding on or about November 4, 2004 (Bates 1960-1961)

251. The Order To Show Cause And Affidavit For Contempt entered in the Divorce Proceeding on or about October 11, 2005. (ELL-POD 00618 -- ELL-POD 00624)

252. The Stipulation and Order entered in the Divorce Proceeding on or about November 9, 2005. (ELL-POD 00612 -- ELL-POD 00613)

253. November 9, 2005 Qualified Domestic Relations Order in the case entitled *In re Marriage of Petitioner Kathleen J. Ellis and Respondent James P. DeFazio,* Sacramento County Superior Court Case No. 98FL00560 (H00945-H00953)

254. "Domestic Relations Order for Payment of Child Support Arrearages January 1, 2006 Through December 31, 2007" entered in the Divorce Proceeding on or about December 13, 2007. (Dkt. No. 526, Pages 2-6, filed May 26, 2009)

255. Notice of Motion and Motion filed by Hollister in the Divorce Proceeding on or about January 18, 2008. (Dkt. No. 526-1, Pages 2-12, filed May 26, 2009)

256. The Findings and Order entered in the Divorce Proceeding on or about April 23, 2008. (Dkt. No. 526-3, Pages 2-4, filed May 26, 2009)

257. October 8, 2008 letter from Dian Thielitz to James DeFazio

258. October 8, 2008 letter from Dian Thielitz to Kathleen Ellis

259. May 15, 2009 letter from Dian Thielitz to James DeFazio, notifying DeFazio of the distribution of the balance of his HolliShare alternate payee account (copy provided to plaintiffs' counsel under cover of May 19, 2009 e-mail)

260. May 15, 2009 letter from Dian Thielitz to Kathleen Ellis, notifying Ellis of the distribution of the balance of DeFazio's HolliShare alternate payee account (copy provided to plaintiffs' counsel under cover of May 19, 2009 e-mail)

261. May 15, 2009 letter from Dian Thielitz to US Bank (Campus Commons Branch), transmitting the check representing the balance of DeFazio's "alternate payee" account and a form to effectuate the rollover of that account balance into a traditional IRA account for DeFazio (copy provided to plaintiffs' counsel under cover of May 19, 2009 e-mail)

262. California Department of Accountancy notice regarding the suspension of James DeFazio's license to practice accountancy

263. IRS Bulletin 2002-37, September 16, 2002, reflecting the suspension of James DeFazio's ability to practice accountancy before the IRS

264. Chart and/or graph reflecting a comparison of the appreciation in the book value of JDS common shares in relation to various market indices

265. Charts and/or graphs reflecting the growth in the HolliShare accounts of some or all of the plaintiffs